UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLIFFORD F. TUTTLE, JR., et al. | § | |
| | § | |
| Consolidated with | § | |
| | § | |
| JOHN NICHOLAS, et al. | § | CIVIL ACTION NO. 4:21-cv-00270 |
| | § | |
| *Plaintiffs*, | § | (JURY DEMANDED) |
| | § | |
| vs. | § | |
| | § | |
| CITY OF HOUSTON, et al. | § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANT STEVEN BRYANT'S OPPOSED MOTION TO STAY

Defendant Steven Bryant ("Mr. Bryant") files *Defendant Steven Bryant's Opposed Motion to Stay* and in support thereof, would respectfully show the Court as follows:

### I.    BACKGROUND

1.     Plaintiffs Clifford F. Tuttle, Jr., Robert Tuttle, and Ryan Tuttle (hereinafter "Tuttle Plaintiffs") have sued the City of Houston and thirteen individual current or former Houston Police Department officers, including Steven Bryant, for alleged Civil Rights violations arising out of the service of a search warrant on January 28, 2019 at 7815 Harding Street, Houston. Texas.

2.     In Plaintiff's Complaint [Dkt. #1], the Tuttle Plaintiffs plead that, "[t]o date, nine of the eleven Squad 15 members who served the no-knock search warrant at 7815 Harding Street have been charged with felony crimes for their criminal conduct during the raid and during the months and years preceding it. These crimes include murder, deprivation of constitutional rights, tampering with governmental documents, obstruction of justice, theft by public servant, and engaging in organized crime." [Dkt. #1, ¶ 86].

3.     Plaintiffs John Nicholas and Jo Ann Nicholas (hereinafter "Nicholas Plaintiffs")

have sued the City of Houston and thirteen individual current or former Houston Police Department officers, including Mr. Bryant, for alleged Civil Rights violations arising out of the service of a search warrant on January 28, 2019, at 7815 Harding Street, Houston. Texas.

4.      In Plaintiffs' Complaint [Dkt. #1 in 4:21-cv-00272], the Nicholas Plaintiffs plead, "[i]n 2019 and 2020, the State of Texas and the Department of Justice brought charges – ranging from murder and civil rights violations to overtime theft and tampering with evidence – against twelve HPD officers connected to Squad 15, including Goines, Gallegos, Bryant, Reyna, Pardo, Ashraf, Lovings, Wood, Medina, Griff Maxwell (a K-9 officer who commonly worked with Squad 15) and Hodgie Armstrong (Goines's former partner). These charges have stemmed from the investigation of the January 28, 2019 raid and murder of Nicholas and Tuttle." [Dkt. #1 in 4:21-cv-00272, ¶ 2].[1]

5.      It is a matter of public record that Defendant Steven Bryant is currently under criminal indictment for charges related to the allegations made the basis of the Plaintiffs' complaints in *United States of America v. Steven O. Bryant, et al.*, Criminal No. 19-CR-832, in the United States District Court for the Southern District of Texas, Houston Division and in the *State of Texas vs. Steven O. Bryant*, Cause Nos. 1643521, 1680895, 1680882, and 1680881 in the 228th District Court of Harris County, Texas.

6.      In the interest of justice, Mr. Bryant respectfully requests that this Court stay all proceedings pending resolution of the parallel criminal indictments against him.

---

[1] Although there are separate and distinct issues regarding each defendant's alleged conduct in the service of the warrant, the issues concerning whether a stay is appropriate are largely the same. In order to save attorney fees and to conserve judicial resources, Mr. Bryant has adopted certain portions of the well-reasoned arguments set out in Defendant Felipe Gallegos's Rule 12(b)(6) Motion to Dismiss and Alternatively, Opposed Motion to Stay [Dkt. #11], and incorporates them into his motion.

## II.    ARGUMENTS AND AUTHORITIES

7.    This Court has the discretionary authority to stay a civil case pending the resolution of a parallel criminal proceeding when the interests of justice so require. *Alcala v. Tex. Webb County*, 625 F. Supp. 2d 391, 396 (S.D. Tex. 2009) (citing *Dominguez v. Hartford Fin. Servs. Group, Inc.*, 530 F.Supp.2d 902, 905 (S.D. Tex. 2008)). If a criminal indictment is returned against a civil defendant, a court should strongly consider staying the civil proceedings until the related criminal proceedings are resolved. *Whitney Nat. Bank v. Air Ambulance ex rel. B & C Flight Mgmt., Inc.*, CIV.A. H-04-2220, 2007 WL 1468417, at *3 (S.D. Tex. May 18, 2007). Courts consider the following factors in determining whether special circumstances warrant a stay: (1) the extent to which the issues in the criminal case overlap with the issues presented in the civil case; (2) the status of the case, including whether the criminal defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to plaintiff caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *Dominguez*, 530 F. Supp. 2d at 905 (S.D. Tex. 2008).

8.    The similarity of issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay. *Id.* at 906-07. The strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil action involving the same matter. *Whitney Nat. Bank*, 2007 WL 1468417, at *2; *Librado v. M.S. Carriers, Inc.*, CIV.A. 3:02-CV-2095D, 2002 WL 31495988, at *2 (N.D. Tex. Nov. 5, 2002) ("A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements

3

is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations."). When evaluating this factor, courts should consider whether, by allowing the civil case to continue, the defendant can effectively defend the civil lawsuit without being pressured into waiving his Fifth Amendment rights. *Reed-Veal v. Encina*, CV H-15-2232, 2016 WL 6915963, at *2 (S.D. Tex. Apr. 21, 2016). In determining whether issues are related, courts impose a common-sense, fact-bound analysis. *Id.*

9.      It should be undisputed that there is substantial overlap between Plaintiffs' civil claims against Mr. Bryant and the factual allegations underlying Mr. Bryant's federal and state indictments.

10.      The Tuttle Plaintiffs plead:

10.1.    On November 20, 2019, the United States Attorney's Office announced a federal indictment against Bryant for obstruction of justice for falsifying documents in connection with the Harding Street raid.  [Dkt. #1, ¶ 80].

10.2.    On January 8, 2020, a Harris County grand jury indicted Bryant for felony tampering with a governmental record in connection with the Harding Street raid. [Dkt. #1, ¶ 80].

10.3.    On July 2, 2020, the Harris County District Attorney announced new felony criminal charges against Bryant for tampering with governmental documents and one count of theft by public servant. [Dkt. #1, ¶ 84].

11.      The Nicholas Plaintiffs plead:

11.1.    Mr. Bryant was charged with either tampering with evidence or other crimes related to the illegal searches. [Dkt. #1 in 4:21-cv-00272, ¶ 39].

11.2.   On August 23, 2019, Harris County District Attorney charged Defendant Bryant with tampering with a government document. [Dkt. #1 in 4:21-cv-00272, ¶ 79].

11.3.   On November 20, 2019, a federal grand jury charged Mr. Bryant with civil rights violations, falsifying records, and lying about use of confidential informants. [Dkt. #1 in 4:21-cv-00272, ¶ 80].

11.4.   Harris County District Attorney charged Mr. Bryant with two charges of tampering with confidential informant forms which contain details of money allegedly given to informants for services or buying drugs, and one charge of theft by a public servant. [Dkt. #1 in 4:21-cv-00272, ¶ 83].

12.   Because of the pending criminal matters, Mr. Bryant's ability to effectively defend this litigation will implicate his Fifth Amendment rights.  As it stands, Mr. Bryant has had to assert his Fifth Amendment rights to the vast majority of the allegations against him in his answers to the Plaintiffs' complaints.  By exercising his constitutional rights, Mr. Bryant will be severely hampered in the defense of this civil lawsuit, and ultimately, a juror could potentially be apprised of that fact, and be permitted to draw negative inferences from his exercise of his rights. *Hinojosa v. Butler*, 547 F.3d 285, 291–92 (5th Cir. 2008) (recognizing that a jury may be permitted to hear evidence and draw inference from invocation of Fifth Amendment, but that admission or exclusion of such evidence rests within the sound discretion of the trial court).

1.   Mr. Bryant respectfully requests that the Court stay all proceedings in this matter until 21 days after the final resolution of his parallel criminal proceedings.

### III.   PRAYER

For the foregoing reasons, Mr. Bryant requests that this Court stay all proceedings pending

resolution of the parallel criminal indictment against him and grant all other relief to which Mr.

Bryant is entitled.

Respectfully Submitted,

DAVID A. NACHTIGALL, ATTORNEY AT LAW, PLLC

/s/ David A. Nachtigall
David A. Nachtigall
Federal Bar No. 1358606
State Bar No. 24049076
George A. Nachtigall,
*Of Counsel*
Federal Bar No. 1721
State Bar No. 1774500
1545 Heights Blvd.
Houston, Texas 77008
Tel 713.229.0008
Fax 713.650.1602
david@dntriallaw.com

*Attorneys for Defendant,*
*Steven Bryant*

## **CERTIFICATE OF CONFERENCE**

I certify that I have conferred with counsel for all plaintiffs prior to the filing of this motion, and they are opposed to the relief requested in this motion.

/s/ David A. Nachtigall

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served on all counsel of record on this the 7th day of April, 2021 via CM/ECF, pursuant to the Federal Rules of Civil Procedure.

/s/ David A. Nachtigall