UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CLIFFORD F. TUTTLE JR., *et al*, § § §<br>Plaintiffs, §<br>VS. §<br>§<br>CITY OF HOUSTON, *et al*, §<br>§<br>Defendants. § | CIVIL ACTION NO. 4:21-CV-270 |

## AMENDED ORDER

Before the Court are Defendants' Motions to Stay (Docs. #11, #21, #23, #24, #25, #26, #34, #43, Doc. #52, Doc. #57, #62, #93, #94, #96, #97, #98, and #99); Defendants' Motions to Dismiss Plaintiffs' First Amended Complaints (Docs. #93, #94, #96, #97, #98, and #99); Plaintiffs' Responses to the Motions to Stay (Doc. #110 and Doc. #111); Defendants' Reply (Doc. #113); Defendants' Notice of Conferral (Doc. #114); Plaintiffs' Joint Supplemental Response (Doc. #115); the July 1, 2021 Order regarding Defendants' Motions to Stay (Doc. #119); Defendants' Letters Requesting Clarification of that Order (Docs. #122, #123, and #125); and Plaintiffs' Response to Defendants' Letters (Doc. #126).

Relevant here, Defendants have requested to stay this civil action pending the resolution of the criminal proceedings against Defendants Gerald Goines, Steven Bryant, Clemente Reyna, Thomas Wood, Oscar Pardo, Cedell Lovings, Nadeem Ashraf, Frank Medina, Robert Gonzalez, and Felipe Gallegos (collectively the "Indicted Defendants"). Defendants Marsha Todd, Eric Sepolio, and Manuel Salazar have not been indicted, though Defendants allege that the Harris County District Attorney's Office "is actively investigating" Sepolio and Salazar. Doc. #124. Initially, the Court reserved its ruling on Defendants' Motions to Stay, instead ordering the parties to confer as to a narrowly tailored stay to preserve the Indicted Defendants' Fifth Amendment right

against self-incrimination. Here, the Court finds that the parties have since conferred but are unable to reach an agreement. Furthermore, having considered the parties' written and oral arguments, and for the reasons expressed in the Court's June 9, 2021 Order denying the Motion to Stay filed by the Harris County District Attorney (Doc. #107), which are incorporated herein, the Court exercises its discretionary authority to issue a partial stay of this case. In doing so, the Court determines that a partial stay protects the Indicted Defendants' right to assert their Fifth Amendment privileges in the ongoing criminal prosecutions, while also balancing Plaintiffs' interest in obtaining and preserving evidence, along with the public's interest in seeing a just and an efficient resolution of this case.

Moreover, Defendants Reyna, Gonzalez, Gallegos, Todd, Ashraf, Lovings, Medina, Pardo, Wood, Salazar, and Sepolio have moved to dismiss Plaintiffs' claims against them based on qualified immunity. When ascertaining the availability of a qualified immunity defense requires further factual development, the Fifth Circuit has established a two-step procedure under which the court may defer its ruling on that defense. *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). First, the court must find "that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Id.* (quoting *Wicks v. Miss. State Emp. Servs.*, 41 F.3d 991, 994 (5th Cir. 1995)). If the court finds that the plaintiff has so pleaded and "remains unable to rule on the immunity defense without further clarification of the facts," it may issue a discovery order "narrowly tailored to uncover only those facts needed to rule on the immunity claim." *Id.* (quoting *Lion Boulos v. Wilson*, 834 F.2d 504, 506 (5th Cir.1987)).

In this case, the Court finds that Plaintiffs have stated sufficient facts in their Amended Complaints to overcome the assertions of qualified immunity by Defendants Reyna, Gonzalez, Gallegos, Ashraf, Lovings, Medina, Pardo, Wood, Salazar, and Sepolio against Plaintiffs'

excessive force and supervisory liability claims. *See* Doc. #48 and Doc. #49. But because Defendants Reyna, Gonzalez, Gallegos, Ashraf, Lovings, Medina, Pardo, and Wood intend to assert the Fifth Amendment based on their pending criminal indictments, and Defendants Salazar and Sepolio have indicated that they will invoke their Fifth Amendment privileges to avoid potential criminal liability, the Court currently lacks sufficient facts to rule on the assertions of qualified immunity presented in their Motions to Dismiss. By contrast, counsel for Defendant Todd represented to the Court during the hearing on July 27, 2021, that she would not be pleading the Fifth Amendment in this case. The Court will therefore issue a ruling on her Motion to Dismiss without further delay.

Accordingly, because a partial stay is warranted, it is ORDERED that

(1) no depositions will be conducted of any party to this matter or third party until further order of this Court;

(1) no written discovery will be served on the Indicted Defendants, or any other Defendants asserting their Fifth Amendment privileges, until further order of this Court; and

(2) no additional dispositive motions, including motions to dismiss or motions for summary judgment, will be filed by any party until further order of this Court.

It is further ORDERED that the previously scheduled status conference for November 5, 2021 will proceed and that at such status conference the parties shall present a status report regarding the Indicted Defendants' criminal proceedings and any potential indictments against Defendants Salazar and Sepolio.

Additionally, pursuant to the Fifth Circuit's procedure under *Backe*, the Court will DEFER its ruling on the qualified immunity defense presented in the Motions to Dismiss filed by Defendants Reyna, Gonzalez, Gallegos, Ashraf, Lovings, Medina, Pardo, Wood, Salazar, and

Sepolio pending the completion of narrowly tailored discovery, a determination to be made upon advisement of the parties and the Court.[1] It is therefore ORDERED that Defendants Reyna, Wood, Pardo, Lovings, Ashraf, Medina, Gonzalez, Gallegos, Sepolio, and Salazar file a Stipulation on the record asserting their Fifth Amendment privileges in response to Plaintiffs' Amended Complaints. The Stipulation may be brief and need not respond directly to any specific allegation. No additional answers are required until further order of the Court. Once the Court and parties have conferred as to the narrowly tailored discovery, and such discovery is completed, Defendants Reyna, Wood, Pardo, Lovings, Ashraf, Medina, Gonzalez, Gallegos, Sepolio, and Salazar may re-urge their qualified immunity defense without prejudice. The Motion to Dismiss filed by Defendant Todd will be addressed forthwith.

The Court's July 1, 2021 Order is hereby VACATED.

It is so ORDERED.

AUG 0 9 2021
_____          _____
Date                              The Honorable Alfred H. Bennett
                                  United States District Judge

---

[1] This narrowly tailored discovery will be limited to resolution of Plaintiffs' (1) Fourth Amendment claims against Defendants Reyna, Wood, Pardo, Lovings, Ashraf, Medina, Gonzalez, Gallegos, and Sepolio for use of excessive force and (2) supervisory liability claims against Defendant Gonzalez. Where Plaintiffs have not alleged sufficient facts in their Amended Complaints to state a claim for relief that would overcome the qualified immunity defense, and where narrowly tailored discovery is not required to decide the issue of qualified immunity, the Court will issue a ruling forthwith.