United States District Court
Southern District of Texas
**ENTERED**
August 30, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLIFFORD F. TUTTLE, JR., REPRESENTATIVE OF THE ESTATE OF DENNIS W. TUTTLE, DECEASED, ROBERT TUTTLE, AND RYAN TUTTLE,<br><br>    Plaintiffs<br><br>v.<br><br>CITY OF HOUSTON; GERALD GOINES, in his individual capacity; STEVEN BRYANT, in his individual capacity; FELIPE GALLEGOS, in his individual capacity; ERIC SEPOLIO, in his individual capacity; MANUEL SALAZAR, in his individual capacity; THOMAS WOOD, in his individual capacity; OSCAR PARDO, in his individual capacity; FRANK MEDINA, in his individual capacity; CLEMENTE REYNA, in his individual capacity; CEDELL LOVINGS, in his individual capacity; NADEEM ASHRAF, in his individual capacity; MARSHA TODD, in her individual capacity; and ROBERT GONZALEZ in his individual Capacity,<br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 4:21-cv-00270 |

**AND**

| | | |
|---|---|---|
| JOHN NICHOLAS, as temporary administrator of the Estate of Rhogena Nicholas and JO ANN NICHOLAS, individually and as an heir of the Estate of Rhogena Nicholas,<br><br>    Plaintiffs<br><br>v.<br><br>CITY OF HOUSTON; ART ACEVEDO, in his official capacity as the chief of police of the Houston Police Department, GERALD GOINES, in his individual capacity; STEVEN BRYANT, in his individual capacity; FELIPE | § § § § § § § § § § § § § § § | Civil Action No. 4:21-cv-00272 |

GALLEGOS, in his individual capacity; ERIC §
SEPOLIO, in his individual capacity; MANUEL §
SALAZAR, in his individual capacity; §
THOMAS WOOD, in his individual capacity; §
OSCAR PARDO, in his individual capacity; §
FRANK MEDINA, in his individual capacity; §
CLEMENTE REYNA, in his §
individual capacity; CEDELL LOVINGS, in his §
individual capacity; NADEEM ASHRAF, in his §
individual capacity; MARSHA TODD, in her §
individual capacity; and ROBERT GONZALEZ §
in his individual Capacity, §
§
      Defendants. §

### E-DISCOVERY ORDER

This Order supplements all other discovery rules and orders. The Court's intent is to streamline discovery of electronically stored information to promote a "just, speedy, and inexpensive determination" of this action. FRCP 1. The parties must work cooperatively and in good faith to achieve these goals.

1. **General ESI production**. Absent agreement of the parties or further order, the following parameters apply to ESI production other than email under Rules 34 and 45 or in compliance with a disclosure requirement of this Court:

    a. **Document image format**. A producing party must produce each electronic document in single-page Tagged Image File Format. TIFF files must be single page and named with a unique production number followed by the appropriate file extension. Load files must be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes must be maintained as they existed in the original document.

    b. **Metadata**. Absent a showing of good cause, ESI need not include production of metadata.

    c. **Fields included.** Where such fields exist, ESI must include the date and time that a document was sent and received, as well as the complete distribution list.

    d. **Text-searchable documents.** No party has an obligation to make its production searchable by text. But where a party's documents already exist in such format independent of this litigation, or are converted to such format for use in this litigation (including for use by the producing party's counsel), then

such documents must be produced in the same format at no cost to the receiving party.

e. **Footer**. Each document image must contain a footer with a sequentially ascending production number.

f. **Native files**. A party receiving a document produced in the format specified above may make a reasonable request after review to receive the document in its native format. Upon such request, the producing party must produce the document in its native format or bring concerns of burden to the requesting party's attention.

g. **No backup restoration required.** Absent a showing of good cause, when complying with discovery obligations in the present case, no party need restore any form of media upon which backup data is maintained in a party's normal operations. This includes without limitation backup tapes, disks, SAN, and other forms of media.

h. **Voicemail and mobile devices.** Absent a showing of good cause, voicemails, PDAs, and mobile phones are deemed to be not reasonably accessible and need not be collected and preserved.

2. **E-mail production.** Absent agreement of the parties or further order, the following parameters apply to email production under Rules 34 and 45, or compliance with a mandatory disclosure requirement of this Court:

    a. **Requests for email.** *E-mail* refers to electronic mail or any form of electronic correspondence. Parties must propound specific production requests to obtain e-mail.

    b. **Production timing.** E-mail production requests must be phased to occur with reasonable dispatch after the parties have exchanged:
        o Initial disclosures;
        o A specific listing of likely e-mail custodians;
        o A specific identification of the five most significant listed e-mail custodians in view of the pleaded claims and defenses; and
        o Preliminary information relevant to damages.

    The exchange of this information must commence within twenty-one days of such initial disclosures unless the parties mutually agree to another time.

    c. **Identification of custodians.** E-mail production requests must identify the custodian, search terms, and time frame. The parties must cooperate in good faith to identify the proper custodians, search terms, and time frame. Each requesting party must limit its e-mail production requests to a total of five custodians per producing party. The Court may require production from

    additional e-mail custodians upon a showing of good cause after the requesting party reviews the initial production.

   **d. Search terms.** Each requesting party must limit its e-mail production requests to a total of ten search terms per custodian per party, unless the parties mutually agree to additional terms. The search terms must be narrowly tailored to particular issues. Indiscriminately broad terms (such as the producing company's name or its product name) are inappropriate unless combined with narrowing search criteria that sufficiently reduce overproduction and burden. A conjunctive combination of multiple words or phrases (for instance, *computer and system*) narrows the search and counts as a single search term. A disjunctive combination of multiple words or phrases (for instance, *computer or system*) broadens the search and counts each word or phrase as a separate search term, unless they are variants of the same word. Where appropriate, the parties must use narrowing search criteria (for instance, *and*, or *but not*, or *w/x*) to limit production and burden.

3. **Best efforts and cost-shifting.** The parties must use best efforts to work cooperatively and in good faith to narrow queries as necessary to reasonably reduce the burden on the searching/producing party. The Court will consider the extent of cooperation and good faith when determining whether to shift costs for disproportionate discovery, where applicable. The Court will specifically consider a party's efforts to promote efficiency and reduce costs in this regard.

4. **Disputes.** The parties must confer in good faith before bringing any dispute to the attention of the Court. Proceed according to Rule B(4) of this Court's procedures published on its website.

5. **No waiver.** The mere production of ESI in this litigation as part of a mass production does not itself constitute a waiver for any purpose.

6. **Inadvertent production.** The inadvertent production of ESI that includes privileged material, including attorney/client or attorney work product material, is not a waiver in the pending case or in any other federal or state proceeding. FRE 502(d).

7. **Other rules remain applicable.** Nothing in this Order affects the parties' discovery obligations under the Federal Rules, the Local Rules, or this Court's Procedures. But on any inconsistency applicable to ESI, the Court will apply this Order first.

8. **Deposition on written questions.** The City of Houston will respond to a deposition on written questions regarding the location of documents relevant to the issues in this case.

9.  This E-Discovery Order applies going forward and is not retroactive.

Signed on __AUG 2 6 2021__, at Houston, Texas.

Hon. Alfred H. Bennett
United States District Judge

APPROVED:

BECK REDDEN LLP

*/s/ Alistair B. Dawson*
Alistair B. Dawson
State Bar No. 05596100
Federal Bar I.D. 12864
adawson@beckredden.com
Garrett S. Brawley
State Bar No. 24095812
Federal Bar I.D. 3311277
gbrawley@beckredden.com
Lena E. Silva
State Bar No. 24104993
Federal Bar I.D. 3608019
lsilva@beckredden.com
1221 McKinney St., Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720


*/s/ Al Odom*
Al Odom
State Bar No. 15201100
Federal Bar I.D. 12913
The Odom Law Firm
601 Sawyer Street, Suite 225
Houston, Texas 77007
Telephone: (713) 357-5153
E-mail: aodom@aodomlawfirm.com

ATTORNEYS FOR DEFENDANTS
CITY OF HOUSTON AND ART ACEVEDO, IN HIS OFFICIAL CAPACITY AS THE CHIEF OF POLICE OF THE HOUSTON POLICE DEPARTMENT

THE GALLAGHER LAW FIRM, PLLC

*/s/ L. Boyd Smith, Jr.*
Michael T. Gallagher
Federal Id. No.: 5895
SBOT: 007586000
L. Boyd Smith, Jr.
Federal Id. No.: 8203
SBOT: 18638400
Pamela R. McLemore
Federal Id. No.: 317412
SBOT: 24099711
2905 Sackett Street
Houston, TX 77098
Telephone: (713) 238-7705
Facsimile: (713) 238-7852
mike@gld-law.com
bsmith@gld-law.com
pamm@gld-law.com


DOYLE LLP

*[signature]*

MICHAEL PATRICK DOYLE (#06095650)
PATRICK M. DENNIS (#24045777)
JEFFREY I. AVERY (#24085185)
The Clocktower Building
3401 Allen Parkway, Suite 100
Houston, Texas 77019
Phone: (713) 571-1146
Fax:   (713) 571-1148
Email: service@doylelawfirm.com

CHARLES C. BOURQUE, JR.
Louisiana State Bar No. 20118
Pro Hac Vice
ST. MARTIN & BOURQUE, LLC
315 Barrow St.
Houma, LA 70360
Phone: (985) 876-3891
Fax:   (985) 851-2219
cbourque@stmblaw.com

ATTORNEYS FOR PLAINTIFFS JOHN NICHOLAS, AS TEMPORARY ADMINISTRATOR OF THE ESTATE OF RHOGENA NICHOLAS AND JO ANN NICHOLAS, INDIVIDUALLY AND AS AN HEIR OF THE ESTATE OF RHOGENA NICHOLAS

ATTORNEYS FOR PLAINTIFFS CLIFFORD F. TUTTLE, JR. AS REPRESENTATIVE OF THE ESTATE OF DENNIS W. TUTTLE, DECEASED, ROBERT TUTTLE, AND RYAN TUTTLE