

1221 McKinney Street, Suite 4500
Houston, Texas 77010
Phone: 713.951.3700  Fax: 713.951.3720
www.beckredden.com

Alistair Dawson
+1 713.951.6225
adawson@beckredden.com

December 6, 2021

The Honorable Alfred H. Bennett  Via Email
U.S. District Judge  and CM/ECF
515 Rusk St., Room 6202
Houston, Texas 77002
c/o Lisa_Edwards@txs.uscourts.gov

Re:   Civil Action No. 4:21-cv-270, *Clifford Tuttle, et al. v. City of Houston, et al.*; In the United States District Court, Southern District of Texas

Civil Action No. 4:21-cv-272, *John Nicholas, et al. v. City of Houston, et al.*; In the United States District Court, Southern District of Texas

Dear Judge Bennett:

As an initial matter, Plaintiffs' letter came as a surprise to the City of Houston. Though the parties have conferred several times related to various discovery issues raised by the Plaintiffs, the City believed the parties had resolved most (if not all) of the issues and were given no warning that the Plaintiffs intended to file its letter with the Court. Regardless, the City believes that the Plaintiffs' assertions are misguided.

With regard to the deposition on written questions, the City, through designated individuals, worked diligently to answer the various questions (and subparts) included in the Plaintiffs' deposition and gave complete and appropriate answers to the questions asked by Plaintiffs. Plaintiffs, however, appear unhappy with the questions they chose to ask and are inappropriately trying to rewrite them through their discovery letter. For instance, Plaintiffs complain about the answer provided to DOWQ No. 17 because it "only indicates that the City's Mobile Device Management system does not interact with the MDT and CAD systems." *Plaintiffs' Letter* at 1. However, this is *exactly* what Plaintiffs asked in relation to DOWQ No. 17:

> 17. **Mobile Device Management (MDM) Technologies:** The existence and use of any Mobile Device Management (MDM) technology that permits users to interact remotely with The City's information and communications systems using portable electronic devices, specifically including Computer Aided Dispatch (CAD) Activity Log and MDT (mobile data terminal) for the City vehicles present or responding to the Harding Street Incident (including for The City Acevedo's



> vehicle) from 4:00 pm on the day of the Harding Street Incident through 6:00 am on the next day. The City's employment of technologies that facilitate the use of smart phones, portable tablets, laptops, or other portable electronic device to access The City's electronic mail, voice mail, messaging applications, intranets, and information (by way of example only, Microsoft ActiveSync®, VMware Airwatch® or other technologies with similar functionality.) For any such technology:
>   a. the operations activities supported by the technology;
>   b. The City's operations units that utilized the technology, and the time frames used;
>   c. The identification of software supporting the technology;
>   d. Policies and procedures relating to the management, preservation, search, and retrieval of information created or stored by the technology;
>   e. Specific methods available to export information created or stored by the technology.
>   f. The architecture of the technology within The City's enterprise.

Put plainly, Plaintiffs *only* request information about MDM technologies that "permit users to interact remotely" with CAD and MDT. Consequently, "only indicat[ing] that the City's Mobile Device Management system does not interact with the MDT and CAD systems" appropriately answers DOWQ No. 17. The City has answered the question posed. Further, the City has relayed to Plaintiffs numerous times that any MDT or CAD type information that was determined relevant by any of the investigators involved in the Harding Street incident has already been produced.[1]

Plaintiffs also complain about DOWQ No. 21. Specifically, Plaintiffs assert that the answer fails to "include information regarding video or dash cams on responding City vehicles." Again, this is not information requested by DOWQ No. 21. Instead, DOWQ No. 21 generically requests the City to identify any discreet information systems the City has dedicated to "specific subject matters." In response, the City identified such information systems, including the Accentex system used by IAD, Evidence Library, HPD's Video Evidence Management System and the City's Records Management System. Again, the City has answered the question posed.

Regardless, any videos related to the Harding Street incident were collected by HPD investigators and have been produced in this case. With regard to dash cameras on city vehicles, the only dash cameras issued by HPD during that time-period were those contained in traffic enforcement patrol vehicles. The City is not aware of any such vehicles on location during the raid in question. Therefore, no such videos were collected by HPD investigators. The City is not aware of any dash cams from officers that responded after the incident. But even if there were such videos, they would not contain any information that is relevant to any issue in this case.

---

[1] These documents include COH0006667-73, COH006678-87, COH0001482-85, and COH0001486-1530.



With regard to the designation of the body-cam videos as confidential, these videos unequivocally relate to "investigative files in an ongoing criminal investigation." As the Court is aware, the district attorney's criminal investigations and prosecution are ongoing. Consequently, releasing files in HPD's possession related thereto without protection causes serious concerns, including the effect on the jury pool for the upcoming criminal trials. Accordingly, the City has asked Plaintiffs what they intend to do with the information that is not currently allowed by the agreed protective order. No answer has been provided. Without a legitimate reason to un-designate the body-cam videos, the City believes that the Court should err on the side of caution given the ongoing criminal investigations and the delicate nature of this information and permit these investigative files to remain confidential under the Court's protective order.

Thank you for your attention to this matter. We will be pleased to address these and any other issues that the Court would like to address at the upcoming hearing.

> Respectfully submitted,
>
> */s/ Alistair B. Dawson*
> Alistair B. Dawson
> State Bar No. 05596100
> Federal Bar I.D. 12864
> BECK REDDEN LLP
> 1221 McKinney St., Suite 4500
> Houston, Texas 77010-2010
> Telephone: (713) 951-3700
> Facsimile: (713) 951-3720
> Email: adawson@beckredden.com
>
> */s/ Al Odom*
> Al Odom
> State Bar No. 15201100
> Federal Bar I.D. 12913
> THE ODOM LAW FIRM
> 601 Sawyer Street, Suite 225
> Houston, Texas 77007
> Telephone: (713) 357-5153
>     E-mail: aodom@aodomlawfirm.com
>
> **ATTORNEYS FOR DEFENDANTS**
> **CITY OF HOUSTON AND ART ACEVEDO, IN HIS OFFICIAL CAPACITY AS THE CHIEF OF POLICE OF THE HOUSTON POLICE DEPARTMENT**



## CERTIFICATE OF SERVICE

      I hereby certify that all counsel of record who are deemed to have consented electronic service are being served with a copy of this document via the Court's CM/ECF system.

                                             */s/ Alistair B. Dawson*
                                             Alistair B. Dawson