

**Michael Patrick Doyle**
*Licensed in Texas, Arizona, and Missouri*
*Board Certified, Personal Injury Trial Law*
*Texas Board of Legal Specialization*

Direct Line: **713.554.9079**
mdoyle@DoyleLawFirm.com

December 13, 2021

Honorable Alfred H. Bennett       <u>Via ECF and email to Lisa_Edwards@txs.uscourts.gov</u>
United States District Judge
515 Rusk St., Room 6202
Houston, Texas 77002

  Re: Civil Action No. 4:21-cv-270, *Clifford Tuttle, et al. v. City of Houston*, et al.; In the United States District Court, Southern District of Texas

Dear Judge Bennett:

  Plaintiff Jo Ann Nicholas ("Plaintiff Nicholas") submits this letter in response to Defendant City of Houston's ("the City") December 8, 2021 "Discovery Dispute" letter to the Court.

  Ms. Nicholas would note that the issues identified in the December 8, 2021, letter were first identified in a note sent December 1, 2021, at which time Ms. Nicholas requested a brief opportunity to review the issues then identified to determine whether Court intervention would be necessary. As outlined below, especially given the City's possession of Rhogena Nicholas' active cell phone from the date of her murder, it does not appear that there is an active discovery issue relating to Ms. Nicholas necessitating Court review.

  The City demanded all of Rhogena Nicholas' cellphone information for the five years before her untimely death on January 28, 2019, including cellphone statements or bills relating to phones owned or possessed by her; cellphones owned or possessed by her for full forensic examination; and all the couple's bank accounts statements.

  As a threshold matter, the requesting party must show that the responding party has failed to produce the requested documents. *Realpage, Inc. v. Enter. Risk Control, LLC*, No. 4:16-CV-00737, 2017 U.S. Dist. LEXIS 47175, at *3 (E.D. Tex. Mar. 30, 2017); see also *Cory v. George Carden Int'l Circus, Inc.,* No. 4:13-CV-760, 2016 U.S. Dist. LEXIS 86745, at *5-6 (explaining that courts allowed "mirror access" to electronic devices only where the producing party failed in her discovery obligations). Here, the active cell phones belonging to both Rhogena Nicholas and her husband, Dennis Tuttle, were on information provided to Ms. Nicholas actually seized at the home by the City or its agents (including potentially the Houston Forensic Science Center). What appears to be long-

unused electronic devices belonging to Rhogena Nicholas and/or Dennis Tuttle later secured from the home by the family of Dennis Tuttle have been proffered for inspection by the Tuttle family separately.  Moreover, Ms. Nicholas produced her daily text messages with Rhogena Nicholas – documents (bates nos. 002926-002935 NICHOLAS) many months ago in response to the City's Request for Production No. 6.

The legal standard that Texas law applies for download of electronic storage devices (i.e., cell phones) is that "[p]roviding access to information by ordering examination of a party's electronic storage device is particularly intrusive and should be generally discouraged." *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 317 (Tex. 2009).  Federal courts have repeatedly rejected requests like the City's.  *See e.g.*, *Lanelogic, Inc. v. Great Am Spirit Ins. Co.*, No. 3-08-CV-1164-BD, 2010 U.S. Dist. LEXIS 44392 at *19 (N.D. Tex. 2010) ("Most courts are reluctant to authorize direct access to an opposing party's electronic storage device.").  For example, in *A.M. Castle & Co v. Byrne*, the court characterized an attempt to compel a court-supervised forensic inspection of electronic devices as an "intrusive fishing expedition" and "drastic discovery request." *A.M. Castle & Co v. Byrne*, 123 F. Supp. 3d 895, 908-09 (S.D. Tex. 2015).  Put simply, the City of Houston's further request for download of every mobile device owned by Rhogena Nicholas for the last five years before her murder constitutes an impermissible fishing expedition.

With regard to the City's request for all of Rhogena Nicholas' bank records, Ms. Nicholas will provide the City with a limited authorization form to obtain Rhogena Nicholas' bank records, subject to the City promptly forwarding to Ms. Nicholas copies of any documents secured by the City with the limited authorization.

Thank you for your attention to this matter.

Sincerely,

Doyle Dennis LLP

Michael Patrick Doyle

cc:   Mr. Alistair B. Dawson                                              *Via ECF & email*
      Beck Redden LLP
      1221 McKinney St., Suite 4500
      Houston, Texas 77010-2010

      Mr. Al Odom                                                          *Via ECF & email*
      The Odom Law Firm
      601 Sawyer Street, Suite 225
      Houston, Texas 77007

cc:     Remaining Counsel of Record                           <u>*Via ECF*</u>