IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLIFFORD F. TUTTLE, JR., REPRESENTATIVE OF THE ESTATE OF DENNIS W. TUTTLE, DECEASED, ROBERT TUTTLE, AND RYAN TUTTLE, | § § § § § | |
| Plaintiffs | § § | |
| v. | § § | Civil Action No. 4:21-cv-00270 |
| CITY OF HOUSTON; GERALD GOINES, in his individual capacity; STEVEN BRYANT, in his individual capacity; FELIPE GALLEGOS, in his individual capacity; ERIC SEPOLIO, in his individual capacity; MANUEL SALAZAR, in his individual capacity; THOMAS WOOD, in his individual capacity; OSCAR PARDO, in his individual capacity; FRANK MEDINA, in his individual capacity; CLEMENTE REYNA, in his individual capacity; CEDELL LOVINGS, in his individual capacity; NADEEM ASHRAF, in his individual capacity; MARSHA TODD, in her individual capacity; and ROBERT GONZALEZ in his individual Capacity, | § § § § § § § § § § § § § § § § § § | |
| Defendants. | § | |

**AND**

| | | |
|---|---|---|
| JOHN NICHOLAS, as temporary administrator of the Estate of Rhogena Nicholas and JO ANN NICHOLAS, individually and as an heir of the Estate of Rhogena Nicholas, | § § § § | |
| Plaintiffs | § § | |
| v. | § § | Civil Action No. 4:21-cv-00272 |
| CITY OF HOUSTON; ART ACEVEDO, in his official capacity as the chief of police of the Houston Police Department, GERALD GOINES, in his individual capacity; STEVEN BRYANT, in his individual capacity; FELIPE | § § § § § § | |

| | |
|---|---|
| GALLEGOS, in his individual capacity; ERIC | § |
| SEPOLIO, in his individual capacity; MANUEL | § |
| SALAZAR, in his individual capacity; | § |
| THOMAS WOOD, in his individual capacity; | § |
| OSCAR PARDO, in his individual capacity; | § |
| FRANK MEDINA, in his individual capacity; | § |
| CLEMENTE REYNA, in his | § |
| individual capacity; CEDELL LOVINGS, in his | § |
| individual capacity; NADEEM ASHRAF, in his | § |
| individual capacity; MARSHA TODD, in her | § |
| individual capacity; and ROBERT GONZALEZ | § |
| in his individual Capacity, | § |
| | § |
| Defendants. | § |

## REPLY IN SUPPORT OF MOTION TO STAY PENDING INTERLOCUTORY APPEAL

COMES NOW, Defendants Clemente Reyna, Robert Gonzales, Nadeem Ashraf, Cedell Lovings, Frank Medina, Oscar Pardo, Thomas Wood, Manuel Salazar, and Eric Sepolio (collectively, the "City Officers") and the City of Houston and Art Acevedo, in his official capacity as the chief of police of the Houston Police Department (collectively, the "City") and file this Reply in support of the City Officer's Motion to Stay Pending Interlocutory Appeal showing the Court as follows:

### I.      INTRODUCTION

To protect the Fifth Amendment rights of certain of the City Officers, this Court appropriately entered an order prohibiting depositions.  (Dkt. #134).  Subsequently, on June 1, 2022, this Court modified its prior ruling to allow four depositions to proceed to assist the Court in ruling on the pending Rule 12 motions based on qualified immunity.  The Court expressly ruled that these four depositions were "limited to issues bearing on Defendants' assertions of qualified immunity" and that all other depositions remained stayed. (Dkt. #190). However, after this Court's ruling, the Fifth Circuit expressly prohibited depositions to proceed prior to the Court's determination of the Rule 12 motions based on qualified

immunity. On June 17, 2022, the United States Court of Appeals for the Fifth Circuit overruled its previous line of cases and expressly ruled that discovery on qualified immunity issues is *no longer appropriate* prior to the Court's ruling on the 12(b) motions:

> We hold the district court abused its discretion by deferring its ruling on qualified immunity and subjecting the immunity-asserting defendants to discovery in the meantime. *See ibid.* Where public officials assert qualified immunity in a motion to dismiss, a district court must rule on the immunity question at that stage. It cannot defer that question until summary judgment. Nor can it permit discovery against the immunity asserting defendants before it rules on their defense.

*Carswell v. Camp*, 37 F.4th 1062 (5th Cir. 2022). Thus, the four depositions that the Court previously allowed to facilitate a ruling on the 12(b) motions cannot now go forward.[1] Because the criminal proceedings are moving forward, the City Officers and the City believe that this Court's prior stay of depositions should remain in place while the criminal proceedings are concluded and the interlocutory appeals are decided. The City Officers and the City respectfully submit that the Motion to Stay Pending Interlocutory Appeal should be granted and this Court's August 9, 2021 Order staying all depositions should be fully reinstated.

## II.    ARGUMENT

### A. *Carswell makes clear that discovery related to qualified immunity is now inappropriate.*

The only discovery currently at issue are depositions of Nicole Blankenship-Reeves, Lt. S.C. Nguyen, Lt. J.L. French, and Texas Ranger Jeff Wolf related to "issues bearing on Defendants' assertions of qualified immunity." *Carswell* specifically holds that such depositions and the framework that previously allowed them are no longer permitted:

---

[1] To the extent the Court's June 1, 2022 order (Dkt. #190) rules on the 12(b) motions, there is no need for the scheduled depositions to proceed because the Court has already ruled on qualified immunity and that issue is now on appeal.

We hold the district court abused its discretion by deferring its ruling on qualified immunity and subjecting the immunity-asserting defendants to discovery in the meantime. *See ibid.* Where public officials assert qualified immunity in a motion to dismiss, a district court must rule on the immunity question at that stage. It cannot defer that question until summary judgment. Nor can it permit discovery against the immunity asserting defendants before it rules on their defense. *See id.* at 648 (It is "*precisely* the point of qualified immunity . . . to protect public officials from expensive, intrusive discovery *until and unless* the requisite showing overcoming immunity is made." (second emphasis added)).

It's true that, a long time ago, we authorized discovery in violation of these rules. For example, we once authorized a "narrow exception to the general rule that qualified immunity should be decided as early in the litigation as possible." *Randle v. Lockwood*, 666 F. App'x 333, 336 n.6 (5th Cir. 2016) (per curiam); *see also Lion Boulos v. Wilson*, 834 F.2d 504, 508–09 (5th Cir. 1987) (first articulating this exception). We described that "narrow exception" as "a careful procedure," which permitted a district court to "defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense." *Zapata*, 750 F.3d at 485 (quoting *Backe*, 691 F.3d at 648). We required the district court to first find that the plaintiff has pleaded "facts which, if true, would overcome the defense of qualified immunity." *Ibid.* (quotation omitted). If it still found itself "unable to rule on the immunity defense without further clarification of the facts," *ibid.* (quotation omitted), then we allowed the district court to order discovery "narrowly tailored to uncover only those facts needed to rule on the immunity claim," *Wicks*, 41 F.3d at 994 (quoting Lion Boulos, 834 F.2d at 507–08).

Call it "careful," or call it "narrow"; either way, today we call *Lion Boulos* and its progeny overruled. The Supreme Court has now made clear that a plaintiff asserting constitutional claims against an officer must survive the motion to dismiss (and the qualified immunity defense) without any discovery. Our prior decisions to the contrary are overruled. *See In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 792 (5th Cir. 2021) (We must declare circuit precedent overruled where "a former panel's decision has fallen unequivocally out of step with some intervening change in the law.").

*Carswell v. Camp*, 37 F.4th 1062 (5th Cir. 2022). The Fifth Circuit further held that even discovery limited to a plaintiff's *Monell* claim would be inappropriate. *See id*. ("Carswell responds that '*Monell* discovery presents no undue burden to the Individual Defendants because they would be required to participate as witnesses in discovery even if they had not been named as defendants.' Red Br. at 30. We disagree…").

Given *Carswell*, the currently contemplated depositions as to qualified immunity cannot go forward.   Moreover, as no other discovery is contemplated or allowed under this Court's previous orders, the City Officers' motion to stay should be granted.

B. *Court's previous stay of non-qualified immunity depositions is still appropriate.*

The criminal proceedings against certain City Officers are moving forward. The criminal trials of numerous Defendants are scheduled as follows:

- Defendant Gerald M. Goines' Trial is Scheduled for September 16, 2022

- Defendants Thomas Wood, Oscar Pardo, Frank Medina, Clemente Reyna, Cedell Lovings, Nadeem Ashraf, and Filipe Gallegos's Trials are Scheduled for October 24, 2022.

In addition, Defendant Steven Bryant's sentencing is scheduled for September 26, 2022, and no charges are currently pending against Defendants Eric Sepolio, Marsha Todd, and Manual Salazar (though criminal investigation of these officers is still ongoing).   Given the upcoming settings in the related criminal matters, this Court's stay of non-qualified immunity depositions, written discovery as to the Indicted Defendants, and dispositive motions is still appropriate to "protect the Indicted Defendants' rights to assert their Fifth Amendment privileges in the ongoing criminal prosecutions, while also balancing Plaintiffs' interest in obtaining and preserving evidence, along with the public's interest in seeing a just and an efficient resolution of this case." (Dkt. #134).  Defendants do not make any arguments to the contrary nor do they ask this Court to overrule its previous order related thereto.

C. *Plaintiff's waiver argument is a red herring.*

Plaintiff's waiver argument is a red herring. The City Officers have consistently asserted qualified immunity and filed motions to dismiss related thereto.  (Dkt. #93, 94, 96, 97, 98, 99).

The City Officers' statements that they would assert the Fifth Amendment *in the future* if they are forced to answer the allegations cannot somehow waive their assertion of qualified immunity *in the present*. Moreover, even if Defendants did officially assert the Fifth Amendment *and* Qualified Immunity, Plaintiffs have not cited a single case supporting the proposition that an assertion of the Fifth Amendment somehow waives the defense of qualified immunity.  Plaintiffs' unsupported argument is, at best, wishcasting and should be summarily rejected.

### III.    CONCLUSION

For the foregoing reasons, the City Officers and the City respectfully request that the Court grant the City Officer's motion and stay all proceedings pending resolution of their appeal.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

Date:  July 22, 2022.          By:     */s/ Kelly Dempsey*_____
                                         KELLY DEMPSEY
                                         Chief, Torts/Civil Rights Section
                                         SBN:  00789253
                                         FBN:  17969
                                         Phone: (832) 393-6450  (direct)
                                         Kelly.Dempsey@houstonx.gov

                                         CHRISTY L. MARTIN
                                         Senior Assistant City Attorney
                                         SBN: 24041336
                                         FBN: 754168
                                         Phone: (832) 393-6438  (direct)
                                         Christy.Martin@houstonx.gov

                                         MELISSA AZADEH
                                         Senior Assistant City Attorney
                                         SBN: 24064851
                                         Phone: (832) 393-6270 (direct)
                                         Melissa.Azadeh@houstonx.gov

BRADLEY A. MOREFIELD
Senior Assistant City Attorney
SBN:  24051079
FBN:  567899
Phone: (832) 393-6320 (direct)
Bradley.Morefield@houstontx.gov


City of Houston Legal Department
P.O. Box 368
Houston, Texas 77002
Fax (832) 393-6259


**ATTORNEYS FOR DEFENDANTS CLEMENTE REYNA, ROBERT GONZALES, NADEEM ASHRAF, CEDELL LOVINGS, FRANK MEDINA, OSCAR PARDO, THOMAS WOOD, MANUEL SALAZAR, AND ERIC SEPOLI**

**BECK REDDEN LLP**

*/s/ Alistair B. Dawson*
Alistair B. Dawson
State Bar No. 05596100
Federal Bar I.D. 12864
adawson@beckredden.com
Garrett S. Brawley
State Bar No. 24095812
Federal Bar I.D. 3311277
gbrawley@beckredden.com
Lena E. Silva
State Bar No. 24104993
Federal Bar I.D. 3608019
lsilva@beckredden.com
1221 McKinney St., Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720

*/s/ Al Odom*
Al Odom
State Bar No. 15201100
Federal Bar I.D. 12913
The Odom Law Firm
601 Sawyer Street, Suite 225
Houston, Texas 77007
Telephone: (713) 357-5153
E-mail: aodom@aodomlawfirm.com

**ATTORNEYS FOR DEFENDANTS CITY OF HOUSTON AND ART ACEVEDO, IN HIS OFFICIAL CAPACITY AS THE CHIEF OF POLICE OF THE HOUSTON POLICE DEPARTMENT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was sent to all counsel of record on this the 22th day of July 2022, pursuant to the Federal Rules of Civil Procedure.

<u>*/s/ Alistair B. Dawson*</u>
Alistair B. Dawson