IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLIFFORD F. TUTTLE, JR., REPRESENTATIVE OF THE ESTATE OF DENNIS W. TUTTLE, DECEASED, ROBERT TUTTLE, AND RYAN TUTTLE,<br><br> Plaintiffs<br><br>v.<br><br>CITY OF HOUSTON; GERALD GOINES, in his individual capacity; STEVEN BRYANT, in his individual capacity; FELIPE GALLEGOS, in his individual capacity; ERIC SEPOLIO, in his individual capacity; MANUEL SALAZAR, in his individual capacity; THOMAS WOOD, in his individual capacity; OSCAR PARDO, in his individual capacity; FRANK MEDINA, in his individual capacity; CLEMENTE REYNA, in his individual capacity; CEDELL LOVINGS, in his individual capacity; NADEEM ASHRAF, in his individual capacity; MARSHA TODD, in her individual capacity; and ROBERT GONZALEZ in his individual Capacity,<br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 4:21-cv-00270 |

**AND**

| | | |
|---|---|---|
| JOHN NICHOLAS, as temporary administrator of the Estate of Rhogena Nicholas and JO ANN NICHOLAS, individually and as an heir of the Estate of Rhogena Nicholas,<br><br> Plaintiffs<br><br>v.<br><br>CITY OF HOUSTON; ART ACEVEDO, in his official capacity as the chief of police of the Houston Police Department, GERALD GOINES, in his individual capacity; STEVEN BRYANT, in his individual capacity; FELIPE | § § § § § § § § § § § § § § § | Civil Action No. 4:21-cv-00272 |

| | |
|---|---|
| GALLEGOS, in his individual capacity; ERIC | § |
| SEPOLIO, in his individual capacity; MANUEL | § |
| SALAZAR, in his individual capacity; | § |
| THOMAS WOOD, in his individual capacity; | § |
| OSCAR PARDO, in his individual capacity; | § |
| FRANK MEDINA, in his individual capacity; | § |
| CLEMENTE REYNA, in his | § |
| individual capacity; CEDELL LOVINGS, in his | § |
| individual capacity; NADEEM ASHRAF, in his | § |
| individual capacity; MARSHA TODD, in her | § |
| individual capacity; and ROBERT GONZALEZ | § |
| in his individual Capacity, | § |
| | § |
| Defendants. | § |

### DEFENDANT ART ACEVEDO, IN HIS OFFICIAL CAPACITY AS THE CHIEF OF POLICE OF THE HOUSTON POLICE DEPARTMENT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant Art Acevedo, in his official capacity as the chief of police of the Houston Police Department ("Acevedo") files this Motion for Judgment on the Pleadings under Rule 12(c) and respectfully requests that this Court dismiss the claims brought against him by the Nicholas Plaintiffs[1] as redundant of the claims against Defendant City of Houston (the "City").[2]

### I. STANDARD FOR JUDGMENT ON THE PLEADINGS

"Motions made pursuant to Federal Rule of Civil Procedure 12(c)[3] are 'designed to dispose of cases where the material facts are not in dispute and judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts.'" *See, e.g.*, *Crown Castle Fiber LLC v. City of Pasadena*, 2022 WL 3040417, at *2 (S.D. Tex. Aug. 2, 2022) (quoting *Great*

---

[1] Nicholas Plaintiffs refers to John Nicholas, as temporary administrator of the Estate of Rhogena Nicholas and Jo Ann Nicholas, individually and as an heir of the Estate of Rhogena Nicholas.

[2] The Tuttle Plaintiffs do not bring claims against Acevedo.

[3] A motion under Rule 12(c) can be made "after the pleadings are closed." Fed. R. Civ. P. 12(c). "For purposes of Rule 12(c), the pleadings are closed upon the filing of a complaint and answer (absent a court-ordered reply), unless a counterclaim, crossclaim, or third-party claim is interposed." *See, e.g.*, *Rafuse v. Advanced Concepts and Techs. Int'l, LLC*, 2022 WL 3030792 (W.D. Tex. Aug. 1, 2022) (quotations and citations omitted) (cleaned up).

2

*Plains Trust Co. v. Morgan Stanley Deean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). "The motion 'should be granted if there is no issue of material fact and if the pleadings show that the moving party is entitled to judgment as a matter of law.'" *Crown Castle Fiber LLC v. City of Pasadena*, 2022 WL 3040417, at *2 (S.D. Tex. Aug. 2, 2022) (quoting *Van Duzer v. U.S. Bank Nat'l Ass'n*, 995 F.Supp.2d 673, 683 (S.D. Tex. 2014).

## II.  ARGUMENT

"District courts in Texas have uniformly held official-capacity claims should be dismissed as duplicative and redundant where the government entity for which the individual serves is also named as a defendant." *LULAC v. Tex.*, No. 5:15-CV-00219-RP, 2015 WL 3464082, at *2 (W.D. Tex. May 29, 2015). The reasoning underlying these decisions was explained by Judge Rosenthal in *Brown v. City of Houston, Texas*:

> Official-capacity claims generally represent only another way of pleading an action against an entity of which an officer is an agent *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). The claim is treated as one against the entity, which is the real party-in-interest. *Graham*, 473 U.S. at 166. When a government-official defendant is sued in her official capacity, and the governmental entity is also sued, "[t]he official-capacity claims and the claims against the governmental entity essentially merge." *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 485 (5th Cir. 2000).
>
> ***
>
> [As such], Fifth Circuit case law supports dismissing official-capacity claims as redundant when the appropriate governmental entity is also named as a defendant.

No. CV H-17-1749, 2019 WL 7037391, at *3 (S.D. Tex. Dec. 20, 2019) (citing *Marceaux v. Lafayette City-Parish Consolidated Government*, 614 F. App'x 705, 706 (5th Cir. 2015)).

Here, the Nicholas Plaintiffs sued both Art Acevedo, in his official capacity as the chief of police of the Houston Police Department, *and* the City of Houston. *See* Dkt. No. 49 at ¶¶ 11–12. Accordingly, the Nicholas Plaintiffs' claims against Acevedo should be dismissed as redundant of

3

their claims against the City. *Brown*, 2019 WL 7037391, at *3; *see also Foerster v. Bleess*, No. 4:20-CV-1782, 2020 WL 6588731, at *5 (S.D. Tex. Oct. 16, 2020), *aff'd*, No. 20-20583, 2022 WL 38996 (5th Cir. Jan. 4, 2022) (granting a 12(c) motion because the official capacity claims were redundant of the claims against the municipality); *Chavez v. Alvarado*, 550 F. Supp. 3d 439, 450 (S.D. Tex. 2021) (dismissing claims against Houston Police Department officers in their official capacity because the City of Houston was already named as a defendant).

### III.  CONCLUSION

For the foregoing reasons, Acevedo's Motion for Judgment on the Pleadings under Rule 12(c) should be granted and the claims against him dismissed as redundant of the claims against the City.

Dated: September 13, 2023

Respectfully submitted:

**BECK REDDEN LLP**

*/s/ Alistair B. Dawson*
Alistair B. Dawson
State Bar No. 05596100
Federal Bar I.D. 12864
adawson@beckredden.com
Garrett S. Brawley
State Bar No. 24095812
Federal Bar I.D. 3311277
gbrawley@beckredden.com
Lena E. Silva
State Bar No. 24104993
Federal Bar I.D. 3608019
lsilva@beckredden.com
1221 McKinney St., Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720

*/s/ Al Odom*
Al Odom
State Bar No. 15201100
Federal Bar I.D. 12913
The Odom Law Firm
601 Sawyer Street, Suite 225
Houston, Texas 77007
Telephone: (713) 357-5153
E-mail: aodom@aodomlawfirm.com

**ATTORNEYS FOR DEFENDANTS CITY OF HOUSTON AND ART ACEVEDO, IN HIS OFFICIAL CAPACITY AS THE CHIEF OF POLICE OF THE HOUSTON POLICE DEPARTMENT**

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent to all counsel of record on this the 13th day of September 2023, pursuant to the Federal Rules of Civil Procedure.

*/s/ Alistair B. Dawson*
Alistair B. Dawson