IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLIFFORD F. TUTTLE, JR., et al. | § | |
| Consolidated with | § | |
| JOHN NICHOLAS, et al. | § | |
| | § | |
| Plaintiffs, | § | CASE NO. 4:21-CV-00270 |
| | § | |
| v. | § | JURY DEMANDED |
| | § | |
| CITY OF HOUSTON, et al. | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT FELIPE GALLEGOS'S ANSWER TO THE TUTTLE PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

FELIPE GALLEGOS files this his answer and defenses to the Tuttle Plaintiffs' ("Plaintiffs") First Amended Original Complaint (ECF No. 48) and respectfully would show the Court as follows:

## I.      INTRODUCTION

Throughout his career with the Houston Police Department, Officer Felipe Gallegos served with honor and distinction. Like other members of the Department, Gallegos was completely unaware of the allegations that have since come to light against Gerald Goines.

When Officer Gallegos participated in the now-notorious warrant execution on Harding Street he had no way to know—and, indeed, had no idea—that any irregularities with the warrant existed.

While the warrant seemed routine, the response of the Harding Street building's occupants was anything but. Indeed, Dennis Tuttle quickly began shooting at officers, injuring several, and paralyzing one for life. In defense of himself and his fellow officers, Officer Gallegos responded

exactly as he was trained and consistent with the United States Constitution and the highest ethical and professional standards of law enforcement.

The evidence in this case will ultimately prove to everyone what has been obvious to Officer Gallegos's colleagues for a long time. Felipe Gallegos is a hero, and Plaintiffs should have and take nothing on their claims against him.

## II.    ADMISSIONS AND DENIALS

Pursuant to Federal Rule of Civil Procedure 8, Mr. Gallegos answers those factual allegations set out in each numbered paragraph in the Tuttle Plaintiffs' First Amended Original Complaint.  Each numbered paragraph in this Answer to the Tuttle Plaintiffs' First Amended Original Complaint corresponds to the numbered paragraph in the Tuttle Plaintiffs' First Amended Original Complaint. To the extent an allegation is not specifically admitted below, it is denied.

### INTRODUCTION
### [Caption from Complaint included for convenience only.][1]

1.    Plaintiffs' characterization of their claims for relief does not require an admission or denial.  Mr. Gallegos denies that Plaintiffs are entitled to relief on their claims against him.

2.    Admit that Dennis Tuttle and Rhogena Nicholas were located at 7815 Harding Street on January 28, 2019, were shot, and died.  Otherwise denied.

3.    Denied.

4.    Admit that law enforcement is essential to public safety and security and that law enforcement is guided by the Constitution.  Otherwise denied.

5.    Denied.

6.    Mr. Gallegos lacks sufficient information as to the Nebraska professor's

---

[1] To the extent that this caption from the Complaint, or any other caption, constitutes an allegation, denied.

statements.  The remaining allegations are denied.

## JURISDICTION AND VENUE
### [Caption from Complaint included for convenience only.]

7.      Admit that jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1343.  Deny that the Court has supplemental jurisdiction over any purported state law claims.

8.      Admit.

## PARTIES
### [Caption from Complaint included for convenience only.]

9.      Admit that Plaintiff Clifford F. Tuttle, Jr. brings this suit on behalf of the Estate of Dennis W. Tuttle, Deceased. Mr. Gallegos lacks sufficient information as to the remaining allegations, therefore denied.

10.     Admit that Plaintiff Robert Tuttle brought this suit in his individual capacity but is now deceased per the notice filed at ECF No. 237.  Mr. Gallegos lacks sufficient information as to the remaining allegations, therefore denied.

11.     Admit that Plaintiff Ryan Tuttle brings this suit in his individual capacity.  Mr. Gallegos lacks sufficient information as to the remaining allegations, therefore denied.

12.     Admit that Decedent Dennis W. Tuttle died on January 28, 2019, and admit that Mr. Gallegos's actions with respect to the allegations in this case were under color of law and within the scope of his employment as an HPD officer with the City of Houton.  Mr. Gallegos lacks sufficient information as to the remaining allegations, therefore denied.

13.     Admit.

14.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

15.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

16.     Plaintiffs' characterization of their claims for relief does not require an admission or denial.  Admit that Mr. Gallegos's actions with respect to the allegations in this case were under color of law and within the course and scope of his employment as a Houston Police Officer.  Mr. Gallegos denies that Plaintiffs are entitled to relief against him on their claims.

17.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

18.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

19.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

20.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

21.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

22.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

23.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

24.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

25.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

26.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

**FACTS**
**[Caption from Complaint included for convenience only.]**

27.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

28.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

29.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

30.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

31.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

32.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

33.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

34.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

35.     Admit that Gerald Goines was an HPD narcotics officer in Squad 15.  Mr. Gallegos lacks sufficient information to admit or deny the remaining allegations, therefore denied.

36.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

37.     Admit that search warrant was a no-knock search warrant giving authorization to enter 7815 Harding Street without first knocking and announcing the presence of officers. Otherwise, Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

38.     Admit that no-knock search warrant was signed.  Otherwise, Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

39.     Admit that Mr. Gallegos was present for a briefing, along with other members of Squad 15, prior to the execution of the no-knock warrant.  Otherwise, denied.

40.     Admit that Mr. Gallegos was present for a briefing, along with other members of Squad 15, prior to the execution of the no-knock warrant.  Otherwise, denied.

41.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

42.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

43.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

44.     Denied.

45.     Admit that gunshots were fired.  Otherwise, denied.

46.     Admit that Dennis and Reggie were shot.  Otherwise, denied.

47.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

48.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

49.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

50.     Denied as Plaintiff Robert Tuttle is now deceased per the notice filed at ECF No. 237.

51.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

52.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

53.     Admit that Dennis shot at officers, injuring several, and paralyzing one for life. Otherwise, denied.

54.     Denied that it was more likely the officers were hit by friendly fire in the chaos. As to the other allegations, Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

55.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

56.     Denied.

57.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

58.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

59.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

60.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

61.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

62.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

63.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

64.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

65.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

66.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

67.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

68.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

69.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

70.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

71.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

72.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

73.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

74.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

75.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

76.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

77.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

78.     Admit that charges were brought against Goines and Bryant.  Otherwise, Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

79.     Admit that Goines was federally charged.

80.     Admit that Bryant was federally charged.

81.     Admit that Garcia was federally charged.

82.     Admit that Goines was charged in state court.

83.     Admit that Bryant was charged in state court.

84.     Admit that charges were brought against these officers in state court.

85.     Admit that charges were brought against these officers in state court.

86.     Admit that certain felony charges were brought against certain members of Squad 15. Otherwise denied.

**CAUSES OF ACTION**
**PLAINTIFFS' CIVIL RIGHTS CLAIMS**
**[Caption from Complaint included for convenience only.]**

87.     Plaintiffs' incorporation of their preceding paragraphs does not require an admission or denial.

88.     Admit that, generally speaking, all people in the United States have Fourth Amendment rights which are protected against deprivation by state actors under the Fourteenth Amendment.

89.     Admit that generally 42 U.S.C. § 1983 states this.

90.     Admit.

91.     Denied.

92.     Denied.

**PLAINTIFFS' FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983 – Unlawful Search and Seizure – No Probable Cause**
**[Caption from Complaint included for convenience only.]**

93.     Plaintiffs' incorporation of their preceding paragraphs does not require an admission or denial.

94.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

8

95.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

96.     Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

97.     Denied.

98.     Denied.

99.     Admit that members of Squad 15 worked together on some matters, otherwise denied.

100.    Denied.

101.    Denied.

102.    Admit that charges have been brought against multiple Squad 15 officers. Otherwise, denied.

103.    Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

104.    Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

105.    Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

106.    Admit that Mr. Gallegos was a duly sworn and licensed police officer employed by the City of Houston in the Houston Police Department acting under color of law within the scope of his employment.  Mr. Gallegos otherwise lacks sufficient information to admit or deny, therefore denied.

107.    Denied.

108.    Denied.

109.    Denied.

**PLAINTIFFS' SECOND CAUSE OF ACTION**
**42 U.S.C. § 1983 – Unlawful Search and Seizure – Excessive and Deadly Force**
**[Caption from Complaint included for convenience only.]**

110.    Plaintiffs' incorporation of their preceding paragraphs does not require an admission or denial.

111.    Admit that Mr. Gallegos was a duly sworn and licensed police officer employed by the City of Houston in the Houston Police Department acting under color of law within the scope of his employment.  Mr. Gallegos otherwise lacks sufficient information to admit or deny, therefore denied.

112.    Denied.

113.    Denied.

114.    Admit that Mr. Gallegos was charged with murder; however, that case was dismissed on August 17, 2021.

115.    Denied.

116.    Deny that the use of force was unjustified, excessive, and/or objectively unreasonable.  Mr. Gallegos otherwise lacks sufficient information to admit or deny, therefore denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Plaintiffs' denial of a Defense assertion does not require an admission or denial.

121.    Denied.

10

**PLAINTIFFS' THIRD CAUSE OF ACTION**
**42 U.S.C. § 1983 – Municipal Liability – Policy, Custom or Practice**
**[Caption from Complaint included for convenience only.]**

122.   Plaintiffs' incorporation of their preceding paragraphs does not require an admission or denial.

123.   Admit that municipalities can be held liable under 42 U.S.C. § 1983 where a plaintiff can establish that the municipality has an official policy that was promulgated by the municipal policymaker, or that is a persistent and widespread practice of city actors so as to constitute custom, and that was the moving force behind a violation of a constitutional right.

124.   Denied.

125.   Denied.

126.   Denied.

127.   Denied.

128.   Denied.

**A.  [To the extent this caption constitutes an allegation, denied.]**

129.   Denied.

130.   Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

131.   Deny that there was a de facto policy regarding the use of deadly force that was the moving force behind Plaintiffs' alleged constitutional violations.  Mr. Gallegos lacks sufficient information to admit or deny the number of officer-involved shootings, therefore denied.

132.   Deny that there is a custom or policy of excessive force during no-knock narcotic

raids.  Mr. Gallegos lacks sufficient information to admit or deny the number of weapon discharges or Goines's participation during no-knock raids, therefore denied.

133.    Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

**A.  [To the extent this caption constitutes an allegation, denied.]**

134.    Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

135.    Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

136.    Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

137.    Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

138.    Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

139.    Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

140.    Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

141.    Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

142.    Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

143.    Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

144.    Denied.

145.    With respect to the allegations regarding Houston Police Department policy, Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.  The remainder of the allegations in this paragraph are denied.

146.    With respect to the allegations regarding Houston Police Department history, Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.  The remainder of the allegations in this paragraph are denied.

147.   With respect to the allegations regarding Houston Police Department history, Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.  The remainder of the allegations in this paragraph are denied.

148.   The substantive allegations introduced by this paragraph are addressed in the corresponding subsections below.  Otherwise, denied.

a.   **Wes and Aisling Jones [Subcaption from Complaint included for convenience only.]**

Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

b.   **Mark Condon off-duty shooting [Subcaption from Complaint included for convenience only.]**

Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

c.   **10118 Cheeves [Subcaption from Complaint included for convenience only.]**

Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

d.   **Weyburn [Subcaption from Complaint included for convenience only.]**

Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

e.   **2203 Gessner [Subcaption from Complaint included for convenience only.]**

Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

f.   **6807 Goforth Street [Subcaption from Complaint included for convenience only.]**

Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

g.   **600 New Urban Way [Subcaption from Complaint included for convenience only.]**

Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

h.   **7711 Greenstone [Subcaption from Complaint included for convenience only.]**

Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

149.    With respect to the allegations regarding Houston Police Department history, Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.  The remainder of the allegations in this paragraph are denied.

150.    Admit that Officer Gallegos was sued in Case Number 4:15-cr-1300 in the United States District Court for the Southern District of Texas and the case was settled.  Otherwise, denied.

151.    Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

**B.  [To the extent this caption constitutes an allegation, denied.]**

152.    Denied.

153.    Admit that this paragraph generally describes the members of Squad 15 and the structure of the Narcotics Division.  Otherwise, Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

154.    With respect to the allegations against Mr. Goines, Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.  The remainder of the allegations in this paragraph are denied.

155.    Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

156.    The substantive allegations introduced by this paragraph are addressed in the corresponding subsections below.  Otherwise, denied.

        a.  **Squad 15 Raid on Goforth Street [Subcaption from Complaint included for convenience only.]**

Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

        b.  **Squad 15 Raid at 3600 Tuam [Subcaption from Complaint included for convenience only.]**

14

Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

    c.  **Squad 15 Raid at 4855 Fuqua [Subcaption from Complaint included for convenience only.]**

Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

    d.  **Squad 15 Raid on Knoxville [Subcaption from Complaint included for convenience only.]**

Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

    e.  **Squad 15 Warrant for Napoleon Street [Subcaption from Complaint included for convenience only.]**

Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

    f.  **5815 Hirsch Street [Subcaption from Complaint included for convenience only.]**

Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

    g.  **Otis Mallet Case [Subcaption from Complaint included for convenience only.]**

Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

**C.  [To the extent this caption constitutes an allegation, denied.]**

157.    Denied.

158.    Admit that an internal audit was conducted.  To the extent this paragraph alleges that Mr. Gallegos failed to follow any policy, denied.  Otherwise, Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

159.    Admit that charges were brought against these officers.

160.    Admit that charges were brought against these officers.

161.    Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

162.    Mr. Gallegos lacks sufficient information as to the occurrence of these statements

to admit or deny they were made, therefore denied.

**D.  [To the extent this caption constitutes an allegation, denied.]**

163.   Admit that certain charges have been brought against certain Squad 15 officers. Otherwise, denied.

164.   Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

**E.  [To the extent this caption constitutes an allegation, denied.]**

165.   Mr. Gallegos lacks sufficient information to admit or deny the conduct of Defendants Todd or Gonzales, therefore denied.  The remaining allegations in this paragraph are denied.

166.   Denied.

**F.  [To the extent this caption constitutes an allegation, denied.]**

167.   Denied.

168.   Denied.

**G.  [To the extent this caption constitutes an allegation, denied.]**

169.   Mr. Gallegos lacks sufficient information as to the occurrence of these statements to admit or deny they were made, therefore denied.  The remaining allegations in this paragraph are denied.

170.   Denied.

**PLAINTIFFS' FOURTH CAUSE OF ACTION**
**42 U.S.C. § 1983 – Municipal Liability – Failure to Train, Supervise, and Discipline**
**[Caption from Complaint included for convenience only.]**

171.   Plaintiffs' incorporation of their preceding paragraphs does not require an

16

admission or denial.

172.    With respect to the actions of the City and the knowledge of the chiefs of police, Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.  The remaining allegations in this paragraph are denied.

173.    Admit that Houston Police Department policies were modified after the events forming the basis of the instant lawsuit.  Otherwise, denied.

174.    Denied.

175.    Denied.

176.    Denied.

177.    Denied.

178.    With respect to Houston Police Department history, Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.  Otherwise, denied.

179.    Denied.

**PLAINTIFFS' FIFTH CAUSE OF ACTION**
**42 U.S.C. § 1983 – Municipal Liability – Failure to Promulgate Adequate Policies**
**[Caption from Complaint included for convenience only.]**

180.    Plaintiffs' incorporation of their preceding paragraphs does not require an admission or denial.

181.    Denied.

182.    Denied.

183.    Denied.

184.    Admit that Houston Police Department policies were modified after the events

forming the basis of the instant lawsuit.  With respect to Houston Police Department history, Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.   The remaining allegations in this paragraph are denied.

185.   Denied.

### PLAINTIFFS' SIXTH CAUSE OF ACTION: SURVIVAL CLAIM
### [Caption from Complaint included for convenience only.]

186.   Plaintiffs' incorporation of their preceding paragraphs does not require an admission or denial.

187.   Denied.

188.   Denied.

189.   Mr. Gallegos lacks sufficient information to admit or deny, therefore denied.

### PLAINTIFFS' SEVENTH CAUSE OF ACTION: WRONGFUL DEATH
### [Caption from Complaint included for convenience only.]

190.   Plaintiffs' incorporation of their preceding paragraphs does not require an admission or denial.

191.   Denied.

192.   Deny in that Robert Tuttle is now deceased per the notice filed at ECF No. 237. Mr. Gallegos lacks sufficient information to admit or deny the remaining allegations, therefore denied.

### DAMAGES
### [Caption from Complaint included for convenience only.]

193.   Plaintiffs' incorporation of their preceding paragraphs does not require an admission or denial.

**A. Survival Damages**
**[Subcaption from Complaint included for convenience only.]**

194.    Denied.

195.    Mr. Gallegos lacks sufficient information to admit or deny the remaining allegations, therefore denied.

**B. Wrongful Death Damages – Plaintiff Robert Tuttle**
**[Subcaption from Complaint included for convenience only.]**

196.    Deny in that Robert Tuttle is now deceased per the notice filed at ECF No. 237.

**C. Wrongful Death Damages – Plaintiff Ryan Tuttle**
**[Subcaption from Complaint included for convenience only.]**

197.    Mr. Gallegos admits that Plaintiff Ryan Tuttle seeks the damages sought but denies that he is entitled to any relief against him.

**D. Exemplary Damages**
**[Subcaption from Complaint included for convenience only.]**

198.    Mr. Gallegos admits that Plaintiffs seek exemplary damages, but denies Plaintiffs are entitled to any relief against him.

**ATTORNEY'S FEES**
**[Caption from Complaint included for convenience only.]**

199.    Mr. Gallegos admits that Plaintiffs seek attorney's fees and costs, but denies Plaintiffs are entitled to any relief against him.  Mr. Gallegos further reserves the right to seek and recover reasonable and necessary attorney's fees as a prevailing party pursuant to 42 U.S.C. § 1988.

**JURY DEMAND**
**[Caption from Complaint included for convenience only.]**

200.    Mr. Gallegos admits that Plaintiffs demand a trial by jury.  Mr. Gallegos likewise

demands a trial by jury.

**PRAYER**
**[Caption from Complaint included for convenience only.]**

201.    Mr. Gallegos admits that Plaintiffs pray for the relief sought in the Complaint but

denies that they are entitled to any relief against him.

### III.    AFFIRMATIVE AND OTHER DEFENSES

Plaintiffs' claims are barred in whole or in part by Mr. Gallegos's qualified immunity.

Plaintiffs' claims are barred in whole or in part by Mr. Gallegos's immunity under state

law.

Plaintiffs' claims are barred in whole or in part by failure of conditions precedent.

Plaintiffs' claims are barred in whole or part because any actions taken by Officer Gallegos

were taken in self-defense, in the defense of others, or in combination of the foregoing.

Plaintiffs' claims are barred in whole or in part because the Plaintiffs were the first

aggressors.

Plaintiffs' claims are barred in whole or in part because the force used by Mr. Gallegos, if

any, was necessary.

### IV.    ATTORNEYS' FEES

Mr. Gallegos reserves the right to seek and recover reasonable and necessary attorney's

fees as a prevailing party pursuant to 42 U.S.C. § 1988.

### V.    JURY DEMAND

Mr. Gallegos demands a trial by jury.

20

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Defendant Gallegos prays that this Court grant judgment to him containing the following relief:

A.      That Plaintiffs have and take nothing on their claims against Mr. Gallegos;

B.      That Mr. Gallegos be awarded reasonable costs, including attorneys' fees under 42 U.S.C. § 1988; and,

C.      That Mr. Gallegos have such other and further relief in equity and law as this Court deems just and proper.

Respectfully submitted,

 /s/ Russell Hardin, Jr.
Russell Hardin, Jr.
*Attorney-in-Charge*
State Bar No. 08972800
Federal I.D. No. 19424
Email:  rhardin@rustyhardin.com

OF COUNSEL:

RUSTY HARDIN & ASSOCIATES, LLP
Marshall Douglas Murphy (Of Counsel to the Firm)
  State Bar No. 24013215
  Federal I.D. No. 24254
Letitia D. Quinones (Of Counsel to the Firm)
  State Bar No. 24008433
  Federal I.D. No. 23722
Jennifer Brevorka
  State Bar No. 24082727
  Federal I.D. No. 1725400
Aisha Dennis
  State Bar No. 24128655
  Federal I.D. No. 3290460
Armstead Lewis
  State Bar No. 24102089
  Federal I.D. No. 3586943
1401 McKinney Street, Suite 2250
Houston, Texas  77010
Telephone:  (713) 652-9000
Facsimile:  (713) 652-9800
Email:  rhardin@rustyhardin.com

Email:  dmurphy@rustyhardin.com
Email:  lquinones@rustyhardin.com
Email:  jbrevorka@rustyhardin.com
Email:  adennis@rustyhardin.com
Email:  alewis@rustyhardin.com

***ATTORNEYS FOR FELIPE GALLEGOS***

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing *via* electronic mail to all counsel of record.

 */s/ Aisha Dennis*
Aisha Dennis