UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CLIFFORD TUTTLE, et. al. | |
| Consolidated with | |
| JOHN NICHOLAS, et.al. | |
| Plaintiffs, | |
| v. | |
| CITY OF HOUSTON; ART ACEVEDO, et. al. | Case No. 4:21-cv-00270 |
| Defendants. | (JURY DEMANDED) |

## THE NICHOLAS AND TUTTLE PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANTS SEPOLIO, SALAZAR, WOOD, PARDO, MEDINA, REYNA, LOVINGS, ASHRAF, AND GONZALES

### I.
### SUMMARY OF THE ARGUMENT

The Nicholas Plaintiffs, the estate of Rhogena Nicholas and Jo Ann Nicholas, and the Tuttle Plaintiffs, the estate of Clifford Tuttle, Robert Tuttle (deceased), and Ryan Tuttle, together file this motion for partial summary judgment against Defendants Eric Sepolio, Manuel Salazar, Thomas Wood, Oscar Pardo, Frank Medina, Clemente Reyna, Cedell Lovings, Nadeem Ashraf, and Robert Gonzales (the "non-answering Defendants").[1]  To date, these Defendants have not filed an answer to either the Nicholas or Tuttle Plaintiffs' First Amended Complaint and, as a result, have not disputed the allegations made in their complaints. Based on in *L.A. Pub. Ins. Adjusters,*

---

[1] Defendants Bryant (Doc. 88 and 89), Goines (Doc. 100 and 101), Todd (Doc. 175 and 176), Gallegos (Doc. 263 and 273), and the City of Houston (Doc. 102 and 103) each filed answers.

*Inc. v. Nelson*,[2] the non-answering Defendants have made the intentional decision to not file an answer for 11-months. Because the non-answering Defendants have not disputed the liability facts pleaded by the Nicholas Plaintiffs against them, Plaintiffs are entitled to summary judgment on those liability facts.

## II.
## FACTUAL AND PROCEDURAL BACKGROUND

The Tuttle and Nicholas Plaintiffs filed their First Amended Complaint on April 9, 2021.[3] In that pleading, Plaintiffs have pleaded that Defendants (1) violated the Fourth Amendment rights of Tuttle and Nicholas by engaging in an illegal no-knock raid,[4] (2) by committing excessive, deadly force,[5] (3) by failing to intervene to stop constitutional violations,[6] (4) by conspiring to violate Plaintiffs' rights,[7] and (5) by failing to supervise or train the officers of Squad 15.[8] Related to her conspiracy claims, the Nicholas Plaintiffs pleaded the following:

> In addition, Defendants had a long-standing agreement and plan to obtain illegal search warrants, via perjury and through misuse of confidential informants. Specifically, as part of this agreement, Squad 15, Lt. Todd, and Lt. Gonzales, agreed and knew that member[s] of Squad 15, including Goines, would obtain illegal search warrants in violation of the Fourth and Fourteenth Amendments. Each member[] of the conspiracy agreed to the plan and intended to further its purpose. In addition, Squad 15 also financially profited from the illegal raids because each member billed thousands of dollars each year in overtime in executing the illegal raids. As a result of this scheme, Defendants violated Nicholas's constitutional rights.[9]
> . . .
> In addition, Defendants had a long-standing agreement and plan to obtain illegal search warrants, via perjury and through misuse of confidential informants. Specifically, as part of this agreement, Squad 15, Lt. Todd, and Lt. Gonzales, agreed and knew that member of Squad 15, including Goines, would obtain illegal search warrants in violation of the Fourth and Fourteenth Amendments. **Each**

---

[2] *See L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 860 Fed. Appx. 315 (5th Cir. 2021).
[3] Doc. 48 and Doc. 49.
[4] Doc. 49 at Par. 157; Doc. 48 at Par. 94.
[5] Doc. 49 at 147; Doc. 48 at Par. 112.
[6] Doc. 49 at Par. Par. 150 and 159; Doc. 48 at Par. 101 and 115;
[7] Doc. 49 at Par. Par. 160;
[8] Doc. 49 at Par. At Par. 151 and 161 (against Todd and Gonzales); Doc. 48 at Par. 104-105.
[9] Doc. 49 at par 160.

**members of the conspiracy agreed to the plan and intended to further its purpose**. In addition, Squad 15 also financially profited from the illegal raids because each member billed thousands of dollars each year in overtime in executing the illegal raids. As a result of this scheme, Defendants violated Nicholas's constitutional rights.[10]

The Tuttle Plaintiffs pleaded:

> On January 28, 2019, while acting under color of Texas law, all individually named Defendants deprived and conspired to deprive Dennis of his rights under the Fourth Amendment as incorporated and applied to the states through the Fourteenth Amendment by using excessive and deadly force during the execution of the no-knock search warrant at 7815 Harding Street. [11]
> . . .
> On January 28, 2019, while acting under color of Texas law, all individually named Defendants deprived and conspired to deprive Dennis of his rights under the Fourth Amendment as incorporated and applied to the states through the Fourteenth Amendment by using excessive and deadly force during the execution of the no-knock search warrant at 7815 Harding Street.[12]

In response to the amended complaints, the non-answering Defendants filed motions to dismiss.[13] In those motions, Defendants only challenged the underling constitutional violations, but did not address Plaintiffs' conspiracy claims. In their response, the Nicholas Plaintiffs explained that Defendants did not challenge these claims in their motion to dismiss.

Case 4:21-cv-00270   Document 111   Filed on 06/14/21 in TXSD   Page 24 of 34

further clearly establishes that a no-knock entry is a violation of the Fourth Amendment exigent circumstances. Therefore, Defendants' motions should be denied.

> **3.  Defendants have not even challenged Plaintiffs' Conspiracy claim**
>
> Next, Defendants have not even addressed, much less requested dismissal, of Plaintiffs' conspiracy claim. Plaintiffs explicitly pleaded a claim based on conspiracy liability.[68] Because Defendants did not address this claim, Defendants' motions should be denied.

14

---

[10] Doc. 49 at par. 160.
[11] Doc. 49. at 97.
[12] Doc. 49. at 112.
[13] Defendants Gallegos and Todd also filed a motion to dismiss. Defendant Todd was ultimately dismissed based on the order of the Fifth Circuit. Defendant Gallegos filed an answer to Plaintiffs' complaint, and is therefore not addressed by this motion.
[14] Doc. 111.

Ultimately, the Court entered its order on the 12(b)(6) on December 16, 2022.[15] Defendants then appealed that order. The Fifth circuit affirmed in part and reversed in part that order on August 9, 2023. At that point, the Nicholas and Tuttle Plaintiffs had remaining claims for (1) excessive force against all non-answering Defendants;[16] (2) conspiracy against all non-answering Defendants; and (3) supervisory claims against Gonzales.  Combined with this, Plaintiffs also asserted claims for wrongful death and estate survival claims.

Following the Fifth Circuit's decision, on August 25, 2023, Plaintiffs' counsel asked Defendant Officers' counsel whether they would be filing an answer.[17] Specifically, Counsel for the Tuttle family stated:

> The defendant officers' answers are past due. Will you agree to answer for them by August 31, 2023 so we do not have take this issue up with the Court?[18]

In response, Defendants' counsel made it clear – the non-answering Defendants were not going to file an answer.[19] In effect, Defendants attempted to excuse themselves from their obligation to answer because they asserted Fifth Amendment.  In response, Tuttles' Counsel again explained that the Federal Rules mandated an answer:

> Fed. R. Civ. P. 12(a)(4) requires that the officers answer within 14 days after denial of their motions to dismiss. Viewed most favorably for the officers, their deadline to answer was August 23, 2023 which was 14 days after mandate issued affirming denial of their motions in part.
>
> I know of no law, or Court order, excusing parties who plead the 5th from having to answer the complaint. For example, Goines and Bryant answered the case. In view of comments made at the hearing as to various officers possibly waiving the 5th as to certain issues, this is not just an academic exercise, especially in light of the defendants' stated intention to file motions for summary judgment.

---

[15] Doc. 229.
[16] Last week, Plaintiffs stipulated to dismiss the excessive force claims against Sepolio, Salazar, Wood, Pardo, Medina, Reyna, Lovings, Ashraf, and Gonzales.
[17] Exhibit A.
[18] Exhibit A.
[19] See Exhibit A.

Finally, the issue was not raised on August 18, 2023 because the answer deadline had not run and I had no reason to think your clients would decline to answer in accordance with the rules.

Please answer by August 31, 2023 (or agree to a date close in time thereto) or we will have to seek redress with the Court.[20]

Now, eleven months after their deadline to answer, the non-answering Defendants have still intentionally made the decision not to dispute Plaintiffs' allegations. In light of the untimely answer and refusal to file an answer, the Tuttle and Nicholas Plaintiffs hereby move for partial summary judgment against the non-answering Defendant Officers.

## III.
## ARGUMENT

Under Rule 12(a)(1)(B) "[a] party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim." Likewise, under Rules 8 and 12, a party must raise affirmative defenses as part of its answer and within the 21-day deadline.   Combined with that, under Rule 6 a party may seek leave to late-file a pleading "after the time has expired." To meet that standard, Rule 6(b)(1)(B) requires the party to (1) file a motion and (2) show that it "failed to act because of excusable neglect." When addressing the excusable neglect standard, the Fifth Circuit has identified the following factors: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the movant's reasonable control; and (4) whether the movant acted in good faith.[21]

The Fifth Circuit recently addressed this exact issue in *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*.[22] There, the Fifth Circuit determined that the Southern District of Texas abused its

---

[20] Exhibit A.
[21] *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006).
[22] *See L.A. Pub. Ins. Adjusters, Inc. v. Nelson* 17 F.4th 521 (5th Cir. 2021).

discretion by allowing L.A. Public Insurance Adjusters ("LAPIA") to file an answer after it repeatedly maintained that it was not required to file an answer and eventually filed an answer two years after it was due.[23] In more detail, LAPIA failed to timely file an answer to Nelson's counterclaim and instead moved for partial summary judgment on the counterclaim.[24] Nelson also moved for partial summary judgment on his claim against LAPIA and argued that "because LAPIA had not filed an answer denying the allegations that were contained in his counter-complaint, the company must be deemed to have admitted to all of them except those relating to the amount of damages."[25] LAPIA attempted to file an answer only after two full years after it was due, one year after its failure to file was recognized by the district court, and five-and-a-half months after LAPIA argued that no answer was needed.[26] Following Nelson's motion for partial summary judgment, LAPIA eventually requested to file a late answer pursuant to Federal Rule of Civil Procedure 6(b)(1)(B).[27] Specifically, LAPIA asserted that it was not informed by its former counsel that no answer had been filed and should not be penalized for its former attorneys' mistake.[28]

Federal Rule of Civil Procedure 6(b)(1)(B) permits an extension of the time limits contained in the Federal Rules if a deadline was not met because of "excusable neglect."[29] The Fifth Circuit determined that LAPIA's failure to comply with the court's deadlines was not the result of excusable neglect. The Fifth Circuit explained that LAPIA "must be deemed to have been aware of the nonfiling . . . but rather than seeking to rectify the issue immediately the company steadfastly maintained that it was not required to file an answer."[30] More importantly, the Fifth

---

[23] *Id*. at 522.
[24] *Id*. at 523.
[25] *Id*.
[26] *Id*. at 527
[27] *Id*. at 523
[28] *Id*.
[29] *Id*. at 524 (citing Fed. R. Civ. P. 6).
[30] *Id*. at 523.

Circuit also held that because LAPIA "had not filed an answer denying the allegations that were contained in his counter-complaint, the company must be deemed to have admitted to all of them except those relating to the amount of damages."[31] Accordingly, the Fifth Circuit determined that the district court erred by granting LAPIA's summary judgment and denying Nelson's motion for partial summary judgment.[32]

Here, based on the binding law in *L.A. Pub. Ins. Adjusters, Inc. v. Nelson,* this Court should grant summary judgment on Plaintiffs' claims against Defendant Sepolio, Salazar, Wood, Pardo, Medina, Reyna, Lovings, Ashraf, and Gonzales. Specifically, this includes Plaintiffs' claims for conspiracy against Sepolio, Salazar, Wood, Pardo, Medina, Reyna, Lovings, Ashraf, and Gonzales. And, just for Gonzales, Plaintiff is entitled to summary judgment on her claims for failure to supervise. Exactly like *LAPIA*, Defendant Officers have not filed an answer denying the allegations that were contained in Plaintiffs' Complaint. The non-answering Defendants have confirmed that they intentionally chose not to file an answer.[33] As a result, just like *Nelson*, Defendant Officers "must be deemed to have admitted to all of the claims except those relating to the amount of damages" and summary judgment is appropriate.[34]

Combined with that, even assuming that the non-answering Defendant may seek leave to file an answer, such a request is not authorized under Rule 6. Rather "the length of [Defendant's] delay in seeking leave to file an answer," – indeed, here, Defendants have intentionally made that decision for 11-months – does not "weigh in favor of finding excusable neglect." This is because Plaintiffs' counsel immediately identified the failure to answer to them.[35] Meaning, even more

---

[31] *Id.*
[32] *Id.*
[33] See Exhibit A, Emails.
[34] *See L.A. Pub. Ins. Adjusters, Inc.*, 860 Fed. Appx. at 523.
[35] Exhibit A.

7

than in LAPIA, where the party asserted "that it was unaware that no answer had been filed," here, the non-answering Defendants knew that they had not filed an answer and chose to not file an answer. This intentional decision cannot even be neglect, much less excusable neglect. Put differently, because "excusable neglect inquiry 'is at bottom an equitable one,;' . . . [o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."[36]

Furthermore, despite moving for qualified immunity regarding Plaintiffs' claims for excessive force, unlawful search, failure to intervene, and supervisory liability, the non-answering Defendants have never asserted qualified immunity regarding the conspiracy claims. Yet now, for the first time, Defendants have filed summary judgment motions based on qualified immunity – an affirmative defense.[37] By raising this defense years into this case, Defendants have unfairly prejudiced Plaintiffs.

## CONCLUSION

Therefore, the Tuttle and Nicholas Plaintiffs request that the Court grant partial summary judgment for liability regarding (1) their conspiracy claims against Eric Sepolio, Manuel Salazar, Thomas Wood, Oscar Pardo, Frank Medina, Clemente Reyna, Cedell Lovings, Nadeem Ashraf, and Robert Gonzales; (2) for their supervisory claims against Robert Gonzales and (3) for the wrongful death and survival claims against the non-answering Defendants.

Respectfully submitted,

**DOYLE DENNIS AVERY LLP**

_____

MICHAEL PATRICK DOYLE (#06095650)

---

[36] *L.A. Pub. Ins. Adjusters, Inc.*, 17 F.4th at 527 (*citing Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S. Ct. 1723, 80 L. Ed. 2d 196 (1984)).

[37] Doc. 310 at pg. 12 ("Finally, Plaintiffs cannot meet their burden to overcome the Officers' qualified immunity with respect to any purported conspiracy claim.")

PATRICK M. DENNIS (#24045777)
JEFFREY I. AVERY (#24085185)
The Clocktower Building
3401 Allen Parkway, Suite 100
Houston, Texas 77019
Phone: (713) 571-1146
Fax:  (713) 571-1148
Email: service@doylelawfirm.com

CHARLES C. BOURQUE, JR.
Louisiana State Bar No. 20118
*Admitted Pro Hac Vice*
ST. MARTIN & BOURQUE, LLC
315 Barrow St.
Houma, LA 70360
985-876-3891 (phone)
985-851-2219 (fax)
cbourque@stmblaw.com

**ATTORNEYS FOR PLAINTIFFS**
**Patricia Nicholas, as temporary administrator of the Estate of Rhogena Nicholas and Jo Ann Nicholas, individually and as an heir of the Estate of Rhogena Nicholas**

AND

Michael T. Gallagher
Federal Id. No.:  5895
SBOT:  007586000
L. Boyd Smith, Jr.
Federal Id. No.:  8203
SBOT: 18638400
Pamela R. McLemore
Federal Id. No.:  317412
SBOT: 24099711
2905 Sackett Street
Houston, TX 77098
Telephone: (713) 238-7705
Facsimile:  (713) 238-7852
mike@gld-law.com
bsmith@gld-law.com
pamm@gld-law.com
**ATTORNEYS FOR PLAINTIFFS**
**Clifford F. Tuttle, Jr. as Representative of the Estate of Dennis W. Tuttle, Deceased, Robert**

9

**Tuttle, and Ryan Tuttle**

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned attorney, do hereby certify that a true and correct copy of the foregoing document was forwarded to the following counsel of record on this the 9th day of August, 2024, via CM/ECF, hand delivery, electronic mail, overnight courier, U.S. Mail, certified mail, return receipt request, and/or facsimile, pursuant to the Federal Rules of Civil Procedure.

MICHAEL PATRICK DOYLE