**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **CLIFFORD F. TUTTLE, JR., AS** | § | |
| **REPRESENTATIVE OF THE ESTATE** | § | |
| **OF DENNIS W. TUTTLE, DECEASED,** | § | |
| **ROBERT TUTTLE, AND RYAN TUTTLE,** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| **CITY OF HOUSTON, GERALD GOINES,** | § | Civil Action No.: 4:21-cv-270 |
| **in his individual capacity; STEVEN** | § | |
| **BRYANT, in his individual capacity;** | § | |
| **FELIPE GALLEGOS, in his individual** | § | |
| **capacity; ERIC SEPOLIO, in his individual** | § | |
| **capacity; MANUEL SALAZAR, in his** | § | |
| **individual capacity; THOMAS WOOD,** | § | |
| **in his individual capacity; OSCAR PARDO,** | § | |
| **in his individual capacity; FRANK** | § | |
| **MEDINA, in his individual capacity;** | § | |
| **CLEMENTE REYNA, in his individual** | § | |
| **capacity; CEDELL LOVINGS, in his** | § | |
| **individual capacity; NADEEM ASHRAF,** | § | |
| **in his individual capacity, MARSHA TODD,** | § | |
| **in her individual capacity, and ROBERT** | § | |
| **GONZALES, in his individual capacity,** | § | |
| | § | |
| *Defendants*. | § | |

**CONSOLIDATED WITH**

| | | |
|---|---|---|
| **JOHN NICHOLAS, as temporary** | § | |
| **administrator of the Estate of Rhogena** | § | |
| **Nicholas and JO ANN NICHOLAS,** | § | |
| **individually and as an heir of the Estate of** | § | |
| **Rhogena Nicholas,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | |
| **CITY OF HOUSTON; ART ACEVEDO, in** | § | |
| **his official capacity as the chief of police of** | § | |

| | |
|---|---|
| **the Houston Police Department, GERALD GOINES, in his individual capacity; STEVEN BRYANT, in his individual capacity; FELIPE GALLEGOS, in his individual capacity; ERIC SEPOLIO, in his individual capacity; MANUAL SALAZAR, in his individual capacity; THOMAS WOOD, in his individual capacity; OSCAR PARDO, in his individual capacity; FRANK MEDINA, in his individual capacity; CLEMENTE REYNA, in his individual capacity; CEDELL LOVINGS, in his individual capacity; NADEEM ASHRAF, in his individual capacity; MARSHA TODD, in her individual capacity; and ROBERT GONZALEZ in his individual Capacity,** | § § § § § § § § § § § § § § § § § |
| *Defendants*. | § |

**DEFENDANTS ASHRAF, GONZALES, LOVINGS, MEDINA, PARDO, REYNA, SALAZAR, SEPOLIO, AND WOOD'S, RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants Nadeem Ashraf, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, and Thomas Wood (collectively "Officers"), and Robert Gonzales, file this Response to Plaintiffs' Motion for Partial Summary Judgment (Doc. #316), and respectfully show the following:

## TABLE OF CONTENTS

TABLE OF CONTENTS ....................................................................................................... iii

NATURE AND STAGE OF THE PROCEEDING ......................................................................... 1

SUMMARY OF THE ARGUMENT ......................................................................................... 3

STANDARD OF REVIEW ...................................................................................................... 5

      A.  Summary Judgment Standard .................................................................................. 5

      B.  Default Judgment Standard ...................................................................................... 6

ARGUMENT AND AUTHORITIES ......................................................................................... 6

  I.  Plaintiffs have not met their summary judgment burden. ......................................... 6

  II. Plaintiffs' motion should be considered as a motion for default judgment and denied........... 7

  III.   There are no remaining claims against the Officers and the Court lacks subject matter jurisdiction over the merits of moot claims.................................................. 9

  IV.   The Officers and Gonzales were not required to file answers; therefore, any unanswered allegations are considered denied under Rule 8(b)(6). ..................................... 10

  V. The complaints fail to allege facts establishing the Officers or Gonzales conspired to violate § 1983 in violation of § 1985.  Any conspiracy allegations were considered and dismissed with the warrant and bystander claims against the Officers and Gonzales. ......... 12

CONCLUSION AND PRAYER ............................................................................................... 17

CERTIFICATE OF SERVICE ................................................................................................. 19

## NATURE AND STAGE OF THE PROCEEDING

This is a Civil Rights suit stemming from the execution of a no-knock search warrant by Squad 15 members of the Houston Police Department Narcotics Division at 7815 Harding Street, Houston, Texas, on January 28, 2019.  Docs. #48, #49.

The Tuttle and Nicholas Plaintiffs (collectively, "Plaintiffs") amended their complaints on April 9, 2021, to assert claims against the Officers of:

A.    Unreasonable search and seizure without probable cause in violation of the Fourth Amendment ("warrant claim") (Doc. #48 at 16-22, ¶¶93-109; Doc. #49 at 60-62, ¶¶146-153);

B.    The use of excessive and deadly force in violation of the Fourth Amendment ("excessive force claim") (Doc. #48 at 22-24, ¶¶110-121; Doc. #49 at 63-65, ¶¶154-163);

C.    Failure to intervene ("bystander claim") (Doc. #48 at ¶98, ¶115; Doc. #49 at ¶¶150-152).

Plaintiffs sought damages pursuant to 42 U.S.C.S. § 1983, § 1988, and the Texas wrongful death and survival statutes.  Doc. #48 at 48-49; Doc. #49 at 85-86.

Plaintiffs alleged *Monell* claims against the City of Houston[1] and supervisory liability against Lieutenants Robert Gonzales and Marsha Todd.  Doc. #48 at ¶¶104-105, Doc. #49 at ¶¶90, 91, 151-161.

The individual Officers invoked qualified immunity and moved to dismiss.  Docs. #93, #94, #98, #99, #113.

This Court granted the Officers' motions in part, dismissing the warrant claims against

---

[1] Doc. #48 at ¶¶171-185; Doc. #49 at ¶¶164-211.

them.  Doc. #229 at 1, 7-8, 13-14.  The Court found Plaintiffs' allegations of the Officers' knowledge of or involvement in obtaining the no-knock warrant were conclusory, and that the signed warrant "breaks the causal chain and insulates them from liability with respect to Plaintiffs' § 1983 unreasonable search and seizure claims based on lack of probable cause."  *Id.*

This Court denied the Officers' motions to dismiss Plaintiffs' claims for the use of excessive and deadly force and for unlawful search-and-seizure based on a failure-to-intervene theory.  Doc. #229 at 15-16.

On interlocutory appeal, however, Plaintiffs' bystander claims against the Officers were dismissed with prejudice as to both excessive force and unlawful search-and-seizure based on a failure-to-intervene theory.  Doc. #233.  *Tuttle v. Sepolio*, Nos. 22-20279, 23-20013, 2023 U.S. App. LEXIS 12834 (5th Cir. 2023).  The Fifth Circuit explained:

> Such a theory requires a plaintiff to show that an officer was present while another officer violated someone's constitutional right, was aware of the violation, and had a clear opportunity to intervene but failed to do so.  *See Joseph v. Bartlett,* 981 F.3d 319, 343 (5th Cir. 2020).  With respect to the excessive-force claims, even viewing the allegations in Plaintiffs' favor, we must conclude that they fail to show that the officers had a sufficient opportunity to intervene while the firefight was in progress.  And supposing that the facts as pleaded demonstrate such an opportunity, they certainly do not show a clearly established right, to intervention.  The same is true with respect to the search-and-seizure claims.  The facts as alleged do not show that the officers were involved in obtaining the search warrant or otherwise knew the warrant was obtained fraudulently. *Arizmendi v. Gabbert,* 919 F.3d 891, 897 (5th Cir. 2019).  It therefore follows that they had no opportunity to intervene and prevent the unlawful search.  We thus hold that the district court erred in allowing these claims to proceed.  We thus hold that the district court erred in allowing these claims to proceed.  The claims will be dismissed with prejudice because they are futile.  *See, e.g., Anokwuru v. City of Houston,* 990 F.3d 956, 966 (5th Cir. 2021).

*Id.* at *8-9.  Doc. #233 at 5-6.

Excessive force was the only claim against the Officers remanded for further proceedings.

*See* Doc. #233 at 9 (reversing denial of dismissal of all other claims and remanding only excessive

force claim against Officers).  The only remaining claims that were remanded for Gonzales were supervisory liability stemming from the warrant (Tuttle and Nicholas) and supervisory liability stemming from the use of force (Nicholas only).  Doc. #233 at 7-8.

On August 5, 2024, the parties filed a joint stipulation reflecting Plaintiffs' voluntary dismissal with prejudice "of all claims of excessive force in violation of the Fourth and Fourteenth Amendment pursuant to 42 U.S.C.S. §§ 1983, 1988, against Defendants Nadeem Ashraf, Robert Gonzales, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, and Thomas Wood."  Doc. #301.

With the dismissal of the only remaining claim against the Officers, the Officers and Gonzales moved for judgment on the pleadings and the entry of judgment in their favor, dismissing this case against them in its entirety.  Doc. #310.  Gonzales also moved for summary judgment. Doc. #312.

Despite the dismissal of all claims against the Officers, Plaintiffs filed a motion for partial summary judgment against the Officers and Gonzales arguing that they failed to file answers and therefore, essentially, seeking a default judgment against them.  Doc. #316.

The Officers and Gonzales were not required to file answers pursuant to this Court's August 9, 2021, Order requiring defendants to file stipulations invoking the Fifth Amendment.  Doc. #134. The Order specified that ***no further answer*** was required until further order of the Court and permitted the defendants invoking the Fifth Amendment to re-urge their qualified immunity after discovery without prejudice.  Doc. #134.

## SUMMARY OF THE ARGUMENT

Plaintiffs have not met their summary judgment burden to present evidence conclusively establishing each element of their claims and each defendants' personal involvement in the violation of a clearly established constitutional right.  They cannot rest on the pleadings alone and

summary judgment cannot be granted by default. The record before the Court defeats summary judgment as to any claim by the Plaintiffs against the Officers and Gonzales.

The appropriate procedure for obtaining the relief Plaintiffs seek would be either a motion for judgment on the pleadings or a motion for default judgment.  Plaintiffs avoid those procedures because they cannot succeed on either and do not even attempt to meet the requisite summary judgment burden.

Plaintiffs stipulated to the dismissal of their excessive force claims with prejudice. Dismissal of all claims either by this Court, the Fifth Circuit, or voluntarily by the Plaintiffs, in exchange for the Officers' agreement not to seek attorneys' fees or costs, rendered Plaintiffs' complaints against the Officers moot.  Federal courts lack jurisdiction over the merits of a moot claim, and such a claim should be dismissed.

The Officers and Gonzales were not required to file answers pursuant to this Court's August 9, 2021, Order requiring defendants to file stipulations invoking the Fifth Amendment.  The Order specified that no further answer was required until further order of the Court and permitted the defendants invoking the Fifth Amendment to re-urge their qualified immunity after discovery without prejudice.  The Officers and Gonzales were not required to file answers; therefore, any unanswered allegations are considered denied or avoided under Rule 8(b)(6), Fed. R. Civ. P.  The complaints' conclusory propositions that each defendant violated or "conspired" to violate constitutional rights are also considered denied or avoided because defendants were not required to deny allegations of the amount of damages conclusions of law, or allegations in a pleading to which no response is required.

The complaints fail to allege facts establishing the Officers or Gonzales conspired to violate 42 U.S.C.S. § 1983 in violation of 42 U.S.C.S. § 1985.  Any conspiracy allegations were

4

considered and dismissed with the warrant and bystander claims against the Officers and Gonzales.

## STANDARD OF REVIEW

### A.      Summary Judgment Standard

Summary Judgment under Federal Rule of Civil Procedure 56 is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is *no genuine issue* as to any *material* fact *and* that he moving party is *entitled* to a judgment as a matter of law." FED. R. CIV. P. 56(c) (emphasis added).

An issue is "*genuine*" if it is real and substantial, as opposed to merely formal, pretended, or a sham. *See Wilkinson v. Powell*, 149 F.2d 335, 337 (5th Cir. 1945) ("The very object of a motion for summary judgment is to separate what is *formal or pretended* in denial or averment from what is *genuine and substantial*, so that only the latter may subject a suitor to the burden of a trial.") (emphasis added; footnote omitted).

A fact is "*material*" if it "*might affect* the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986) (emphasis added). *See also International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264 (5th Cir. 1991) ("Factual disputes over issues *not* germane to the claim are simply irrelevant because they are *not outcome determinative*. The court may grant a [summary judgment] motion, immaterial facts notwithstanding") (emphasis added), *cert. denied*, 502 U.S. 1059 (1992).

The movant has the burden of showing that there is *no* genuine issue of [material] fact." *Liberty Lobby*, 477 U.S. at 256 (emphasis added); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) ("The burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case").  If it satisfies that burden, the non-movant must identify specific evidence in the summary judgment record demonstrating that there is a material fact issue concerning the essential elements

of its case for which it will bear the burden of proof at trial. *Bazan v. Hidalgo Cty.*, 246 F.3d 481, 488-90 (5th Cir. 2001), citing *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.) (citation omitted), *cert. denied*, 513 U.S. 871 (1994). The summary judgment record/evidence is viewed in the light most favorable to the nonmovant, with all factual inferences made in the nonmovant's favor. *See, e.g.*, *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996); *Liberty Lobby*, 477 U.S. at 255.

The burden of proof for qualified immunity – including for summary judgment purposes – shifts. Once the defendant has invoked qualified immunity, the burden shifts to the plaintiff to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law. *Salas v. Carpenter*, 980 F.2d 299, 306 (5th Cir. 1992) (citations omitted). *See also Pierce v. Smith*, 117 F.3d 866, 872 (5th Cir. 1997) ("We do *not* require that an official demonstrate that he did *not* violate clearly established federal rights; our precedent places that burden upon plaintiffs.") (emphasis added; internal quotation marks omitted).

### B.    Default Judgment Standard

Rule 55 of the Federal Rules of Civil Procedure governs the process by which a party may obtain a default judgment. *See* FED. R. CIV. P. 55. In the Fifth Circuit, there are three procedural steps: (1) default; (2) entry of default; and (3) entry of default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). "A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *Id.* (emphasis omitted). Once a party defaults, the clerk must enter the default if the default is established "by affidavit or otherwise." FED. R. CIV. P. 55(a). After the default is entered, the plaintiff may apply "for a judgment based on such default." *Brown*, 84 F.3d at 141; *see* FED. R. CIV. P. 55(b).

### ARGUMENT AND AUTHORITIES

### I.    Plaintiffs have not met their summary judgment burden.

Plaintiffs bear both the ultimate burden of proof as to each element of their claims and the burden of overcoming qualified immunity by evidence of each defendants' personal involvement in the violation of a clearly established constitutional right. *Bazan v. Hidalgo Cty.*, 246 F.3d 481, 488-90 (5th Cir. 2001). They have not presented evidence establishing each element of their purported claims entitling them to judgment as a matter of law. Fed. R. Civ. P. 56(a). Again, "they *cannot* rest on the pleadings"; instead, they must show genuine issues of material fact concerning the reasonableness of each individual defendant's conduct. *Bazan*, 246 F.3d at 488-90 (citations omitted). Summary judgment cannot be granted by default. *See, e.g., Patterson v. Oakes*, No. 5:19cv55, 2024 U.S. Dist. LEXIS 45257, at *4 (E.D. Tex. 2024) (citing *Honore v. Douglas*, 833 F.2d 565, 567 (5th Cir. 1987)). The record before the Court defeats summary judgment as to any claim by the Plaintiffs against the Officers and Gonzales. *See* Docs. #310 (Officers and Gonzales's Motion for Judgment on the Pleadings); Doc. #312 (Gonzales's Motion for Summary Judgment); Docs. #305 and #308 (City of Houston's Motions for Summary Judgment); #318 (Motion for Summary Judgment by Felipe Gallegos), which are incorporated by reference in their entirety herein.

The appropriate procedure for obtaining the relief Plaintiffs seek would be either a motion for judgment on the pleadings or a motion for default judgment. Plaintiffs avoid those procedures because they cannot succeed on either and do not even attempt to meet the requisite summary judgment burden.

## II.   Plaintiffs' motion should be considered as a motion for default judgment and denied.

Plaintiffs' motion, while seeking summary judgment, should be considered as a motion for default judgment. Several courts within the Fifth Circuit have construed a motion for summary judgment based upon a failure to answer as a motion for default judgment. *See United States v. Star-Tel, Inc.*, No. 03-3904, 2005 U.S. Dist. LEXIS 29754, 2005 WL 2810701, at *2 (S.D. Tex.

7

Oct. 26, 2005) (treating a motion for summary judgment as a motion for default judgment because the defendant was in default); *Lijadu v. I.N.S.*, No. 06-518, 2009 U.S. Dist. LEXIS 15101, 2009 WL 508040, at *3 (W.D. La. Feb. 26, 2009) (same); *see also Truist Bank v. Cuzzcast Gourmet Gelato, LLC*, No. 20-cv-3607, 2022 U.S. Dist. LEXIS 75, 2022 WL 19699, at *2 (N.D. Tex. Jan. 3, 2022) ("Because [the defendant] has not appeared and the Clerk of Court has entered default against it, the Court treats the motion for summary judgment . . . as a motion for default judgment."); *Orange Beacon Mktg., LLC v. Outstanding Real Est. Sols., Inc.*, No. 22-cv-570, 2023 U.S. Dist. LEXIS 78639, 2023 WL 3294599, at *2 (W.D. Tex. May 5, 2023) (same), *R. & R. adopted*, 2023 U.S. Dist. LEXIS 89593, 2023 WL 3612338 (W.D. Tex. May 23, 2023).

Summary judgment is an "inapt procedural vehicle" against a defaulting party because the fact issues "have not been actually litigated but [are instead] established by default." *United States ex rel. Proctor v. Next Health, LLC*, Civil Action No. 4:17-cv-169-ALM-KPJ, 2024 U.S. Dist. LEXIS 41248, at *5 (E.D. Tex. 2024) (citations omitted). Thus, "[t]he appropriate procedure against a defendant in default is a motion for default judgment, not a motion for summary judgment." *Id.* (citing *Great Am. Ins. Co. v. Delphini Constr. Co.*, No. 14-cv-1412, 2015 U.S. Dist. LEXIS 194615, 2015 WL 13791707, at *2 (M.D. Fla. Sept. 28, 2015) (citing *Phillips Factors Corp.*, 648 F. Supp. at 1582-83).

Defendants filed an answer or otherwise responded to the Plaintiffs' complaints and are not in default.  The clerk has not entered a default.  Plaintiffs are not entitled to a default judgment. Even if Plaintiffs had obtained a clerk's entry of default, the motion must be denied because "when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." *Next Health, LLC*, LEXIS 41248, at *8 (citing *Great Am. Assur.*

*Co. v. Wills*, No. 10-cv-353, 2010 U.S. Dist. LEXIS 108912, 2010 WL 4007330, at *1 (W.D. Tex. Oct. 12, 2010) (quoting 10A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2690) (internal quotation marks omitted); *see Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 554, 21 L. Ed. 60 (1872)).  As noted in the Plaintiffs' motion, several purportedly conspiring defendants have filed answers,[2] and all have filed dispositive motions that are pending.[3]  Therefore, default judgment is inappropriate without adjudication of all the claims against all defendants.[4]

### III.   There are no remaining claims against the Officers and the Court lacks subject matter jurisdiction over the merits of moot claims.

The Federal Rules do not address nonsuiting parties.  Federal Rule of Civil Procedure 41(a)(1)(A) provides that a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment or a stipulation of dismissal signed by all parties who have appeared.  Although this rule specifically refers to "Dismissal of Actions," it has been interpreted to permit voluntary dismissal as to a single defendant who has not answered notwithstanding remaining claims and/or defendants.  *See Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 253 (5th Cir.1973).  See also, e.g., *Gonzalez v. Robles & Sons, Inc.*, No. SA-14-CA-733-OLG, 2014 U.S. Dist. LEXIS 191172, at *4-5 (W.D. Tex. 2014) (interpreting plaintiff's motion as a Rule 41(a)(1) voluntary dismissal of certain parties).

---

[2] Doc. #316 at 1 n.1.

[3] Docs. #310 (Officers and Gonzales's Motion for Judgment on the Pleadings); #305 and #308 (City of Houston's Motions for Summary Judgment); #312 (Motion for Summary Judgment by Robert Gonzalez); #313 and #314 (Motions for Summary Judgment by Stephen Bryant); #318 (Motion for Summary Judgment by Felipe Gallegos).

[4] See also Doc. #48 at ¶91 asserting joint and several liability as to all defendants for civil rights claims.

Plaintiffs' voluntary stipulation to the dismissal with prejudice of the only substantive claim remaining against Ashraf, Lovings, Medina, Pardo, Reyna, Salazar, Sepolio, and Wood, disposed of the case against these Defendants.  Doc. #301.  Plaintiffs subsequently moved for partial summary judgment against these Officers arguing that they failed to file answers, but there are no claims remaining against them for which summary judgment might be granted.  *See* Doc. #310.

Dismissal of all claims either by this Court, the Fifth Circuit, or voluntarily by the Plaintiffs, in exchange for the Officers' agreement not to seek attorneys' fees or costs, rendered Plaintiffs' complaints against the Officers moot.  [F]ederal courts lack jurisdiction over the merits of a moot claim, and such a claim should be dismissed [.]"  *See, e.g., Matter of Talbott Big Foot, Inc.*, 924 F.2d 85, 86 (5th Cir. 1991) (dismissing appeal as moot after parties settled).  *See also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376-77 (1994) (holding that district court lacked subject-matter jurisdiction to enforce settlement agreement after plaintiff voluntarily dismissed); *Bell v. Schexnayder*, 36 F.3d 447, 450 & n.2 (5th Cir. 1994) (discussing situations in which settlement agreement may be enforced after dismissal and observing that case did "not involve a situation wherein a settlement was finalized by a consent decree or wherein the parties stipulated to a dismissal, reserving the question of attorney's fees" or other issues).

## IV.   The Officers and Gonzales were not required to file answers; therefore, any unanswered allegations are considered denied under Rule 8(b)(6).

Plaintiffs mistakenly allege that the Officers and Gonzales made a decision not to dispute liability facts.  The Officers and Gonzales were not required to file answers pursuant to this Court's August 9, 2021, Order requiring defendants to file stipulations invoking the Fifth Amendment. Doc. #134.  The Order specified that ***no further answer*** was required until further order of the Court and permitted the defendants invoking the Fifth Amendment to ***re-urge their qualified immunity after discovery without prejudice***.  Doc. #134.

10

Federal Rule of Civil Procedure 8(b)(6) provides as follows: "(6) Effect of Failing to Deny. An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied. ***If a responsive pleading is not required, an allegation is considered denied or avoided***."  Fed. R. Civ. P. 8(b)(6).  Here, "no further answer" was "required" by the Officers and Gonzales, who properly invoked their Fifth Amendment rights pursuant to the Court's Order.  Therefore, any allegation that was not answered is considered ***denied or avoided***.   *Id.*

Furthermore, a defendant does not need to deny allegations of the amount of damages, conclusions of law, or allegations in a pleading to which no response is required.  WRIGHT & MILLER FEDERAL PRACTICE AND PROCEDURE CIVIL S1279 (4th ed.); Fed. R. Civ. P. 8(b)(6).  Plaintiffs' motion does not cite to any purportedly undisputed ***factual*** allegations that establish a 42 U.S.C.S. § 1985 conspiracy claim because their complaints provide none.  Instead, they argue that the conclusory legal proposition that each defendant violated or "conspired" to violate constitutional rights has been admitted by Defendants' failure to answer.  These conclusory allegations are also considered denied or avoided because defendants were not required to answer them.

Plaintiffs provide no authority to support their argument that liability is undisputed by default when a responsive pleading was not required, qualified immunity was invoked, and the Defendants have vigorously defended against the Plaintiffs' allegations.  They rely on *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 860 Fed. Appx. 315 (5th Cir. 2021), in which an employer was wrongfully allowed to "pull an abrupt about-face nearly two years after its answer was originally due," inserting "a new surprise defense into the proceeding" that could not have been previously anticipated.  *Id.* at 526.  The Fifth Circuit held the untimely answer was unexcused and unfairly

prejudicial to the employee.  Here, the defendants invoked qualified immunity at the first available opportunity and have not attempted to insert any surprise defenses.  *Nelson* did not involve defendants facing the threat of criminal prosecution.  The defendant in *Nelson* had not invoked the Fifth Amendment and filed a stipulation in accordance with a Court's Order excusing any further answer.  Plaintiffs were aware of this Court's Order that no further answer was required and indicated they would go to the Court before depositions began but did not do so.  Doc. #316-1. Instead, they waited until all claims against the Officers were dismissed to claim, for the first time, they have an undisputed conspiracy claim.  Finally, the plaintiff in *Nelson* was not awarded summary judgment.  *Nelson* only held that the district court abused its discretion by granting the employer's motion for leave to file an untimely answer that raised a surprise defense.

**V.      The complaints fail to allege facts establishing the Officers or Gonzales conspired to violate § 1983 in violation of § 1985.  Any conspiracy allegations were considered and dismissed with the warrant and bystander claims against the Officers and Gonzales.**

For a 42 U.S.C.S. § 1985 claim, a plaintiff must allege that defendants (1) conspired; (2) for the purpose of depriving, either directly or indirectly, the plaintiff of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) took or caused action in furtherance of the conspiracy; which (4) injured the plaintiff or deprived him of his rights or privileges as a United States citizen.  *Shaw v. Villanueva*, 918 F.3d 414, 419 (5th Cir. 2019), citing 42 U.S.C. § 1985(3); *Carpenters v. Scott*, 463 U.S. 825, 828-29 (1983); *Griffin v. Breckenridge*, 403 U.S. 88, 102-03, 91 S. Ct. 1790 (1971).

The Fifth Circuit has explained that "such claims are unique."  *Shaw v. Villanueva*, 918 F.3d at 419 (discussing *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990), abrogated on other grounds by *Martin v. Thomas*, 973 F.2d 449 (5th Cir. 1992)).  "The plaintiff must not only allege facts that 'establish (1) the existence of a conspiracy involving state action,' but also '(2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy.'"  *Shaw v.*

*Villannueva*, 918 F.3d at 419 (citing *Pfannstiel*, 918 F.2d at 1187).

Neither Tuttle nor Nicholas asserted 42 U.S.C.S. § 1985 causes of action.  Doc. #48, Doc #49.  Section 1985 is not referenced in their complaints.  Conspiracy is not identified in any pled causes of action numbered one through seven by Tuttle or one through six by Nicholas.

**Nicholas causes of action**:

1) "First Cause of Action: 42 U.S.C. § 1983 – Excessive Deadly Force in violation of the Fourth and Fourteenth Amendments against the individual Defendants, in their individual capacities." Doc. #49 at ¶¶146-153.
2) "Second Cause of Action: 42 U.S.C. § 1983 – Unlawful search and seizure in violation of the Fourth and Fourteenth Amendments against the individual Defendants, in their individual capacities." *Id.* at ¶¶154-163.
3) "Third Cause of Action: 42 U.S.C. § 1983 – Municipal liability for a policy, custom usage, or ratification against the City of Houston and Chief Acevedo, in his official capacity." *Id.* at ¶¶164-174.
4) "Fourth Cause of Action: 42 U.S.C. § 1983 – Municipal liability for failure to train, supervise, and discipline, and failure to create policies mandating training, supervision, and discipline against the City of Houston and Chief Acevedo, in his official capacity." *Id.* at ¶¶175-211.
5) "Fifth Cause of Action: Wrongful Death." *Id.* at ¶¶175-211.
6) "Sixth Cause of Action: Survival claim." *Id.* at ¶¶212-217.

**Tuttle causes of action**:

1) "PLAINTIFFS' FIRST CAUSE OF ACTION 42 U.S.C. §1983 – Unlawful Search and Seizure – No Probable Cause." Doc. #48 at ¶¶93-109.
2) "PLAINTIFFS' SECOND CAUSE OF ACTION 42 U.S.C. §1983 – Unreasonable Search and Seizure – Excessive and Deadly Force." *Id.* at ¶¶110-121.
3) "PLAINTIFFS' THIRD CAUSE OF ACTION 42 U.S.C. §1983 – Municipal Liability – Policy, Custom or Practice." *Id.* at ¶¶122-170.
4) "PLAINTIFFS' FOURTH CAUSE OF ACTION 42 U.S.C. §1983 – Municipal Liability – Failure to Train, Supervise, and Discipline." *Id.* at ¶¶171-179.
5) "PLAINTIFFS' FIFTH CAUSE OF ACTION 42 U.S.C. §1983 – Municipal Liability – Failure to Promulgate Adequate Policies." *Id.* at ¶¶180-185.
6) "PLAINTIFFS' SIXTH CAUSE OF ACTION: SURVIVAL CLAIM." *Id.* at ¶¶186-189.
7) "PLAINTIFFS' SEVENTH CAUSE OF ACTION: WRONGFUL DEATH." *Id.* at ¶¶190-192.

Nicholas's complaint includes the word "conspiracy" twice: first in context of allegations against the City of Houston under section 1983; second in relation to the warrant claim that was

previously dismissed as to the Officers by this Court and affirmed by the Fifth Circuit.  Doc. #49 at ¶¶6, 160.  Tuttle's complaint does not mention "conspiracy" at all.  "Conspire" appears twice in formulaic recitation of legal theories against "all individually named Defendants" lumped together as having allegedly "deprived and conspired to deprive Dennis of his rights" regarding both the warrant and excessive force claims.  Doc. #48 at 17 ¶97, 22 ¶112.  These conclusory claims fail to plausibly establish the elements of a conspiracy claim under Fifth Circuit precedent.  *Shaw v. Villanueva*, 918 F.3d at 419 (citing *Pfannstiel*, 918 F.2d at 1187).

Any conceivable conspiracy with respect to either the warrant or excessive force claim was disposed by the Fifth Circuit's dismissal of Plaintiffs' bystander claims against the Officers.  Doc. #233.  *Tuttle v. Sepolio*, Nos. 22-20279, 23-20013, 2023 U.S. App. LEXIS 12834 (5th Cir. 2023).  The Fifth Circuit explained:

> Such a theory requires a plaintiff to show that an officer was present while another officer violated someone's constitutional right, was aware of the violation, and had a clear opportunity to intervene but failed to do so.  *See Joseph v. Bartlett,* 981 F.3d 319, 343 (5th Cir. 2020).  With respect to the excessive-force claims, even viewing the allegations in Plaintiffs' favor, we must conclude that they fail to show that the officers had a sufficient opportunity to intervene while the firefight was in progress.  And supposing that the facts as pleaded demonstrate such an opportunity, they certainly do not show a clearly established right, to intervention.  The same is true with respect to the search-and-seizure claims.  The facts as alleged do not show that the officers were involved in obtaining the search warrant or otherwise knew the warrant was obtained fraudulently. *Arizmendi v. Gabbert,* 919 F.3d 891, 897 (5th Cir. 2019).  It therefore follows that they had no opportunity to intervene and prevent the unlawful search.  We thus hold that the district court erred in allowing these claims to proceed.  The claims will be dismissed with prejudice because they are futile.  *See, e.g., Anokwuru v. City of Houston,* 990 F.3d 956, 966 (5th Cir. 2021).

*Id.* at *8-9.  Doc. #233 at 5-6.  The holding that Plaintiffs failed to plausibly show knowledge, involvement, or an opportunity to intervene in an alleged civil rights violation defeats any suggestion that the Officers conspired to commit said violations.

Any conceivable conspiracy to deprive Plaintiffs of civil rights with respect to the warrant claim was also disposed by this Court's holding that Plaintiffs' allegations of the Officers' knowledge of or involvement in obtaining the no-knock warrant were conclusory, and that the signed warrant "breaks the causal chain and insulates them from liability with respect to Plaintiffs' § 1983 unreasonable search and seizure claims based on lack of probable cause."  Doc. #229 at 1, 7-8, 13-14.  Without specific knowledge and agreement, involvement or furtherance, Plaintiffs fail to establish any element of a conspiracy claim.

Any alleged pattern and practice allegations were confined to either claims against the City or the purported overtime scheme.  Plaintiffs confirmed that they were not asserting any cause of action stemming from the overtime allegations against the Officers individually.[5]  Not only were those allegations dismissed with the warrant claim against the Officers, but the Court has repeatedly emphasized that it is not presiding over any overtime case or criminal case related to the engaging charges previously pending against some of the Officers.  *See* Doc. #310-1, 8/20/2021 status conference transcript at 23:13-16 ("Well, if they extended a lunch hour for too long or they didn't make a call-in when they should have, I don't see why that would be relevant to the allegations in this case."); Doc. #310-2, 11/5/2021 status conference transcript at 22:17-23:18 ("I think I've said this before, and I'll say it again. This overtime issue is of no moment to me."); *id.* at 23:11-17 (THE COURT: You don't have a cause of action on it, though, do you?  MR. SMITH: No, sir, not per se.); Doc. #310-3, 8/18/2023 status conference transcript at 16:8-9 ("As I Understand it, the overtime case is not before me; and so that's not an issue in this case."); *id.* at 43:3-9 (Again, I don't – it's not a case before me and my suggestion – and that's all it is at this

---

[5] Doc. #310-2 at 23:11-17.  THE COURT: "You don't have a cause of action on it, though, do you?" MR. SMITH: "No, sir, not per se."

point – is that the depositions be limited to what is before me, which is the raid case."); Doc. #310-4, 10/13/2023 status conference transcript at 26:10-11 ("I think I also stated I'm not presiding over an overtime case."); *id.* at 28:109 ("In regards to the – and I don't know because I've not read the criminal Indictment from the DA regarding the overtime cases, but as to any other overtime issues, again I'm not presiding over any overtime matters in this case.").  Plaintiffs may not revive dismissed claims by labeling them something new.

The Fifth Circuit has rejected claims of conspiracy supported only by the alleged conduct of others.  *See, e.g., Shaw v. Villanueva*, 918 F.3d 414, 419 (5th Cir. 2019) ("Shaw has failed to allege facts to satisfy element four, an actual deprivation of his rights.  He alleges no specific facts showing that Villanueva and Ebrom *themselves* acted in furtherance of a conspiracy to violate his civil rights—though he has lots to say about what Phillips, Morin, and other subordinates did. In short, Shaw's complaint, read in its entirety, is replete with conclusory allegations but devoid of specific facts (or at least devoid of specific facts that are not inextricably bound up with legal conclusions").  Plaintiffs cannot state a conspiracy claim against the Officers based solely on the alleged conduct of Defendants Goines, Bryant, or Armstrong.  Doc. #48 at ¶161, ¶152.  The absence of specific facts showing that the Officers *themselves* acted in furtherance of a conspiracy to violate the Plaintiffs' civil rights is fatal to any imagined conspiracy claim.  *Id. See also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action," and such involvement must be specifically alleged by a plaintiff.  This standard requires more than conclusory assertions: The plaintiff must allege specific facts giving rise to the constitutional claims.") (citing *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002)).

Finally, Plaintiffs cannot meet their burden of proof to overcome the Officers' qualified

immunity with respect to any purported conspiracy claim. *Shaw*, 918 F.3d at 419.

## CONCLUSION AND PRAYER

Defendants Nadeem Ashraf, Robert Gonzales, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, and Thomas Wood, respectfully pray that the Honorable Court deny Plaintiffs' motion for partial summary judgment and grant all other relief to which they may be entitled in equity or under law.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

Date:  August 30, 2024.              By:    */s/ Melissa Azadeh*
CHRISTY L. MARTIN
Chief, Torts/Civil Rights
SBN:  24041336
FBN:  754168
Phone:  (832) 393-6438 (direct)
christy.martin@houstontx.gov

MELISSA AZADEH
Senior Assistant City Attorney
SBN: 24064851
FBN:  1090186
Phone: (832) 393-6270 (direct)
melissa.azadeh@houstontx.gov

MICHELLE TAYLOR
Senior Assistant City Attorney
SBN: 224060889
FBN:  3773284
Phone: (832) 393-6248 (direct)
michelle.taylor2@houstontx.gov

ALEXANDER GARCIA
Assistant City Attorney
SBN:  24104429
FBN:  3852904
Phone:  (832) 393-6293 (direct)
alexander.garcia@houstontx.gov

17

CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, 4th Floor
Houston, Texas 77002

**Attorneys for Defendants Nadeem Ashraf, Robert Gonzales, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, and Thomas Wood**

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of August 2024 a true and correct copy of the foregoing document was delivered to all opposing counsel(s) by electronic filing of same in accordance with the District's ECF service rules, to:

Michael Patrick Doyle
mdoyle@doylelawfirm.com
Jeffrey I. Avery
jeffavery@doylelawfirm.com
Patrick M. Dennis
Doyle LLP
3401 Allen Parkway, Suite 100
Houston, Texas 77019
service@doylelawfirm.com

Michael T. Gallagher
The Gallagher Law Firm
2905 Sackett St
Houston, TX 77098
mike@gld-law.com

Charles Bourque, Jr.
St. Martin & Bourque
315 Barrow St
Houma, LA 70360
cbourque@stmblaw.com

Dwayne Richard Day
Attorney at Law
3401 Allen Pkwy, Suite 100
Houston, TX 77019
dday@ddaylaw.com

David Allen Nachtigall
Attorney at Law, PLLC
1545 Heights, Ste. 100
Houston, TX 77008
david@dntriallaw.com

Margaret Bryant
Ware, Jackson, Lee, O'Neill, Smith
& Barrow, L.L.P.

2929 Allen Parkway, 39th floor
Houston, TX 77019

Alistair B. Dawson
adawson@beckredden.com
Lena Elizabeth Silva
lsilva@beckredden.com
Garrett Scott Brawley
gbrawley@beckredden.com
Beck Redden LLP
1221 McKinney, Ste 4500
Houston, TX 77010

Harold Al Odom, III
Odom Law Firm
601 Sawyer, Suite 225
Houston, TX 77007
aodom@aodomlawfirm.com

Russell Hardin, Jr
rhardin@rustyhardin.com
John Garnet MacVane
jmacvane@rustyhardin.com
Marshall Douglas Murphy
dmurphy@rustyhardin.com
Rachel Mae Lewis
rlewis@rustyhardin.com
Rusty Hardin and Associates
1401 McKinney, Ste 2250
Houston, TX 77010
Letitia D. Quinones
Quinones & Associates, PLLC
2202 Ruth Street
Houston, TX 77004
lquinones@rustyhardin.com

*/s/ Melissa Azadeh*
Melissa Azadeh