IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLIFFORD F. TUTTLE, JR., REPRESENTATIVE OF THE ESTATE OF DENNIS W. TUTTLE, DECEASED, ROBERT TUTTLE, AND RYAN TUTTLE, | § § § § § | |
| Plaintiffs | § § | |
| v. | § | Civil Action No. 4:21-cv-00270 |
| CITY OF HOUSTON, *et al.*, | § § § | |
| Defendants. | § | |

**AND**

| | | |
|---|---|---|
| JOHN NICHOLAS, as temporary administrator of the Estate of Rhogena Nicholas and JO ANN NICHOLAS, individually and as an heir of the Estate of Rhogena Nicholas, | § § § § § | |
| Plaintiffs | § § | |
| v. | § | Civil Action No. 4:21-cv-00272 |
| CITY OF HOUSTON, *et al.*, | § § § | |
| Defendants. | § | |

## **DEFENDANT CITY OF HOUSTON'S MOTION TO CONTINUE THE TRIAL DATE**

Defendant City of Houston (the "City") files this Motion to Continue the Trial Date until after the Court rules on the City's two pending Motions for Summary Judgment. In support of its Motion, the City shows the Court as follows:

1

## BACKGROUND

Currently pending before the Court are two Motions for Summary Judgment (the "Motions") that the City filed on August 9, 2024. Dkt Nos. 305, 308.[1] Plaintiffs' responses to the Motions are due September 13, 2024, and the City's replies are due fourteen days after Plaintiffs' responses are filed. Dkt. No. 323. Thus, the Court will have approximately six weeks to rule on the Motions before the scheduled trial date for this case of November 12, 2024.

However, the Court's rulings on the Motions have the potential to significantly impact the Plaintiffs' claims against the City, the parties' trial strategies, and the necessity for a trial against the City at all. Therefore, in the interest of efficiency and conserving the parties' resources in preparing for trial while the viability of Plaintiffs' claims against the City hangs in the balance, the City respectfully requests that trial be reset until after the Court rules on both of the City's Motions.

## ARGUMENT AND AUTHORITIES

Rule 16(b) of the Federal Rules of Civil Procedure provides that "[a] scheduling order may be modified only for good cause and with the judge's consent." *See also* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]"). The decision of whether to grant or deny a continuance is within the sound discretion of the trial court. *U.S. v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996). In deciding whether to grant a continuance, the Court's "judgment range is exceedingly wide," for it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (internal citations omitted).

---

[1] In addition to the City's Motions, motions for summary judgment were also filed by Robert Gonzales and Felipe Gallegos (Dkt. Nos. 312, 318). The City anticipates that these individual defendants may join in this motion for similar reasons.

2

Courts in this district have historically granted trial continuances when faced with pending or recently granted motions for summary judgment. *See e.g.*, *Cruz v. Harris Cnty. Treasury*, No. 4:20-CV-04241, 2022 WL 2239843, at *1 (S.D. Tex. June 21, 2022) (noting that the Court had continued trial "until after the Court's ruling on the pending motion for summary judgment"); *Clearline Techs. Ltd. v. Cooper B-Line, Inc.*, No. CV H-11-1420, 2012 WL 12893665, at *1 (S.D. Tex. Aug. 22, 2012) (noting that after having granted in part the defendant's "extensive" motion for summary judgment, the Court *sua sponte* continued trial); *Owens v. Bd. of Regents of Tex. S. Univ.*, 953 F. Supp. 781, 792 (S.D. Tex. 1996) (granting in part the defendant's motion for continuance of trial and request for preferential setting where the Court also granted in part the defendant's motion for summary judgment). The factors that courts within the Fifth Circuit typically consider when deciding whether to stay trial pending the resolution of a separate, dispositive case provide additional guidance in determining whether good cause exists for continuing trial until after the Court rules on the City's Motions: (1) the potential prejudice to Plaintiffs if trial is continued, (2) the hardship to the City if trial is not continued, and (3) the impact on judicial efficiency in terms of simplifying or complicating issues, proof, or questions of law which could be expected from continuing trial until the Court rules on the City's Motions. *Coker v. Select Energy Servs.*, LLC, 161 F. Supp. 3d 492, 495 (S.D. Tex. 2015).

Here, the City seeks to continue the trial setting in order to avoid the prejudice of potentially wasting parties' resources by preparing for a trial in which the legal claims and issues to be litigated remain in flux and may ultimately be dismissed altogether. Because the City anticipates that resetting trial for after the Court's rulings on the Motions will result in a continuance of only a few months, any prejudice to Plaintiffs is minimal. And while the City is mindful that trial in this case has

3

previously been delayed, none of the prior delays were caused by the City. Indeed, this is the first time that the City has asked for a trial continuance in this case.

Conversely, if the requested continuance is denied, the prejudice to the City will be significant. If the current trial setting is maintained, the City will need to spend significant amounts of time, money, and effort preparing its defense for a trial that—depending on the Court's rulings on the Motions—may never occur. Even if the Court only grants one or both of the Motions in part, such a ruling will likely significantly reduce and simplify the claims and legal issues to be litigated at trial.

In short, the requested continuance will not significantly delay justice in this matter or prejudice Plaintiffs. To the contrary, continuing trial until after the Court rules on the Motions relieves the parties of the potentially needless effort of preparing for trial on moot legal issues.

## CONCLUSION

For good cause and in the interest of efficiency, the City respectfully requests that the Court grant a short continuance of the trial setting in this matter to a date certain to be set by the Court after the Court rules on the pending Motions for Summary Judgment, as set forth above, as well as all other just relief.

Dated: September 13, 2024

Respectfully submitted:

**BECK REDDEN LLP**

*/s/ Alistair B. Dawson*
Alistair B. Dawson
State Bar No. 05596100
Federal Bar I.D. 12864
adawson@beckredden.com
Garrett S. Brawley
State Bar No. 24095812
Federal Bar I.D. 3311277
gbrawley@beckredden.com
Lena E. Silva
State Bar No. 24104993
Federal Bar I.D. 3608019
lsilva@beckredden.com

        1221 McKinney St., Suite 4500
        Houston, Texas 77010-2010
        Telephone: (713) 951-3700
        Facsimile: (713) 951-3720

        */s/ Al Odom*
        Al Odom
        State Bar No. 15201100
        Federal Bar I.D. 12913
        The Odom Law Firm
        601 Sawyer Street, Suite 225
        Houston, Texas 77007
        Telephone: (713) 357-5153
        E-mail: aodom@aodomlawfirm.com

        **ATTORNEYS FOR DEFENDANT CITY OF HOUSTON**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent to all counsel of record on this the 13th day of September 2024, pursuant to the Federal Rules of Civil Procedure.

        */s/ Alistair B. Dawson*
        Alistair B. Dawson

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel for the Plaintiffs regarding the relief requested, and Plaintiffs' counsel informed me that Plaintiffs are opposed to the relief requested. Counsel for the remaining defendants informed me that they are not opposed to the relief requested.

        */s/ Alistair B. Dawson*
        Alistair B. Dawson