UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CLIFFORD TUTTLE, et. al.<br><br>Consolidated with<br><br>    JOHN NICHOLAS, et.al.<br><br>    Plaintiffs,<br>    v.<br><br>CITY OF HOUSTON; ART ACEVEDO, et. al.<br><br>    Defendants. | Case No. 4:21-cv-00270<br><br><br><br><br><br><br><br><br><br>**(JURY DEMANDED)** |

### THE NICHOLAS AND TUTTLE PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANTS SEPOLIO, SALAZAR, WOOD, PARDO, MEDINA, REYNA, LOVINGS, ASHRAF, AND GONZALES

Despite Plaintiffs' Motion for Partial Summary Judgment, to date, Defendants have still not filed an answer or requested leave to file an answer. As confirmed by the Fifth Circuit *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 528 (5th Cir. 2021) – Plaintiffs are entitled to summary judgment because Defendants have not contested the liability facts in their complaints.

    A.    **Plaintiffs' warrant conspiracy claim, along with the supervisory claim, are live and ripe for summary judgment.**

First, Despite Defendants' argument, Plaintiffs' conspiracy claims against the non-Answering Defendants and the supervisory claim against Gonzales have not been adjudicated. Plaintiffs do not have a claim based on § 1985, and it is not addressed here. Furthermore, contrary to Defendants' arguments, Plaintiffs were not required to file a default judgment. Instead, Plaintiffs, like the counter-plaintiffs in *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, have filed for summary judgment based on the Defendants' failure to dispute their allegations.

To be clear, the Joint Stipulation of Dismissal[1] of Plaintiffs' excessive force claims did not include conspiracy claim. In correspondence related to the parties' stipulated dismissal, Plaintiffs' counsel explicitly stated conspiracy claims remain. Defendants failed to answer Plaintiffs' warrant conspiracy claim or raise it in any motions to dismiss; and as such the warrant conspiracy claims were not before the trial court pre-appeal[2] or before the Fifth Circuit on appeal in both opinions.[3]

Following that, the Court of Appeals could not – and did not – rule on Plaintiffs' warrant conspiracy claims because Defendants never raised them before this Court. Defendants impermissibly ask the Court to *infer* the Fifth Circuit's rulings dismissed Plaintiffs' conspiracy claims.[4] The same is true for Defendants' assertions of qualified immunity on Plaintiffs' warrant conspiracy claim because Defendants failed to place qualified immunity for conspiracy and supervisory liability before the Court or the Court of Appeals at any point; therefore, Plaintiffs' conspiracy claims and the supervisory claim are live.

**B.    Plaintiffs have sufficiently pleaded conspiracy claims under Section 1983.**

Next, Defendants conflate Section 1985 and a conspiracy claim under § 1983. The Southern District of Texas has explained this as follows:

> As the Fifth Circuit has recognized, "[a]n action for conspiracy may be maintained under section 1983." *Ryland v. Shapiro*, 708 F.2d 967, 974 (5th Cir. 1983) (reversing dismissal of § 1983 conspiracy claim). This claim is distinct from a conspiracy claim under § 1985. *See id.* A conspiracy under § 1983 requires "(1) the existence of a conspiracy involving state action, and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990), *abrogated on other grounds by Martin v. Thomas*, 973 F.2d 449 (5th Cir. 1992); *see also Shaw v. Villanueva*, 918 F.3d 414, 419 (5th Cir. 2019) (same requirements). Moreover, such a claim can be brought against an official who allegedly conspired with a private party—not just the private party itself. *See, e.g., Morales v. Carrillo*, 625 F. Supp. 3d 587, 598, 608 (W.D. Tex. 2022) (denying motion for summary judgment on § 1983

---

[1] Doc. No. 324 at 4.
[2] Doc No. 229; no reference to "conspiracy" or "conspire."
[3] Doc. Nos. 233, 236; no reference to "conspiracy" or "conspire."
[4] *See* Doc. No. 324 at 13-16.

2

conspiracy claim against officer who allegedly conspired with private parties to bring false charges against the plaintiff).[5]

Following that, "to prove a conspiracy under § 1983, a plaintiff must allege facts that indicate (1) there was an agreement among individuals to commit a deprivation, and (2) that an actual deprivation occurred. A conspiracy allegation under § 1983 allows a plaintiff to "impose liability on all of the defendants without regard to who committed the particular act. [Plaintiffs'] conspiracy claim need not have met a probability requirement at the pleading stage; plausibility simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." [6]

Plaintiffs have pleaded this precise conduct, and Defendants' have failed to dispute those assertions in an answer.  Nicholas Plaintiffs pleaded the following:

> In addition, Defendants had a long-standing agreement and plan to obtain illegal search warrants, via perjury and through misuse of confidential informants. Specifically, as part of this agreement, Squad 15, Lt. Todd, and Lt. Gonzales, agreed and knew that member[s] of Squad 15, including Goines, would obtain illegal search warrants in violation of the Fourth and Fourteenth Amendments. Each member[] of the conspiracy agreed to the plan and intended to further its purpose. In addition, Squad 15 also financially profited from the illegal raids because each member billed thousands of dollars each year in overtime in executing the illegal raids. As a result of this scheme, Defendants violated Nicholas's constitutional rights.[7]
> . . .
> In addition, Defendants had a long-standing agreement and plan to obtain illegal search warrants, via perjury and through misuse of confidential informants. Specifically, as part of this agreement, Squad 15, Lt. Todd, and Lt. Gonzales, agreed and knew that member of Squad 15, including Goines, would obtain illegal search warrants in violation of the Fourth and Fourteenth Amendments. **Each members of the conspiracy agreed to the plan and intended to further its purpose**. In addition, Squad 15 also financially profited from the illegal raids because each member billed thousands of dollars each year in overtime in executing the illegal raids. As a result of this scheme, Defendants violated Nicholas's constitutional rights.[8]

---

[5] *Lee v. Brokenberry*, No. 4:23-cv-01470, 2023 U.S. Dist. LEXIS 170052, at *12 (S.D. Tex. Sep. 25, 2023)
[6] *Jabary v. City of Allen*, 547 F. App'x 600, 610 (5th Cir. 2013) (cleaned up).
[7] Doc. 49 at par 160.
[8] Doc. 49 at par. 160.

The Tuttle Plaintiffs pleaded:

> On January 28, 2019, while acting under color of Texas law, all individually named Defendants deprived and conspired to deprive Dennis of his rights under the Fourth Amendment as incorporated and applied to the states through the Fourteenth Amendment by using excessive and deadly force during the execution of the no-knock search warrant at 7815 Harding Street.[9]
>
> . . .
>
> On January 28, 2019, while acting under color of Texas law, all individually named Defendants deprived and conspired to deprive Dennis of his rights under the Fourth Amendment as incorporated and applied to the states through the Fourteenth Amendment by using excessive and deadly force during the execution of the no-knock search warrant at 7815 Harding Street.[10]

As a result, Plaintiff is entitled to summary judgment.

### C. There was no stay of proceedings that would have relieved Defendants' obligation to answer after the Court entered its amended scheduling order.

Defendants argue the Court's Order issued on August 9, 2021, permanently relieved them of answering Plaintiffs' warrant conspiracy claim. This is simply not the case. The Court's order related to pleading the Fifth Amendment, while their motion to dismiss was pending. The Court denied those motions, and the Fifth Circuit addressed those claims. The purpose of that ruling was because the Court denied the initial 12(b)(6) without prejudice. The Court, based on the Fifth Circuit's ruling, withdrew that order and addressed the merits of the 12(b)(6) motions. Therefore, Defendants were required to file an answer consistent with the Rule.

Furthermore, Defendants have now, for the first time, asserted qualified immunity based on Plaintiffs' conspiracy claims – yet Defendants have never, in any pleading, disclosed that defense for this claim. As a result, Plaintiffs should be entitled to summary judgment.

---

[9] Doc. 49. at 97.
[10] Doc. 49. at 112.

## CONCLUSION

For these reasons, Plaintiffs ask that the Court grant their summary judgment finding the failure to answer makes Defendants and Gonzales liable for the § 1983 warrant conspiracy and supervisory claims, respectively.

| | |
|---|---|
| */s/ Michael Doyle* | */s/ Boyd Smith* |
| Michael Patrick Doyle<br>Patrick M. Dennis<br>Jeffrey I. Avery<br>Patrick Doyle<br>DOYLE DENNIS AVERY LLP<br>The Clocktower Building<br>3401 Allen Parkway, Suite 100<br>Houston, Texas 77019<br>Email: service@doylelawfirm.com | Michael T. Gallagher<br>L. Boyd Smith, Jr.<br>Pamela R. McLemore<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 238-7705<br>Facsimile:  (713) 238-7852<br>mike@gld-law.com<br>bsmith@gld-law.com<br>pamm@gld-law.com |
| CHARLES C. BOURQUE, JR.<br>*Admitted Pro Hac Vice*<br>ST. MARTIN & BOURQUE, LLC<br>315 Barrow St.<br>Houma, LA 70360<br>985-876-3891 (phone)<br>985-851-2219 (fax)<br>cbourque@stmblaw.com | Attorneys for the Tuttle Family |
| Attorneys for the Nicholas Family | |

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that a true and correct copy of the foregoing document was forwarded to the following counsel of record on this the 13th day of September, 2024 via CM/ECF, hand delivery, electronic mail, overnight courier, U.S. Mail, certified mail, return receipt request, or facsimile, pursuant to the Federal Rules of Civil Procedure.

*/s/ Jeffrey I. Avery*
Jeffrey Avery