UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CLIFFORD TUTTLE, et. al.<br><br>Consolidated with<br><br>JOHN NICHOLAS, et.al.<br><br>      Plaintiffs,<br><br>v.<br><br>CITY OF HOUSTON; ART ACEVEDO, et. al.<br><br>      Defendants. | Case No. 4:21-cv-00270<br><br><br><br><br><br><br><br><br><br>(JURY DEMANDED) |

**THE NICHOLAS AND TUTTLE PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants' intentional refusal to answer Plaintiffs' conspiracy claim is reason enough to deny this motion because the pleadings are not closed, liability as to Plaintiffs' claims has been admitted, and no affirmative defenses, including qualified immunity, have been asserted against Plaintiffs' claims. Accordingly, Plaintiffs request that Defendants Motion for Judgment on the Pleadings be denied entirely.

**1. As a procedural matter, Defendants are not entitled to judgment under Rule 12(c) because Defendants have never filed an answer**

As a procedural matter, Defendant's motion for judgment under Rule 12(c) is improper because Defendants have not filed answers, and this case is set for trial in only two months. As the Fifth Circuit has explained:

> Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Because the defendant has not answered the complaint, the pleadings are not considered closed.

> Nevertheless, under these circumstances, a court may treat a Rule 12(c) motion as one to dismiss or as one for summary judgment. *See Knight v. Storex Systems, Inc.*, 739 F. Supp. 739, 743 (N.D. N.Y June 25, 1990) (citing Williams v. Walnut Park Plaza, 68 F. Supp. 957 (E.D. Pa. Aug. 26, 1946). See also New York State United Teachers v. Thompson, 459 F. Supp. 677, 680 (D.C. N.Y. 1978) (citation omitted) (considering motion for judgment on the pleadings as a motion to dismiss for failure to state a claim where defendant had not answered the complaint but the Rule 12(c) motion was premised upon defenses that were to be made before pleading). In this case, the defendant's Rule 12(c) motion is premised upon the plaintiff's failure to state a claim upon which relief may be granted as provided for in Rule 12(b)(6). Accordingly, it is appropriate to treat the defendant's Rule 12(c) motion as a 12(b)(6) motion to dismiss.[1]

At best, the Court should treat Defendants' motion as a Rule 12(b)(6) motion. Likewise, Rule 12(c) expressly is only authorized  early enough not to delay trial. Here, Defendants' motion is procedurally inadequate and filed on the even trial, for this reason alone it should be denied.

Plaintiffs' complaints allege facts sufficient to establish a facially plausible claim.

Assuming the Court treats Defendants' motion as a Rule 12(b)(6), the Court should deny that motion on the merits. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[2] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[3]

i. **Plaintiffs' claims are for conspiracy under Section 1983 – not, standalone 1985 claims.**

As its first argument, Defendants claim that Plaintiffs' claims fail because they did not plead a conspiracy claim under § 1985. This is wrong.  This District recently explained:

> As the Fifth Circuit has recognized, "[a]n action for conspiracy may be maintained under § 1983." *Ryland v. Shapiro*, 708 F.2d 967, 974 (5th Cir. 1983) (reversing dismissal of § 1983 conspiracy claim). This claim is distinct from a conspiracy claim under § 1985. *See id.* A conspiracy under § 1983 requires "(1) the existence of a conspiracy involving state action, and (2) a deprivation of civil rights in

---

[1] *Shakir v. Chase Home Fin.*, N.A., No. 2:10CV153-NBB-JMV, 2011 U.S. Dist. LEXIS 106973, at *3-4 (N.D. Miss. Aug. 29, 2011).
[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[3] *Id.*

2

furtherance of the conspiracy by a party to the conspiracy." *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990), *abrogated on other grounds by Martin v. Thomas*, 973 F.2d 449 (5th Cir. 1992); *see also Shaw v. Villanueva*, 918 F.3d 414, 419 (5th Cir. 2019) (same requirements). Moreover, such a claim can be brought against an official who allegedly conspired with a private party—not just the private party itself. *See, e.g., Morales v. Carrillo*, 625 F. Supp. 3d 587, 598, 608 (W.D. Tex. 2022) (denying motion for summary judgment on § 1983 conspiracy claim against officer who allegedly conspired with private parties to bring false charges against the plaintiff).[4]

Therefore, this argument should be rejected.

### ii. Plaintiffs have adequately pleaded a warrant conspiracy claim under § 1983.

Next, Defendants also challenge the merits of the conspiracy claim. Generally, "[t]o prove a conspiracy under § 1983, a plaintiff must allege facts that indicate (1) there was an agreement among individuals to commit a deprivation, and (2) that an actual deprivation occurred. A conspiracy allegation under § 1983 allows a plaintiff to "impose liability on all of the defendants without regard to who committed the particular act. [Plaintiffs'] conspiracy claim need not have met a probability requirement at the pleading stage; plausibility simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal agreement."[5]

Here, Plaintiffs have pleaded sufficient facts to allege a conspiracy under § 1983. Such allegations include without limitation:

> Squad 15 repeatedly requested and obtained no-knock warrants based on false information, particularly regarding the presence of firearms at the location to be searched. In almost all cases, no firearms were found, suggesting a pattern of deliberate misrepresentation to secure these warrants.[6]
>
> Squad 15 were aware of Goines's practice of obtaining illegal warrants and actively participated in these raids despite this knowledge. They also allegedly assisted Goines in fabricating evidence to support his false claims.[7]
>
> Squad 15 members often executed these raids after hours, resulting in overtime pay.

---

[4] *Lee v. Brokenberry*, No. 4:23-cv-01470, 2023 U.S. Dist. LEXIS 170052, at *12 (S.D. Tex. Sep. 25, 2023)
[5] *Jabary v. City of Allen*, 547 F. App'x 600, 610 (5th Cir. 2013) (cleaned up).
[6] Doc. 49 at par 88.
[7] *Id.*

3

> This suggests a financial incentive for participating in these raids, even if they were based on illegal warrants[8]
>
> Squad 15 had a long-standing agreement to obtain illegal warrants through perjury and misuse of confidential informants. It further states that Squad 15 members profited financially from these illegal raids through overtime pay.[9]

Combined with that, the Nicholas Plaintiffs pleaded the following:

> In addition, Defendants had a long-standing agreement and plan to obtain illegal search warrants, via perjury and through misuse of confidential informants. Specifically, as part of this agreement, Squad 15, Lt. Todd, and Lt. Gonzales, agreed and knew that member[s] of Squad 15, including Goines, would obtain illegal search warrants in violation of the Fourth and Fourteenth Amendments. Each member[] of the conspiracy agreed to the plan and intended to further its purpose. In addition, Squad 15 also financially profited from the illegal raids because each member billed thousands of dollars each year in overtime in executing the illegal raids. As a result of this scheme, Defendants violated Nicholas's constitutional rights.[10]
> . . .
> In addition, Defendants had a long-standing agreement and plan to obtain illegal search warrants, via perjury and through misuse of confidential informants. Specifically, as part of this agreement, Squad 15, Lt. Todd, and Lt. Gonzales, agreed and knew that member of Squad 15, including Goines, would obtain illegal search warrants in violation of the Fourth and Fourteenth Amendments. **Each members of the conspiracy agreed to the plan and intended to further its purpose**. In addition, Squad 15 also financially profited from the illegal raids because each member billed thousands of dollars each year in overtime in executing the illegal raids. As a result of this scheme, Defendants violated Nicholas's constitutional rights.[11]

The Tuttle Plaintiffs pleaded:

> On January 28, 2019, while acting under color of Texas law, all individually named Defendants deprived and conspired to deprive Dennis of his rights under the Fourth Amendment as incorporated and applied to the states through the Fourteenth Amendment by using excessive and deadly force during the execution of the no-knock search warrant at 7815 Harding Street.[12]
> . . .
> On January 28, 2019, while acting under color of Texas law, all individually named Defendants deprived and conspired to deprive Dennis of his rights under the Fourth Amendment as incorporated and applied to the states through the Fourteenth

---

[8] *Id.*
[9] *Id.*
[10] Doc. 49 at par 160.
[11] Doc. 49 at par. 160.
[12] Doc. 48. at 97.

Amendment by using excessive and deadly force during the execution of the no-knock search warrant at 7815 Harding Street.[13]

Based on this, Plaintiffs have plausibly pleaded their conspiracy claim.

### iii. **Defendants have not properly asserted affirmative defenses to Plaintiffs' conspiracy claim or Nicholas's supervisory claim.**

At the latest, Defendants had twenty-one days to answer Plaintiffs' conspiracy claims beginning on August 21, 2023, when the Court entered an amended scheduling order that plainly set forth deadlines to amend pleadings and add new parties. Under Rule 6(b)(1)(B) provides that "once a time limit has run, [that time limit] may be extended only upon a party's motion and only if the court finds that the party failed to act because of excusable neglect."[14] "The excusable neglect inquiry is at bottom an equitable one, and one who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."[15] Defendants have not moved to extend the time to file answers and affirmative defenses. In particular, "a claim of qualified immunity can be waived if not squarely presented to the district court." *Sales v. Grant*, 224 F.3d 293, 296 (4th Cir. 2000) (defendant forfeits qualified immunity defense if not actively pursued in district court, despite initial mention in answer to § 1983 complaint). Further, a defense of qualified privilege cannot be asserted by way of dismissal without first answering.[16]

### iv. **Plaintiffs are not asserting common law claims and are only asserting federal claims under Section 1983.**

Finally, Plaintiffs are not asserting wrongful death and survival claims as a standalone common law claims. Plaintiffs have only asserted these claims as part of their Section 1983

---

[13] Doc. 48. at 112.
[14] *Tierra de Los Lagos, LLC v. Pontchartrain Partners*, LLC, No. 3:21-cv-00298, 2023 U.S. Dist. LEXIS 68181, at *4 (S.D. Tex. Apr. 19, 2023) (Fed. R. Civ. P. 6(b)(1)(B) (cleaned up)).
[15] *L.A. Pub. Ins. Adjusters*, 17 F.4th at 527 (cleaned up).
[16] *Gierbolini Rosa v. Banco Popular De Puerto Rico*, 930 F. Supp. 712, 717 n.2 (D. Puerto Rico 1996*);*

claims. As a result, Defendants' motion is off-point.

## CONCLUSION

In sum, Defendants are not entitled to judgment on the pleadings because Rule 12(c) is an improper procedural vehicle for such relief; even so, Plaintiffs have alleged sufficient facts to satisfy the *Twombly-Iqbal* pleading standard with regard to their § 1983 conspiracy claim.

| | |
|---|---|
| */s/ Michael Doyle* | */s/ Boyd Smith* |
| | |
| Michael Patrick Doyle | Michael T. Gallagher |
| Patrick M. Dennis | L. Boyd Smith, Jr. |
| Jeffrey I. Avery | Pamela R. McLemore |
| Patrick Doyle | 2905 Sackett Street |
| DOYLE DENNIS AVERY LLP | Houston, TX 77098 |
| The Clocktower Building | Telephone: (713) 238-7705 |
| 3401 Allen Parkway, Suite 100 | Facsimile: (713) 238-7852 |
| Houston, Texas 77019 | mike@gld-law.com |
| Email: service@doylelawfirm.com | bsmith@gld-law.com |
| | pamm@gld-law.com |
| CHARLES C. BOURQUE, JR. | |
| *Admitted Pro Hac Vice* | Attorneys for the Tuttle Family |
| ST. MARTIN & BOURQUE, LLC | |
| 315 Barrow St. | |
| Houma, LA 70360 | |
| 985-876-3891 (phone) | |
| 985-851-2219 (fax) | |
| cbourque@stmblaw.com | |
| | |
| Attorneys for the Nicholas Family | |

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that a true and correct copy of the foregoing document was forwarded to the following counsel of record on this the 13th day of September, 2024 via CM/ECF, hand delivery, electronic mail, overnight courier, U.S. Mail, certified mail, return receipt request, or facsimile, pursuant to the Federal Rules of Civil Procedure.

*/s/ Jeffrey I. Avery*
Jeffrey Avery