IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CLIFFORD F. TUTTLE, JR.,** *et al,* | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No. 4:21-cv-00270 |
| **CITY OF HOUSTON,** *et al,* | § § § | |
| *Defendants.* | § § | |

CONSOLIDATED WITH

| | | |
|---|---|---|
| **JOHN NICHOLAS,** et al, | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No. 4:21-cv-00272 |
| **CITY OF HOUSTON; et al,** | § § § | |
| *Defendants.* | § § | |

DEFENDANTS ASHRAF, GONZALES, LOVINGS, MEDINA, PARDO, REYNA,
SALAZAR, SEPOLIO, AND WOOD'S, REPLY IN SUPPORT OF THEIR
MOTION FOR JUDGMENT ON THE PLEADINGS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants Nadeem Ashraf, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, and Thomas Wood (collectively "Officers"), and Robert Gonzales, file this Reply to the Plaintiffs' Response (Doc. #340) to their Motion for Judgment on the Pleadings and entry of Judgment in their Favor pursuant to Rules 12(c) and 54, Fed. R. Civ. P. (Doc. #310).

**I. Plaintiffs' attempt to pursue claims they never asserted, using the same insufficient allegations that were clearly dismissed, against police officers who are protected by qualified immunity, must fail.**

Whether considered under 12(b)(6) or 12(c), section 1985 or section 1983, the same

analysis applies, and Plaintiffs agree the Defendants' motion for judgment on the pleadings is proper. Doc. #340 at 1-2. Plaintiffs' conclusory conspiracy allegations fail to state a plausible claim and were previously dismissed.

Plaintiffs' response does not identify, and their complaints do not contain, any allegations of a conspiracy involving Lieutenant Gonzales. Doc. #340 at 3-4. Gonzales has established his entitlement to summary judgment on the supervisory claims asserted against him. Doc. #312. Defendants' motion should be granted as to Gonzales.[1]

Plaintiffs' response recites conclusory assertions in paragraphs 88 and 160 of Nicholas's complaint and paragraph 67 of Tuttle's complaint that every squad 15 member knew the 7815 Harding Street warrant was false, had a pattern and practice of obtaining false warrants, and was involved in a scheme to benefit from unconstitutional searches by receiving overtime pay. Docs. #340 at 3-4; #49 at ¶¶ 88, 160; #48 at ¶67. This Court already rejected these allegations of the Officers' knowledge of or involvement in obtaining the no-knock search warrant as conclusory. Doc. #229 at 1, 7-8. The Fifth Circuit considered and rejected the same with respect to both the warrant and use of force claims, as well as failure to intervene:

> "With respect to the excessive-force claims, even viewing the allegations in Plaintiffs' favor, we must conclude that they fail to show that the officers had a sufficient opportunity to intervene while the firefight was in progress. And supposing that the facts as pleaded demonstrate such an opportunity, they certainly do not show a clearly established right, to intervention. The same is true with respect to the search-and-seizure claims. The facts as alleged do not show that the officers were involved in obtaining the search warrant or otherwise knew the warrant was obtained fraudulently."

---

[1] Further demonstrating their inability to comply with Rule 11, Fed. R. Civ. P., towards these Defendants, Plaintiffs did not raise any purported conspiracy claim after the dismissal of supervisory and direct liability claims against Lieutenant Marsha Todd, or during discovery, or in response to the Court's instructions that these allegations were not part of any pending claim. See Doc. #310 at 14-15. Plaintiffs did not mention such a claim until after they voluntarily dismissed excessive force claims against officers Plaintiffs' own expert found had not committed any constitutional violations.

*Tuttle v. Sepolio*, Nos. 22-20279, 23-20013, 2023 U.S. App. LEXIS 12834, *8-9 (5th Cir. 2023). Doc. #233 at 5-6.

Even assuming Plaintiffs asserted plausible allegations of a general conspiracy, they have no resulting constitutional deprivation upon which to base a conspiracy claim against the Defendants. This Court disposed of any alleged conspiracy related to the search warrant, holding that the signed search warrant "breaks the causal chain and insulates them from liability with respect to Plaintiffs' § 1983 unreasonable search and seizure claims based on lack of probable cause." Doc. #229 at 1, 7-8, 13-14. And the Plaintiffs dismissed with prejudice their excessive force claims. Doc. #301. They cannot maintain a claim for conspiracy under 42 U.S.C.S. § 1983 or §1985 without a resulting constitutional deprivation. *Lee v. Brokenberry*, No. 4:23-cv-01470, 2023 U.S. Dist. LEXIS 170052, at *6 (S.D. Tex. Sep. 25, 2023), citing *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990), *abrogated on other grounds by Martin v. Thomas*, 973 F.2d 449 (5th Cir. 1992); *see also Shaw v. Villanueva*, 918 F.3d 414, 419 (5th Cir. 2019) (same requirements).

II.   **Plaintiffs' failure to respond to Defendants' arguments warrants dismissal.**

Plaintiffs failed to respond to Defendants' arguments for dismissal including mootness, the previous dismissal of any imagined conspiracy allegations by this Court and the Fifth Circuit, and failure to overcome qualified immunity. By failing to respond to Defendants' actual arguments, Plaintiffs have effectively waived opposition to dismissal.[2]  Plaintiffs concede they are not

---

[2] S. D. Tex. Local Rule 7.4. *See also Chavez v. Alvarado*, No. H-21-867, 2021 U.S. Dist. LEXIS 136568, at *12-13 (S.D. Tex. 2021) (Lee H. Rosenthal, C. J.) (dismissing claims because "plaintiffs did not respond to the argument, effectively abandoning their claims against the Houston Police Department."); citing *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (the plaintiff's "failure to pursue [a] claim beyond [the] complaint constitute[s] abandonment." (citation omitted)); *Brackens v. Ocwen Loan Servicing, LLC*, No. 3:13-CV-3458, 2015 U.S. Dist. LEXIS 51846, 2015 WL 1808541, at *4 (N.D. Tex. Apr. 21, 2015) ("Because

3

asserting any common law claims, and that the dismissal of section 1983 claims disposes of their wrongful death and survival actions.  Doc. #340 at 5-6.  Conclusory allegations of collective wrongdoing by all defendants based only on the alleged actions of Gerald Goines are grossly insufficient to overcome qualified immunity.[3]

Plaintiffs' response cites authority permitting consideration of a motion for judgment on the pleadings under Rule 12(b)(6) filed by a party who has not answered, yet they argue without any authority that Defendants have waived affirmative defenses by failing to file answers.  Doc. #340 at 1-2; 5-6.  First, Defendants' motion for judgment on the pleadings does not rely on any affirmative defenses that are subject to waiver.  Doc. #310.  Second, this Court permitted the Defendants to assert their Fifth Amendment rights and reurge their qualified immunity after discovery without filing any further answers.  Doc. #134.  *See also* Doc. #324.   Plaintiffs entirely ignore that their complaints against the Defendant Officers are moot and none of their purported conspiracy allegations relate to Lieutenant Gonzales.

## CONCLUSION

Defendants Nadeem Ashraf, Robert Gonzales, Cedell Lovings, Frank Medina, Oscar

---

Plaintiff failed to address Defendant's arguments in a response, he has abandoned his wrongful foreclosure claim.").  *See also* S. D. Tex. Local Rule 7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.");  *Hunter v. City of Hous.*, No. 4:19-cv-02521, 2021 U.S. Dist. LEXIS 186585, at *9 (S.D. Tex. 2021) (Charles Eskridge, J) (dismissing claims for failure to respond to arguments raised in motion).
   [3] *Cain v. City of New Orleans*, 2016 U.S. Dist. LEXIS 63510, 2016 WL 2849478, *5 (E.D.La., 2016) (J. Vance) (finding "with few exceptions, plaintiffs' [] complaint directs its allegations not towards the City, or any other individual or entity, but towards defendants as a group.... This pleading structure—lumping all defendants together and asserting identical allegations as to each, without distinction—largely prevents the Court from discerning which defendants are allegedly responsible for which allegedly unlawful actions."); *see also Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) (affirming dismissal of complaint alleging collective responsibility as to all defendants); *Zola H. v. Snyder*, 2013 U.S. Dist. LEXIS 125199, 2013 WL 4718343, at *7 (E.D. Mich. Sept. 3, 2013) (dismissing complaint that lumped defendants together and failed "to impute concrete acts to specific litigants").

Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, and Thomas Wood, are entitled to the entry of judgment in their favor dismissing all claims against them with prejudice.

          Respectfully submitted,

          **ARTURO G. MICHEL**
          **City Attorney**

Date: September 27, 2024.    By:   /s/ *Melissa Azadeh*
          CHRISTY L. MARTIN
          Chief, Torts/Civil Rights
          SBN: 24041336
          FBN: 754168
          Phone: (832) 393-6438 (direct)
          christy.martin@houstontx.gov

          MELISSA AZADEH
          Senior Assistant City Attorney
          SBN: 24064851
          FBN: 1090186
          Phone: (832) 393-6270 (direct)
          melissa.azadeh@houstontx.gov

          MICHELLE TAYLOR
          Senior Assistant City Attorney
          SBN: 224060889
          FBN: 3773284
          Phone: (832) 393-6248 (direct)
          michelle.taylor2@houstontx.gov

          ALEXANDER GARCIA
          Assistant City Attorney
          SBN: 24104429
          FBN: 3852904
          Phone: (832) 393-6293 (direct)
          alexander.garcia@houstontx.gov

          CITY OF HOUSTON LEGAL DEPARTMENT
          900 Bagby, 4th Floor
          Houston, Texas 77002

          **Attorneys for Defendants Nadeem Ashraf, Robert Gonzales, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, and Thomas Wood**

## CERTIFICATE OF SERVICE

  I hereby certify that on this 27th day of September 2024 a true and correct copy of the foregoing document was delivered to all opposing counsel(s) by electronic filing of same in accordance with the District's ECF service rules, to:

Michael Patrick Doyle
mdoyle@doylelawfirm.com
Jeffrey I. Avery
jeffavery@doylelawfirm.com
Patrick M. Dennis
Doyle LLP
3401 Allen Parkway, Suite 100
Houston, Texas 77019
service@doylelawfirm.com

Michael T. Gallagher
The Gallagher Law Firm
2905 Sackett St
Houston, TX 77098
mike@gld-law.com

Charles Bourque, Jr.
St. Martin & Bourque
315 Barrow St
Houma, LA 70360
cbourque@stmblaw.com

Dwayne Richard Day
Attorney at Law
3401 Allen Pkwy, Suite 100
Houston, TX 77019
dday@ddaylaw.com

David Allen Nachtigall
Attorney at Law, PLLC
1545 Heights, Ste. 100
Houston, TX 77008
david@dntriallaw.com

Margaret Bryant
Ware, Jackson, Lee, O'Neill, Smith
& Barrow, L.L.P.

2929 Allen Parkway, 39th floor
Houston, TX 77019

Alistair B. Dawson
adawson@beckredden.com
Lena Elizabeth Silva
lsilva@beckredden.com
Garrett Scott Brawley
gbrawley@beckredden.com
Beck Redden LLP
1221 McKinney, Ste 4500
Houston, TX 77010

Harold Al Odom, III
Odom Law Firm
601 Sawyer, Suite 225
Houston, TX 77007
aodom@aodomlawfirm.com

Russell Hardin, Jr
rhardin@rustyhardin.com
John Garnet MacVane
jmacvane@rustyhardin.com
Marshall Douglas Murphy
dmurphy@rustyhardin.com
Rachel Mae Lewis
rlewis@rustyhardin.com
Rusty Hardin and Associates
1401 McKinney, Ste 2250
Houston, TX 77010

Letitia D. Quinones
Quinones & Associates, PLLC
2202 Ruth Street
Houston, TX 77004
lquinones@rustyhardin.com

          */s/ Melissa Azadeh*
          Melissa Azadeh