UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CLIFFORD TUTTLE, et. al. | Case No. 4:21-cv-00270 |
| Consolidated with | |
| JOHN NICHOLAS, et.al. | |
|     Plaintiffs, | |
| v. | |
| CITY OF HOUSTON; ART ACEVEDO, et. al. | |
|     Defendants. | (JURY DEMANDED) |

## PLAINTIFFS' OMNIBUS RESPONSE TO DEFENDANT THE CITY OF HOUSTON'S MOTION TO CONTINUE THE TRIAL DATE AND DEFENDANT GALLEGOS'S JOINDER IN THE MOTION TO CONTINUE

The Nicholas and Tuttle Plaintiffs file this Omnibus Response to Defendant The City of Houston's Motion to Continue the Trial Date and Defendant Felipe Gallegos's joinder in the same. Plaintiffs argue that continuing the November 12, 2024 trial date is unwarranted and prejudicial to Plaintiffs, who include Ms. Regina Nicholas's eighty-nine-year-old mother who is still awaiting justice for her daughter's death almost six years ago in January 2019.

### RELEVANT PROCEDURAL BACKGROUND

This is a civil rights lawsuit arising from the unlawful killing of Dennis Tuttle and Rhogena Nicholas in their home in January 2019 at the hands of the Houston Police Department's Narcotics Squad 15. Over five years ago, in July 2019, the families initiated a Texas Rules of Civil Procedure 202 petition for pre-suit discovery in state court. The City objected to jurisdiction without merit and the state court overruled the objection. The City then pursued a lengthy interlocutory appeal,

which the state court of appeals rejected in November 2020. The City then filed a petition for review to the Texas Supreme Court, which was denied along with their ensuing request for rehearing. Nearly eighteen months after the initial filing in state court, the state court set the Rule 202 petition for hearing on December 18, 2020. Just hours before the hearing and almost two years from the shooting, the City removed the lawsuit to federal court. On January 27, 2021, the families filed their civil rights lawsuits, which are now consolidated into this action.

Following its pattern of obstruction and delay from the state court proceedings, the City filed multiple motions seeking a complete blanket stay of discovery in these actions when they arrived in federal court. On July 1, 2021, in order to protect the indicted defendants' interest in asserting Fifth Amendment privileges while balancing Plaintiffs' interests in obtaining evidence, the Court rejected the blanket stay, allowed certain written discovery to go forward, and ordered that no depositions were to be taken until further order of the Court [ECF No. 119]. On August 9, 2021, the Court vacated the July 1, 2021, order and entered another similar order allowing certain written discovery and ordering that no depositions would be taken without further order of the Court [ECF No. 134].

At a status conference held on December 15, 2021, the Court heard arguments on Plaintiffs' request to take depositions. The Court decided at that time that at least three of the depositions requested by Plaintiffs would be allowed to proceed. Over the course of several weeks following the status conference, Plaintiffs made multiple requests for dates when the witnesses could be deposed. Despite the Court's unequivocal instructions, the City refused to schedule the depositions, basing their refusal on a dilatory and unilaterally imposed condition that the Court must enter yet another order clarifying the scope of the depositions. On February 1, 2022, Plaintiffs filed a letter seeking direction from the Court regarding the City's refusal to schedule depositions

[ECF No. 166].  On June 1, 2022, the Court entered an order denying certain of the individual officer defendants' motions to dismiss and authorizing the depositions of certain of the witnesses requested by Plaintiffs [ECF No. 190].

Consistent with the City's prior efforts to continually grind this case to a halt, the City then submitted a July 7, 2022 motion to stay discovery while certain of the individual officer defendants pursued appeals of the Court's order denying dismissal of the claims against them [ECF No. 210]. Deposition discovery remained stayed in these proceedings until approximately August 2023 while the individual officers pursued arguments before the Fifth Circuit to overturn this Court's denial of their requests to dismiss the claims against them.  On August 23, 2023, the Court entered the first scheduling order setting trial for September 16, 2024 [ECF No. 258].

On September 27, 2023, Plaintiff filed an unopposed motion to extend the case deadlines, including the trial date by 30 days after conferring with defense counsel for the City due to the slow pace at which the depositions were able to be scheduled for this factually complicated lawsuit with multiple parties [ECF No. 265]. The Court granted that motion and directed Plaintiffs to submit a scheduling order for consideration [ECF No. 270]. On November 10, 2023, Plaintiffs submitted their proposed schedule with a July 1, 2024 deadline for dispositive motions and a trial date setting left to the Court's discretion [ECF No. 274]. On April 5, 2024, the Court entered the proposed scheduling order with the current November 12, 2024 trial date [ECF No. 285].

On June 14, 2024, the parties submitted an agreed motion to extend the deadline for dispositive motions to August 9, 2024, due to additional discovery being conducted at that time [ECF No. 296].  The Court granted that request on June 24, 2024 [ECF No. 297]. On August 9, 2024, Defendants filed their motions for summary judgment, with Plaintiffs responding on September 13, 2024 and Defendants submitting replies on September 27, 2024 [ECF Nos. 305,

3

308, 310, 312, 314, 330 – 335, 344, 347, 348, 350, 353]. The motions for summary judgment, responses, and replies are now subject to the Court's consideration with over a month remaining before the November 12 trial setting.

## ARGUMENT AND AUTHORITY

Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003).

Plaintiffs contend the City's requested continuance, which request Defendant Gallegos joins, is part of the on-going litigation strategy to delay justice for the families of Rhogena Nicholas and Dennis Tuttle regarding the terrible misconduct that occurred during this unlawful raid. For at least the Nicholas family, that time is invaluable, as Rhogena Nicholas's mother is 89 years old. Another delay in this case for the trial date that is currently set almost six years from the day of her daughter's death may mean that she will be unable to witness the administration of justice and participate in the trial as a witness, if necessary. Put bluntly, another delay means she may pass without any closure or resolution concerning what happened to her daughter and her son-in-law in their home at the hands of HPD Narcotics Squad 15.

Further, Defendants contend that denying their request for continuance will impact their strategies for trial preparation. These legal proceedings, however, have been continuing for over half a decade with the parties familiar with each other's claims and defenses through extensive discovery, briefing, and appeals. It is a significant case of public concern within the City of Houston, and there is no doubt that the parties have already spent extensive time and resources

4

preparing trial strategies. A further delay will make an insignificant impact on saving resources and time for the parties that have already spent extensive time developing their claims and defenses. The Court still has over a month to resolve the pending motions for summary judgment, and the fact that the motions are pending is not good cause on its own to warrant a continuance of the trial date. *See Blythe v. Offshore Serv. Vessels, L.L.C.*, No. 17-5184, 2019 U.S. Dist. LEXIS 184063, at *7 (E.D. La. Oct. 24, 2019) (denying motion to continue trial date for lack of good cause despite the defendants making similar arguments about unresolved motions for summary judgment).

When addressing a stay in a similar 1983 death case, the District of Colorado in *Elijah McClain v. City of Aurora*, explained that "Plaintiffs have a powerful interest in avoiding an openended, indefinite stay and proceeding expeditiously with their case." *Estate of McClain v. City of Aurora*, 2021 U.S. Dist. LEXIS 17099 at *16 (D. Col. Jan. 29. 2021). Indeed, "[t]he plaintiffs here are family members of a dead young man" and "deserve[] answers to the questions of why he died and whether anyone or any entity is to be held to account." *Id.* at *12. In contrast, "issuing the requested stay would cause those wheels to simply grind to a halt, delaying for months or even years the process of answering those important questions." *Id.* Therefore, this factor strongly supports denying the stay

As an additional consideration, the public also maintains a strong interest in moving this case forward. This case involves immense national and local public interest. When addressing a similar factor in the *McClain* case, the District Court of Colorado noted the following: [T]he Court can take judicial notice that this case has received widespread attention locally, state-wide, and nationally. The public, too, has a strong interest in knowing the answers to the same difficult questions being posed by Mr. McClain's family. It is not in the interest of the public or in the

interest of justice to "put on the back burner" a case that raises significant questions about the City of Aurora's policing and practices. *Estate of McClain*, 2021 U.S. Dist. LEXIS 17099 at *13-14. Based on these same reasons a further delay of the trial date is not appropriate in this case.

## CONCLUSION

For these reasons, the Court should deny the request for continuance of the November 12, 2024 trial date.

| | |
|---|---|
| */s/ Michael Doyle* | */s/ Boyd Smith* |
| | |
| Michael Patrick Doyle | Michael T. Gallagher |
| Patrick M. Dennis | L. Boyd Smith, Jr. |
| Jeffrey I. Avery | Pamela R. McLemore |
| Patrick Doyle | 2905 Sackett Street |
| DOYLE DENNIS AVERY LLP | Houston, TX 77098 |
| The Clocktower Building | Telephone: (713) 238-7705 |
| 3401 Allen Parkway, Suite 100 | Facsimile: (713) 238-7852 |
| Houston, Texas 77019 | mike@gld-law.com |
| Email: service@doylelawfirm.com | bsmith@gld-law.com |
| | pamm@gld-law.com |
| CHARLES C. BOURQUE, JR. | |
| *Admitted Pro Hac Vice* | Attorneys for the Tuttle Family |
| ST. MARTIN & BOURQUE, LLC | |
| 315 Barrow St. | |
| Houma, LA 70360 | |
| 985-876-3891 (phone) | |
| 985-851-2219 (fax) | |
| cbourque@stmblaw.com | |
| | |
| Attorneys for the Nicholas Family | |

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that a true and correct copy of the foregoing document was forwarded to the following counsel of record on October 3, 2024 via CM/ECF, hand delivery, electronic mail, overnight courier, U.S. Mail, certified mail, return receipt request, or facsimile, pursuant to the Federal Rules of Civil Procedure.

*/s/ Jeffrey I. Avery*
Jeffrey Avery

6