UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CLIFFORD TUTTLE, et. al. <br><br> Consolidated with <br><br> JOHN NICHOLAS, et.al. <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF HOUSTON; ART ACEVEDO, et. al. <br><br> Defendants. | Case No. 4:21-cv-00270 <br><br><br><br><br><br><br><br><br><br> (JURY DEMANDED) |

**PLAINTIFFS' MOTION TO UNSEAL
SUMMARY JUDGMENT RESPONSES AND EXHIBITS**

The Nicholas and Tuttle Plaintiffs jointly file this motion to unseal (1) the parties' summary judgment briefing and (2) the exhibits accompanying the parties' summary judgment briefing concerning the deadly illegal raid on 7815 Harding Street leading directly to the wrongful deaths of Rhogena Nicholas and Dennis Tuttle. Plaintiffs filed under seal to avoid running afoul of the Court's Confidentiality Order in place because the briefs referenced and attached exhibits Defendants have without exception designated as "Confidential", along with every deposition taken in this case and substantively all the documents of any kind produced by Defendants. These summary judgment briefs and exhibits are now available for the Court to review under seal, and Plaintiffs believe that none of the materials meet the exceptionally high standard for sealing of court records in a case of significant public concern such as this one. Moreover, with the necessity of filing exhibit lists, deposition transcripts, and other pretrial filings in the very near future, continuing essentially secret

court proceedings implicates not only constitutional but also practical concerns with ongoing filings before this United States District Court.

# I.
# Relevant Facts

The underlying facts of this lawsuit are detailed extensively with evidentiary support in Plaintiffs' responses to the City of Houston's motions for summary judgment on Plaintiffs' excessive force claims and warrant claims.[1] To very briefly summarize those facts, this lawsuit concerns the Nicholas and Tuttle Plaintiffs bringing civil rights claims against the City of Houston and former members of the Houston Police Department's Narcotics Squad 15 arising from a deadly, illegal, no-knock warrant raid perpetrated on Dennis Tuttle and Rhogena Nicholas at their home on 7815 Harding Street by Narcotics Squad 15 in January 2019. Members of Squad 15 shot and killed Mr. Tuttle and Ms. Nicholas, along with their dog, during the no-knock assault by Squad 15 members.

Later investigations into the raid revealed that not only was the investigation to obtain the no-knock warrant supporting the raid entirely fabricated, but also that there were significant and systemic issues with the supervisory and disciplinary practices within the Houston Police Department's Narcotics Division. Gerald Goines, the Squad 15 member who obtained the warrant for Squad 15 to execute the raid, was recently found guilty for his lies in obtaining the warrant and sentenced to two consecutive sixty-year prison sentences.[2] The widely reported criminal trial testimony, which did not include much of the evidence uncovered and before this Court, showcased the Houston Police Department's scripted narrative of the murder of Rhogena Nicholas and Dennis Tuttle, including false

---

[1] ECF Nos. 330, 331
[2] *See* Ex-Houston cop Gerald Goines sentenced to 60 years in prison after Harding Street murder convictions – Houston Public Media (accessed October 11, 2024); Gerald Goines, ex-Houston police officer, sentenced to 60 years in prison for Harding Street raid killings (msn.com) (accessed October 11, 2024).

narratives about who shot who, and how, the purported "investigation" without review of physical evidence contradicting the narrative, and ongoing assaults on the character of Rhogena Nicholas and Dennis Tuttle.

This civil lawsuit seeks justice for the surviving family members of Dennis Tuttle and Rhogena Nicholas who witnessed their deceased family members wrongfully lambasted as drug-dealing criminals in national media by former chief Art Acevedo and the Houston Police Department following the raid. Of significance, Plaintiffs will show at trial that the City of Houston committed *Monell* violations due to patterns and practices of routine excessive force, failure to discipline, and other policies at issue that led to the violations of Dennis Tuttle and Rhogena Nicholas's civil rights.

## II.
## Relevant Procedural History

Plaintiffs filed this federal civil rights lawsuit in January 2021. On June 3, 2021, the Court entered the Confidentiality Order necessary for discovery to commence.[3] At that time, Plaintiffs argued against entry of the Court's standard confidentiality order as minimally modified by Defendants as inappropriate for this case due to concerns about wrongful and overbroad sealing by Defendants.[4] Since then, the parties have engaged in document and deposition discovery that recently resulted in Defendants filing various motions for summary judgment[5] to which Plaintiffs submitted responses[6] and Defendants submitted replies.[7] All of this briefing was submitted under seal, and the Court has since granted the parties' motions to seal the summary judgment briefing and accompanying exhibits.

---

[3] ECF No. 106.
[4] ECF Nos. 44, 61.
[5] ECF Nos. 305 – 310, 312 – 314, 318.
[6] ECF Nos. 330 – 336.
[7] ECF Nos. 342, 344, 347, 348, 350, 353.

For Plaintiffs, the request to seal their summary judgment briefing and accompanying exhibits under seal was done only due to Defendants designating nearly all of the exhibits referenced in the summary judgment briefing as "Confidential" under the Confidentiality Order, thereby requiring Plaintiffs to file these exhibits and the briefs that discuss them under seal. Plaintiffs noted in their motion to seal these materials, however, that Plaintiffs do not believe these documents should be sealed.[8] In granting the order to seal Plaintiffs' briefing and accompanying exhibits under seal, the Court instructed, "should Plaintiffs wish to unseal documents, the Court will consider such a request upon a proper motion."[9] Plaintiffs now bring that motion to unseal and require the public filing of the parties' summary judgment briefing and accompanying exhibits.

### III.
### Argument and Authorities

**A. The parties' summary judgment briefing should be publicly filed because this case is a matter of significant public interest and there should not be a secret trial on briefs.**

The parties' summary judgment briefing should be publicly filed due to the public interest in this case and to avoid the ramifications of a secret trial on the briefs. Specifically, courts should be ungenerous with their discretion to seal judicial records, which plays out in two legal standards.[10] The first standard, requiring only "good cause," applies to protective orders sealing documents produced in discovery.[11] The second standard, a stricter balancing test, applies "[o]nce a document is filed on the public record"—when a document "becomes a 'judicial record.'"[12] Under both standards, the

---

[8] ECF No. 337 at 1
[9] ECF No. 360
[10] *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 412 (5th Cir. 2021); *see also S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) ("[T]he district court's discretion to seal the record of judicial proceedings is to be exercised charily.").
[11] *Id.*
[12] *Id.* (quoting *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019)).

4

working presumption is that judicial records should not be sealed.[13] As the Fifth Circuit recently explained with special attention and force in *Binh Hao Le*:

> Providing public access to judicial records is the duty and responsibility of the Judicial Branch. Why is this important? Because accessibility enhances legitimacy, the assurance that things are on the level. Article III courts are independent, and it is particularly *because* they are independent that the access presumption is so vital—it gives the federal judiciary a measure of accountability, in turn giving the public confidence in the administration of justice. Put simply, protecting the public's right of access is important to maintaining the integrity and legitimacy of an independent Judicial Branch. And hopefully, more access to judicial records means more trust in judicial officers and more respect for judicial orders.
>
> . . . .
>
> Judges must protect public accessibility for three mutually reinforcing reasons: (1) the public has a right to monitor the exercise of judicial authority; (2) judges are "the primary representative[s] of the public interest in the judicial process; and (3) the judiciary's institutional legitimacy depends on public trust. Public trust cannot coexist with a system wherein important judicial decisions are made behind closed doors and, worse, private litigants do the closing.[14]

The need for public disclosure of briefing is particularly high in a case like this, which is not only high profile within Houston due to citizens' concern about their police department's practices but also because Plaintiffs uncovered evidence about HPD's patterns and practices that may be relevant to others whose civil rights have been or will be violated by HPD.[15] Making the parties' briefing public in this matter will provide Houston's citizens with a sense of trust that its police

---

[13] *Id.*

[14] *Id.* at 417-18 (citations and quotations omitted for clarity).

[15] *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) ("[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access."); *Under Seal v. Under Seal*, 27 F.3d 564 [published in full-text format at 1994 U.S. App. LEXIS 16117], 1994 WL 283977, at *2 (4th Cir. 1994) (unpublished) ("Courts have also recognized that when cases involve matters of particularly public interest, such as misspent government funds, the rationale for public access is even greater.") (collecting cases); *see also Estrada v. City & County of San Francisco*, 2016 U.S. Dist. LEXIS 173740 at *7 (N.D. Cal. 2016) ("case law suggests the privacy interests police officers have in their records do not outweigh a plaintiff's interests in civil rights cases. . . Where, as here, the case involves pattern and practice litigation against the same police department, 'this balancing approach should be 'moderately pre-weighted in favor of disclosure.'").

department may not unilaterally conceal evidence of its functioning and that the judicial process is working as it should.

Indeed, the Fifth Circuit recently addressed a sealing request in a similar case involving a police-involved death.[16] In *Bradley*, a press organization sought to unseal the settlement agreement between a decedent's family and the police department. Agreeing with the organization, the Fifth Circuit explained that the allegations that law enforcement shot the decedent and then covered it up were "matters of local and national concern."[17] Underscoring the national relevance of the death, the Court noted: "Public access . . . will shed light on the resolution of a case that is of local and national interest and related to the criminal prosecutions of the [city's] sheriff and sheriff's deputies for allegedly violating the laws in ways similar to those that were alleged in this case—prosecutions that are also of local and national interest."[18] The Fifth Circuit continued, "[t]he public's interest is particularly legitimate and important where, as in this case, at least one of the parties to the action is a public entity or official."[19] Those same concerns that substantially cut against any argument Defendants may have in favor of sealing the summary judgment briefing exist here. Accordingly, the Court should order that the judicial records reflected in the parties' summary judgment briefing should be filed publicly.

   B. **The accompanying exhibit materials that Defendants seek to keep under seal meet neither the legal standard nor the Confidentiality Order's standard for sealing, and should be made publicly available.**

As discussed, there is a high standard a party must meet to justify sealing materials filed in the Court record that goes beyond even the basic "good cause" standard at issue when parties are

---

[16] *See Bradley v. Ackal*, 954 F.3d 216 (5th Cir. 2020)
[17] *Id.* at 232
[18] *Id.*
[19] *Id.* at 233

producing discovery as "Confidential."[20] Plaintiffs additionally believe that the exhibits accompanying the parties' summary judgment briefing do not merit sealing merely because they are court records that Defendants inappropriately designated as "Confidential" without good cause for doing so.

The Court entered a Confidentiality Order that provides only for designating as Confidential three categories of materials:

> **B. Confidential Information**
>
> 1. Materials that contain "Confidential Information" may be designated as "Confidential" by the producing party. "Confidential Information" means information, documents, or things that the producing party reasonably and in good faith believes to contain or constitute: (a) investigative files in an ongoing criminal investigation; (b) information that would reveal the identity of confidential informants; or (c) sensitive personal information, such as an individual's date of birth, social security number, home address, or medical records.

Consistent with their obligations under the entered Protective Order, Plaintiffs filed their exhibits to the summary judgment responses under seal because Defendants produced almost all of these exhibits as "Confidential." Plaintiffs contend, however, that these materials, along with the exhibits that Defendants filed themselves, neither meet the high legal standard for sealing, nor the applicable standards for "Confidential" designation. Accordingly, the parties should be able required to publicly file the exhibits submitted with their summary judgment briefing (and to the extent there are CI names, personal addresses, SSNs, or other sensitive details, those materials can be addressed with limited redactions). All of these exhibits have already been submitted to the Court with the

---

[20] *See June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022) ("That a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the judicial record.").

parties' summary judgment briefing and are available for the Court's review before it enters an order requiring their public filing.

## IV.
## Conclusion

For the reasons stated above, Plaintiffs respectfully request that the Court unseal the summary judgment briefing and accompanying exhibits, subject only to redactions of any sensitive personal information or details that could confidential informants at risk.

Respectfully submitted,

/s/ Michael Patrick Doyle

Michael Patrick Doyle
Patrick M. Dennis
Jeffrey I. Avery
Patrick Doyle
DOYLE DENNIS AVERY LLP
The Clocktower Building
3401 Allen Parkway, Suite 100
Houston, Texas 77019
Email: service@doylelawfirm.com

CHARLES C. BOURQUE, JR.
*Admitted Pro Hac Vice*
ST. MARTIN & BOURQUE, LLC
315 Barrow St.
Houma, LA 70360
985-876-3891 (phone)
985-851-2219 (fax)
cbourque@stmblaw.com

***Attorneys for Plaintiffs Patricia Nicholas, as temporary administrator of the Estate of Rhogena Nicholas and Jo Ann Nicholas, individually and as an heir of the Estate of Rhogena Nicholas***

/s/ Boyd Smith

Michael T. Gallagher
L. Boyd Smith, Jr.
Pamela R. McLemore
2905 Sackett Street
Houston, TX 77098
Telephone: (713) 238-7705
Facsimile:  (713) 238-7852
mike@gld-law.com
bsmith@gld-law.com
pamm@gld-law.com

***Attorneys for Plaintiffs Clifford F. Tuttle, Jr. as Representative of the Estate of Dennis W. Tuttle, Deceased, Robert Tuttle, and Ryan Tuttle***

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing pleading via ecf was served on the attorney of record for each party in the above case in accordance with the Federal Rules of Civil Procedure on October 14, 2024.

/s/ Michael Patrick Doyle

## CERTIFICATE OF CONFERENCE

The undersigned certifies that the relief requested is opposed by both Defendants City of Houston and Gerald Goines.

/s/ Michael Patrick Doyle

9