IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CLIFFORD F. TUTTLE, JR., et al. § | |
| Consolidated with § | |
| JOHN NICHOLAS, et al. § | |
| § | |
| Plaintiffs, § | CASE NO. 4:21-CV-00270 |
| § | |
| v. § | |
| § | |
| CITY OF HOUSTON, et al. § | |
| § | |
| Defendants. § | |

**FELIPE GALLEGOS'S MOTION TO STRIKE PLAINTIFFS' OBJECTION AND RESPONSE TO DEFENDANT FELIPE GALLEGOS'S DECLARATION [DKT. 359]**

Defendant Felipe Gallegos files this motion to strike a pleading that the Plaintiffs' captioned an "objection and response" (capitalization omitted) to evidence attached to Mr. Gallegos's reply brief. The Plaintiffs filed this "objection and response" at Dkt. 359, and this Motion to Strike refers to the pleading as the "Plaintiffs' Response."

The Plaintiffs' Response violates the Court's local rules because (i) to the extent the Plaintiffs' Response is some kind of legal objection to Gallegos's declaration (which does not appear to be the case), the Plaintiffs failed to confer in violation of this Court's Local Rule 5(c) and, alternatively, (ii) to the extent the Plaintiffs seek to respond to Gallegos's reply, this is a surreply filed without seeking or obtaining leave of court in violation of this Court's Local Rule 5(f).

As a result, the Plaintiffs' Response should be stricken.

> 1. **To the extent the Plaintiffs have some legal objection to Mr. Gallegos's declaration (which does not appear to be the case), they failed to confer, attempt to confer, or certify conference with respect to this objection, so the objection should be stricken.**

Although captioned alternatively as an "objection," the Plaintiffs' Response contains no legal objection to Mr. Gallegos's declaration. The "objection"—to the extent there is one—appears to be that the Plaintiffs don't like the content of Mr. Gallegos's declaration because it corroborates the extensive summary judgment evidence that torpedoes the Plaintiffs' new theory of the case.

But rather than engage with the content of the declaration on its own terms (which also would not constitute an "objection" as that term is generally used), the Plaintiffs construct a strawman by misleadingly omitting material portions of the declaration to create a fact issue.

For example, the Plaintiffs say "Gallegos claims that . . . 'the picture . . . appears to depict a person wearing a long-sleeved Houston Narcotics t-shirt.'"[1] But the declaration actually says that the long-sleeved t-shirt has "the sleeves rolled up."[2] The Plaintiffs omit the "rolled-up" portion of the declaration in an attempt to create a "gotcha" where none exists. Gallegos's declaration (unlike the Plaintiffs' new theory of the case) is totally consistent with the summary judgment evidence. But, as has been the Plaintiffs' strategy throughout the summary judgment briefing, rather than engage with the actual evidence, the Plaintiffs just change it to suit their current purpose.

Similarly, the Plaintiffs try to score points by arguing that "Gallegos testified that he was 'never on the side of the house where the figure labelled as "Gallegos" in this image is depicted,'" saying this testimony contradicts the Texas Rangers' report.[3] But again, the Plaintiffs omit that

---

[1] *See* Plaintiffs' Response [Dkt. 359], at 2.
[2] *See* Gallegos Declaration [Dkt. 353-1], at ¶8.
[3] *See* Plaintiffs' Response [Dkt. 359], at 2.

Gallegos actually testified he was not on that side of the house "from shortly after entry was made into the house."[4] This is totally consistent with the Rangers' report.

Thus, the Plaintiffs "objection" is simply a vehicle to mischaracterize Gallegos's testimony. The Plaintiffs thus use the unauthorized pleading to misleadingly omit material that plainly and directly rebuts their arguments without so much as indicating the omission.

But perhaps most relevant for purposes of this motion, if there were some legal objection to the admissibility of Mr. Gallegos's testimony, the Court's Local Rule 5(c) required the Plaintiff's to confer and give Mr. Gallegos an opportunity to cure the objection. Of course, the Plaintiffs eschewed this course because there is no legal objection (or basis for a legal objection) to Mr. Gallegos's declaration.

In any event, the Plaintiffs' failure to comply with conference requirements before filing their "objection" justifies striking the pleading.

### 2. To the extent the Plaintiffs' Response Responds to Mr. Gallegos's Reply, the pleading is a surreply filed without leave of court in violation of Local Rule 5(f).

Alternatively, to the extent the Plaintiffs' Response is not an objection to Gallegos's declaration, it is plainly a response to Gallegos's reply, *i.e.*, a surreply. This Court's Local Rules are quite clear, however, that "[s]ur-replies are rarely considered," and that "[s]hould a party think one is necessary, the party must seek leave of Court." *See* Local Rule 5(f).

For reasons that are not obvious, the Plaintiffs simply ignored this Court's Local Rules related to motion practice—just as they have ignored, misrepresented, and obscured the content of the summary judgment record. In effect, the Plaintiff's used their Response to reiterate the

---

[4] *See* Gallegos Declaration [Dkt. 353-1], at ¶6.

arguments that Gallegos was required to counter in a five-page reply through a new surreply. This briefing was unnecessary, contrary to this Court's Local Rules, and should therefore be stricken.

## **CONCLUSION**

For the foregoing reasons, Felipe Gallegos respectfully requests that the Court strike the Plaintiffs' Response and grant such other and further relief to which Mr. Gallegos is entitled, whether in law or equity.

[*signatures on following page . . . .*]

Dated: October 15, 2024          Respectfully submitted,

         */s/ Russell Hardin, Jr.*
         Russell Hardin, Jr.
         *Attorney-in-Charge*
         Texas State Bar No. 08972800
         Southern District of Texas No. 19424
         Email: rhardin@rustyhardin.com

OF COUNSEL:
RUSTY HARDIN & ASSOCIATES, LLP
Marshall Douglas Murphy (Of Counsel to the Firm)
State Bar No. 24013215
Federal I.D. No. 24254
Letitia D. Quinones (Of Counsel to the Firm)
State Bar No. 24008433
Federal I.D. No. 23722
Jennifer Brevorka (Of Counsel to the Firm)
State Bar No. 24082727
Federal I.D. No. 1725400
John MacVane (Of Counsel to the Firm)
State Bar No. 24085444
Federal I.D. No. 2209776
1401 McKinney Street, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Facsimile: (713) 652-9800
Email: rhardin@rustyhardin.com
Email: dmurphy@rustyhardin.com
Email: lquinones@rustyhardin.com
Email: jmacvane@rustyhardin.com
Email: jbrevorka@rustyhardin.com

***ATTORNEYS FOR DEFENDANT***
***FELIPE GALLEGOS***

## CERTIFICATE OF CONFERENCE

      I conferred with the Plaintiffs regarding the relief requested in this motion, and they confirmed that they are opposed.

         */s/ John MacVane*
         John MacVane

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 15, 2024, a true and correct copy of the foregoing was delivered to all parties through their counsel(s) of record, in accordance with the Rules, via email or CM/ECF to the following:

Michael Patrick Doyle
mdoyle@doylelawfirm.com
Jeffrey I. Avery
jeffavery@doylelawfirm.com
Patrick M. Dennis
Doyle LLP
3401 Allen Parkway, Suite 100
Houston, Texas 77019
service@doylelawfirm.com

Michael T. Gallagher
mike@gld-law.com
L. Boyd Smith, Jr.
bsmith@fld-law.com
Pamela R. McLemore
pamm@gld-law.com
The Gallagher Law Firm
2905 Sackett St
Houston, TX 77098

Charles Bourque, Jr.
St. Martin & Bourque
315 Barrow St
Houma, LA 70360
cbourque@stmblaw.com

Dwayne Richard Day
Attorney at Law
3401 Allen Pkwy, Suite 100
Houston, TX 77019
Fax: 713-759-6930
dday@ddaylaw.com

David Allen Nachtigall
Attorney at Law, PLLC
1545 Heights, Ste. 100
Houston, TX 77008
david@dntriallaw.com

Alistair B. Dawson
adawson@beckredden.com Lena
Elizabeth Silva
lsilva@beckredden.com Garrett
Scott Brawley
gbrawley@beckredden.com Beck
Redden LLP
1221 McKinney, Ste 4500
Houston, TX 77010

Harold Al Odom, III Odom
Law Firm
601 Sawyer, Suite 225
Houston, TX 77007
aodom@aodomlawfirm.com

Christy L. Martin
christy.martin@houstontx.gov
Melissa Azadeh
melissa.azadeh@houstontx.gov
Kelly Ann Dempsey
kelly.dempsey@houstontx.gov
Alexander E. Garcia
alexander.garcia@houstontx.gov
Michelle Charlene Taylor
michelle.taylor2@houstontx.gov
City of Houston
900 Bagby St., 3rd Floor
Houston, Texas 77002

                                                */s/ John MacVane*
                                                John MacVane