UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLIFFORD F. TUTTLE, JR., AS REPRESENTATIVE OF THE ESTATE OF DENNIS W. TUTTLE, DECEASED, ROBERT TUTTLE, AND RYAN TUTTLE, | § § § § § § § § § § § § § | CIVIL ACTION NO. 4:21-cv-00270 |
| *Plaintiffs*, | | |
| vs. | | |
| CITY OF HOUSTON, *et al.* | | |
| *Defendants*. | | |

CONSOLIDATED WITH

| | |
|---|---|
| JOHN NICHOLAS, as temporary administrator of the Estate of Rhogena Nicholas and JO ANN NICHOLAS, individually and as an heir of the Estate of Rhogena Nicholas, | § § § § § § § § § § § § § § § § |
| *Plaintiffs*, | |
| vs. | |
| CITY OF HOUSTON, *et al.* | |
| *Defendants*. | |

## **DEFENDANT STEVEN BRYANT'S MOTION IN LIMINE**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE ALFRED H. BENNETT:

Defendant Steven Bryant ("Bryant") offers proposed questions specifically tailored for this action.

Before the voir dire examination of the jury panel, defendant, Steven Bryant, makes this Motion in Limine. Defendant seeks to exclude matters that are inadmissible, irrelevant, or prejudicial to the material issues in this case. If Plaintiffs injects these matters in this case through a party, an attorney, or a witness, plaintiff will cause irreparable harm to defendant's case that no jury instruction would cure. If any of these matters are brought directly or indirectly to the attention

1

of the jury, defendant will be compelled to move for a mistrial. In an effort to avoid prejudice and a possible mistrial, defendant makes this Motion in Limine.

Defendant asks the Court to prohibit plaintiff from offering any evidence, statement or argument concerning the following matters without first asking for a ruling from the Court, outside the jury's presence, on the admissibility of the matter.

1. That any alleged violation of Houston Police Department's procedures or policies establishes a constitutional violation. *See Fraire v. City of Arlington*, 957 F.2d 1268, 1275–76 (5th Cir. 1992); *Marquez v. City of Albuquerque*, 399 F.3d 1216, 1222 (10th Cir. 2005), the 10th Circuit Court of Appeals; *Romero v. Board of County Comm'rs,* 60 F.3d 702, 705 (10th Cir. 1995).

_____   _____   _____
AGREED         GRANTED        DENIED

2. Whether or not Bryant still works in law enforcement. Fed. R. Evid. 403.

_____   _____   _____
AGREED         GRANTED        DENIED

3. That Bryant's alleged failure to follow generalized law enforcement standards was a violation of the Fourth Amendment. *See Fraire v. City of Arlington*, 957 F.2d 1268, 1275–76 (5th Cir. 1992) *Marquez v. City of Albuquerque*, 399 F.3d 1216, 1222 (10th Cir. 2005).

_____   _____   _____
AGREED         GRANTED        DENIED

4. That Bryant used excessive deadly force against Dennis Tuttle and/or Rhogena Nicholas. Fed. R. Evid. 401, 403. Plaintiffs do not oppose the Bryant's request for summary judgment on Plaintiffs' claims of excessive deadly force by Bryant. *See Plaintiffs' Response to Defendant Steven Bryant's Motions for Summary Judgment (Nicholas Plaintiffs) and (Tuttle Plaintiffs)*, Dkt. 313, p. 10, Sec. IV(A).

_____   _____   _____
AGREED         GRANTED        DENIED

5. That Bryant's alleged misconduct after execution of the search warrant on Harding Street violated the constitution rights of Dennis Tuttle and/or Rhogena Nicholas. Fed. R. Evid. 401, 403

_____    _____    _____
AGREED            GRANTED           DENIED

6. Any opinion testimony from a lay witness that Bryant violated the Constitutional rights of Dennis Tuttle and/or Rhogena Nicholas. Fed. R. Evid. 403, 701, 702.

_____    _____    _____
AGREED            GRANTED           DENIED

7. The existence or disposition of state and federal criminal charges filed against Bryant. All state criminal charges filed against Bryant have been dismissed; the statute of limitations for the dismissed charges of tampering with a government record has expired; and the allegations of theft by a public servant (timesheet fraud) are unrelated to the Harding Street incident. The federal criminal charge to which Bryant pleaded guilty is based upon conduct that occurred after the Harding Street incident, and after Dennis Tuttle and Rhogena Nicholas were deceased. Fed. R. Evid. 401, 403.

_____    _____    _____
AGREED            GRANTED           DENIED

8. Allegations of prior police misconduct by Bryant unrelated to his involvement in the Harding Street incident forming the basis of Plaintiffs' claims. Fed. R. Evid. 401, 403.

_____    _____    _____
AGREED            GRANTED           DENIED

9. Any evidence from an expert witness that is outside the scope of the expert's written opinion produced during pretrial discovery. *See Thudium v. Allied Prods. Corp.*, 36 F.3d 767, 769–70 (8th Cir. 1994).

_____    _____    _____
AGREED            GRANTED           DENIED

10. Any opinion of an expert that is not supported by admissible facts. *See Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1331 (5th Cir. 1996).

_____    _____    _____
AGREED            GRANTED           DENIED

## PRAYER

For these reasons, Defendant asks the Court to instruct plaintiff and all attorneys not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of these matters without first obtaining the permission of the Court, outside the presence and hearing of the jury, and to instruct Plaintiffs and all attorneys to warn and caution each of their witnesses to follow the same instructions.

Respectfully submitted,

David A. Nachtigall, Attorney at Law, PLLC

*/s/ David A. Nachtigall*
David A. Nachtigall
Federal Bar No. 1358606
State Bar No. 24049076
1545 Heights, Ste. 100
Houston, Texas 77008
Tel 713.2211.0008
Fax 713.650.1602
david@dntriallaw.com

*Attorneys for Defendant Steven Bryant*

## CERTIFICATE OF CONFERENCE

I hereby certify that on October 14, 2024, I sent the foregoing motion to Plaintiffs' counsel for conference purposes. As of the time of the filing of this motion, Plaintiffs' counsel have not responded.

*/s/ David A. Nachtigall*
David A. Nachtigall

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 21, 2024, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification to all parties of record.

      */s/ David A. Nachtigall*
      David A. Nachtigall