**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **CLIFFORD F. TUTTLE, JR.,** *et al*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:21-cv-00270** |
| | § | |
| **CITY OF HOUSTON,** *et al*, | § | |
| | § | |
| *Defendants*. | § | |

**CONSOLIDATED WITH**

| | | |
|---|---|---|
| **JOHN NICHOLAS, et al,** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:21-cv-00272** |
| | § | |
| **CITY OF HOUSTON; et al,** | § | |
| | § | |
| *Defendants*. | § | |

## <u>DEFENDANTS ASHRAF, GONZALES, LOVINGS, MEDINA, PARDO, REYNA, SALAZAR, SEPOLIO, AND WOOD'S, MOTION IN LIMINE</u>

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants Nadeem Ashraf, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, Thomas Wood, and Robert Gonzales (collectively "Defendants") file this Motion in Limine:

I.

Before the voir dire examination of the jury panel, and out of the presence and hearing of the jury panel, Defendants make this motion in limine. Defendants seek to exclude matters that are incompetent, irrelevant, or prejudicial to the material issues in this case. Injection of these matters into the trial of this case through a party, attorney or a witness, will cause irreparable harm to

Defendants' case, which no jury instruction could cure. If any of these matters are brought to the attention of the jury, directly or indirectly, Defendants would be compelled to move for a mistrial. In an effort to avoid prejudice and a possible mistrial, Defendants urge this motion in limine.

Defendants respectfully ask the Court to order and instruct Plaintiffs, all counsel and all witnesses to be called by the parties in this lawsuit to refrain from any mention of, reference to, interrogation about, or attempt to convey to the panel of prospective jurors or jurors selected to try this case in any manner, either directly or indirectly, any of the following matters without first obtaining the Court's permission outside the presence and hearing of the panel of prospective jurors or jurors selected to try this case:

1. The invocation of the Fifth Amendment or questions that will cause the invocation of the Fifth Amendment by any witness, either at trial or by deposition, that are not in response to probative evidence offered against that witness in these proceedings. *See Baxter v. Baxter v. Palmigiano*, 425 U.S. 308, 318, 96 S. Ct. 1551, 47 L. Ed. 2d 810 (1976) ("[T]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them."). introduction of a invocation of the Fifth Amendment by a witness regarding matters irrelevant to any pending claim against them, harassing questions, or matters the Court expressly stated were not part of this case, at expressly dismissed from this case, would allow the pending unrelated criminal charges to be used as a weapon to prejudice the defendants before any trial, and allow irrelevant inferences to be drawn as to liability.

   **AGREED: _____ GRANTED:_____ DENIED:_____**

2. Invocations of the Fifth Amendment during the depositions of Defendants in response

to questioning unrelated to any claims pending against those Defendants in this case, references to or comments about same.  Any reference to or comment about prior invocations of the Fifth Amendment would be unfairly prejudicial to the Defendants under Federal Rule of Evidence 403 because of the necessary implication of criminal activity.  There would be no probative value in that the questioning did not offer evidence of any claims against the Defendants.  *See Harrell v. DCS Equipment Leasing Corp.*, 951 F.2d 1453, 1464-65 (5th Cir. 1992); *Orchestrate HR, Inc. v. Trombetta*, No. 3:13-CV-2110-KS, 2017 U.S. Dist. LEXIS 7984, at *18-19 (N.D. Tex. Jan. 20, 2017).

**AGREED: _____  GRANTED:_____  DENIED:_____**

3. That Defendants violated HPD general orders, rules and regulations. Such evidence is irrelevant because the issue in a §1983 excessive force claim is whether the officer violated clearly established Constitutional rights or federal law, not whether the officer violated department policies. *See Davis v. Scherer*, 468 U.S. 183, 193-194 (1984). Conduct by an officer that violates some policy is not necessarily constitutionally unreasonable because government agencies are free to hold their employees to higher standards than the Constitution requires. *See Smith v. Freland*, 954 F.2d 343, 347 (6th Cir. 1992).  The risk of such external/departmental findings and/or employee discipline for alleged policy violations by a preponderance of the evidence being substituted for a finding of civil rights liability by the jury greatly outweighs any probative value of IAD findings or discipline.

**AGREED: _____  GRANTED:_____  DENIED:_____**

4. Any statement, comment, testimony or argument regarding IAD investigation findings, training or discipline Defendants may have received after the event at issue in this

litigation or that was recommended to them subsequent to the event. Subsequent remedial measures are not admissible to prove culpable conduct. Fed. R. Civ. Pro. 407; *Wright v. City of Philadelphia*, 685 Fed. Appx. 142, 149 (3rd Cir. 2017). Moreover, the jury must evaluate whether each Defendant is liable based on the facts at the time of the incident in question, not what should have or could have been done. "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 386, 396 (1989); *and see Anderson v. Creighton*, 483 U.S. 635, 639 (1987) (because reasonableness is evaluated at the time the disputed actions were taken, "hindsight testimony" irrelevant); *Tennessee v. Garner*, 471 U.S. 1, 7 (1985) (a jury must decide the conduct of the officer based upon the "totality of the circumstances.").

**AGREED: _____ GRANTED:_____ DENIED:_____**

5. "Other acts" evidence in an officer's personnel file. These are not admissible under Fed. R. Evid. 404(b), as intent is not element of Fourth Amendment excessive force claim. Nor is it admissible for impeachment purposes, without regard to strictures of Fed. R. Evid. 608(b), as officer's likelihood of losing temper and overreacting was not material issue.

**AGREED: _____ GRANTED:_____ DENIED:_____**

6. Any statement, comment, testimony or argument regarding Defendants' discipline history because such is not relevant to any issue to be decided by the jury and is inadmissible character evidence. *See* Fed. R. Evid. 401, 402, 403 and 404. *Williams v. Martin*, 570 F. App'x 361, 364 (5th Cir. 2014) (holding that the court properly excluded the evidence as inadmissible character or prior bad act evidence under Rule 404(a) and

(b) of the Federal Rules of Evidence. Character evidence is inadmissible to show that a person acted in accordance with that character on a particular occasion. *See* Fed. R. Evid. 404(a)(1). In addition, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1)).

**AGREED: _____ GRANTED:_____ DENIED:_____**

7. Any suggestion or testimony that Defendants knew of a propensity or history of alleged wrongdoing or bad character of another without evidence of such specific knowledge or awareness and a finding by the Court that the testimony is relevant to a claim against that Defendant.

**AGREED: _____ GRANTED:_____ DENIED:_____**

8. Any suggestion or testimony that Defendants were involved in the alleged or proven wrongdoing of another without evidence of such specific involvement and knowledge and a finding by the Court that the testimony is relevant to a claim against that particular Defendant.

**AGREED: _____ GRANTED:_____ DENIED:_____**

9. Any reference to an alleged conspiracy or scheme or motivation to obtain overtime pay, as this Court has previously stated these allegations are not relevant to the case and will unfairly prejudice the defense.

**AGREED: _____ GRANTED:_____ DENIED:_____**

10. Any reference to criminal investigations or indictments, or public comments about same, involving any alleged Defendants.

**AGREED: _____ GRANTED:_____ DENIED:_____**

11. Any reference to claims, causes of actions, and/or factual allegations which have been previously dismissed by any Order of this court or the U.S. Fifth Circuit Court of Appeals or voluntarily by the Plaintiffs.  The only purpose of such statements, arguments or reference would be to inflame or prejudice the jury. *See* Fed. R. Evid. 401, 402 and 403.

   **AGREED: _____  GRANTED: _____  DENIED: _____**

12. Prior or subsequent incidents involving either of the Defendants without having conducted a hearing, outside the presence of the jury, concerning the relevance and admissibility of any prior or subsequent incidents to the occurrence in question and without the Plaintiffs having laid a proper predicate.

   **AGREED: _____  GRANTED: _____  DENIED: _____**

13. Any testimony, comment, argument or veiled inference suggesting that the City of Houston would indemnify Defendants for part of any damages for which they may be held liable in this case. *See* Fed. R. Evid. 411.

   **AGREED: _____  GRANTED: _____  DENIED: _____**

14. Any argument that the jury must act as the "conscience of the community". *See, e.g., Johnson v. Watkins*, 803 F.Supp.2d 561, 581 (S.D. Miss 2011), *aff'd* 472 Fed. App'x 330 (5th Cir. 2012).

   **AGREED: _____  GRANTED: _____  DENIED: _____**

   Respectfully submitted,

   **ARTURO G. MICHEL**
   **City Attorney**

Date: October 21, 2024.          By:   */s/ Melissa Azadeh*_____
                                       CHRISTY L. MARTIN
                                       Chief, Torts/Civil Rights

6

SBN:  24041336
FBN:  754168
Phone:  (832) 393-6438 (direct)
christy.martin@houstontx.gov

MELISSA AZADEH
Senior Assistant City Attorney
SBN: 24064851
FBN:  1090186
Phone: (832) 393-6270 (direct)
melissa.azadeh@houstontx.gov

MICHELLE TAYLOR
Senior Assistant City Attorney
SBN: 224060889
FBN:  3773284
Phone: (832) 393-6248 (direct)
michelle.taylor2@houstontx.gov

ALEXANDER GARCIA
Assistant City Attorney
SBN:  24104429
FBN:  3852904
Phone:  (832) 393-6293 (direct)
alexander.garcia@houstontx.gov

CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, 4th Floor
Houston, Texas 77002

**Attorneys for Defendants Nadeem Ashraf, Robert Gonzales, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, and Thomas Wood**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of October 2024 a true and correct copy of the foregoing document was delivered to all opposing counsel(s) by electronic filing of same in accordance with the District's ECF service rules, to:

Michael Patrick Doyle
mdoyle@doylelawfirm.com
Jeffrey I. Avery
jeffavery@doylelawfirm.com
Patrick M. Dennis
Doyle LLP
3401 Allen Parkway, Suite 100
Houston, Texas 77019
service@doylelawfirm.com

Michael T. Gallagher
The Gallagher Law Firm
2905 Sackett St
Houston, TX 77098
mike@gld-law.com

Charles Bourque, Jr.
St. Martin & Bourque
315 Barrow St
Houma, LA 70360
cbourque@stmblaw.com

Dwayne Richard Day
Attorney at Law
3401 Allen Pkwy, Suite 100
Houston, TX 77019
dday@ddaylaw.com

David Allen Nachtigall
Attorney at Law, PLLC
1545 Heights, Ste. 100
Houston, TX 77008
david@dntriallaw.com

Margaret Bryant
Ware, Jackson, Lee, O'Neill, Smith
& Barrow, L.L.P.

2929 Allen Parkway, 39th floor
Houston, TX 77019

Alistair B. Dawson
adawson@beckredden.com
Lena Elizabeth Silva
lsilva@beckredden.com
Garrett Scott Brawley
gbrawley@beckredden.com
Beck Redden LLP
1221 McKinney, Ste 4500
Houston, TX 77010

Harold Al Odom, III
Odom Law Firm
601 Sawyer, Suite 225
Houston, TX 77007
aodom@aodomlawfirm.com

Russell Hardin, Jr
rhardin@rustyhardin.com
John Garnet MacVane
jmacvane@rustyhardin.com
Marshall Douglas Murphy
dmurphy@rustyhardin.com
Rachel Mae Lewis
rlewis@rustyhardin.com
Rusty Hardin and Associates
1401 McKinney, Ste 2250
Houston, TX 77010
Letitia D. Quinones
Quinones & Associates, PLLC
2202 Ruth Street
Houston, TX 77004
lquinones@rustyhardin.com

*/s/ Melissa Azadeh*
Melissa Azadeh

## **CERTIFICATE OF CONFERENCE**

The undersigned certifies that a copy of the proposed motion in limine was forwarded to counsel for all parties on today's date, but without sufficient time to meaningfully confer before filing.   Defendants will file an updated certificate of conference promptly upon conferring with all counsel regarding the foregoing Motion in Limine.

*/s/ Melissa Azadeh*
Melissa Azadeh