UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CLIFFORD F. TUTTLE, JR., AS REPRESENTATIVE OF THE ESTATE OF DENNIS W. TUTTLE, DECEASED, ROBERT TUTTLE, AND RYAN TUTTLE,<br><br>*Plaintiffs*,<br><br>vs.<br><br>CITY OF HOUSTON, *et al.*<br><br>*Defendants*. | § § § § § § § § § § § § § § CIVIL ACTION NO. 4:21-cv-00270 |

CONSOLIDATED WITH

| | |
|---|---|
| JOHN NICHOLAS, as temporary administrator of the Estate of Rhogena Nicholas and JO ANN NICHOLAS, individually and as an heir of the Estate of Rhogena Nicholas,<br><br>*Plaintiffs*,<br><br>vs.<br><br>CITY OF HOUSTON, *et al.*<br><br>*Defendants*. | § § § § § § § § § § § § § § § § |

### **DEFENDANT GERALD GOINES' MOTION IN LIMINE**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE ALFRED H. BENNETT:

Defendant Gerald Goines ("Goines") offers the following:

Before the voir dire examination of the jury panel, defendant, Goines, makes this Motion in Limine. Defendant seeks to exclude matters that are inadmissible, irrelevant, or prejudicial to the material issues in this case. If Plaintiffs injects these matters in this case through a party, an attorney, or a witness, plaintiff will cause irreparable harm to defendant's case that no jury instruction would cure. If any of these matters are brought directly or indirectly to the attention of

1

the jury, defendant will be compelled to move for a mistrial. To avoid prejudice and a possible mistrial, Goines makes this Motion in Limine.

Defendant asks the Court to prohibit plaintiff from offering any evidence, statement or argument concerning the following matters without first asking for a ruling from the Court, outside the jury's presence, on the admissibility of the matter:

1. That any alleged violation of Houston Police Department's procedures or policies establishes a constitutional violation. *See Fraire v. City of Arlington*, 957 F.2d 1268, 1275–76 (5th Cir. 1992); *Marquez v. City of Albuquerque*, 399 F.3d 1216, 1222 (10th Cir. 2005), the 10th Circuit Court of Appeals; *Romero v. Board of County Comm'rs,* 60 F.3d 702, 705 (10th Cir. 1995).

_____      _____      _____
AGREED               GRANTED              DENIED

2. That Goines' alleged failure to follow generalized law enforcement standards was a violation of the Fourth Amendment. *See Fraire v. City of Arlington*, 957 F.2d 1268, 1275–76 (5th Cir. 1992) *Marquez v. City of Albuquerque*, 399 F.3d 1216, 1222 (10th Cir. 2005).

_____      _____      _____
AGREED               GRANTED              DENIED


3. That Goines used excessive deadly force against Dennis Tuttle and/or Rhogena Nicholas. Fed. R. Evid. 401, 403.

_____      _____      _____
AGREED               GRANTED              DENIED


5. That Goines' alleged misconduct after execution of the search warrant on Harding Street violated the constitution rights of Dennis Tuttle and/or Rhogena Nicholas. Fed. R. Evid. 401, 403

_____      _____      _____
AGREED               GRANTED              DENIED


6. Any opinion testimony from a lay witness that Goines violated the Constitutional rights of Dennis Tuttle and/or Rhogena Nicholas. Fed. R. Evid. 403, 701, 702.

_____      _____      _____
AGREED               GRANTED              DENIED

7.     Allegations of prior police misconduct by Goines unrelated to his involvement in the Harding Street incident forming the basis of Plaintiffs' claims. Fed. R. Evid. 401, 403.

_____          _____          _____
AGREED               GRANTED              DENIED

9.     Any evidence from an expert witness that is outside the scope of the expert's written opinion produced during pretrial discovery. *See Thudium v. Allied Prods. Corp.*, 36 F.3d 767, 769–70 (8th Cir. 1994).

_____          _____          _____
AGREED               GRANTED              DENIED

10.    Any opinion of an expert that is not supported by admissible facts. *See Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1331 (5th Cir. 1996).

_____          _____          _____
AGREED               GRANTED              DENIED

## PRAYER

For these reasons, Defendant asks the Court to instruct plaintiff and all attorneys not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of these matters without first obtaining the permission of the Court, outside the presence and hearing of the jury, and to instruct Plaintiffs and all attorneys to warn and caution each of their witnesses to follow the same instructions.

Respectfully submitted,

Dwayne R. Day, PC

*/s/ Dwayne R. Day*
Dwayne R. Day
Federal Bar No. 19937
State Bar No. 00795314
3401 Allen Parkway,
Suite 101
Houston, Texas 77019
Tel 713.2211.0008
Fax 713.650.1602
david@dntriallaw.com

*Attorneys for Defendant Gerald Goines*

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2024, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification to all parties of record.

*/s/ Dwayne R. Day*
Dwayne R. Day

4