IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLIFFORD F. TUTTLE, JR., REPRESENTATIVE OF THE ESTATE OF DENNIS W. TUTTLE, DECEASED, ROBERT TUTTLE, AND RYAN TUTTLE, | § § § § § | |
| Plaintiffs | § § | |
| v. | § § | Civil Action No. 4:21-cv-00270 |
| CITY OF HOUSTON, *et al.*, | § § § | |
| Defendants. | § | |

**AND**

| | | |
|---|---|---|
| JOHN NICHOLAS, as temporary administrator of the Estate of Rhogena Nicholas and JO ANN NICHOLAS, individually and as an heir of the Estate of Rhogena Nicholas, | § § § § § | |
| Plaintiffs | § § | |
| v. | § § | Civil Action No. 4:21-cv-00272 |
| CITY OF HOUSTON, *et al.*, | § § § | |
| Defendants. | § | |

### **DEFENDANT CITY OF HOUSTON'S MOTION TO BIFURCATE**

Defendant City of Houston (the "City") files this Motion to Bifurcate pursuant to Federal Rule of Civil Procedure 42(b) and would show the Court as follows:

### **INTRODUCTION**

Rule 42 gives trial courts the discretion to bifurcate issues or claims into separate trial proceedings. District courts routinely bifurcate suits with § 1983 claims against individual officers and *Monell* liability claims. *See, e.g.*, *Ramirez v. Escajeda*, No. EP-17-CV-00193-DCG, 2021 WL


3778306, at *1–2 (W.D. Tex. Aug. 20, 2021); *McQueen v. Morgan*, 2010 WL 4595718, at *4 (N.D. Fla. Nov. 4, 2010).

The City respectfully requests that the Court bifurcate this trial into two phases:

- First, the jury should consider the individual claims against the officers and determine whether a constitutional violation occurred with respect to use of force, which is a necessary predicate to a *Monell* claim.

- Second, the jury should consider the remainder of the elements of the *Monell* claims.

Bifurcating the trial into these two phases could significantly shorten the length of trial. It would also ensure that the jurors do not improperly consider Plaintiffs' allegations related to other incidents when they decide whether a constitutional violation occurred in this instance, avoiding prejudice to both the City and the individual defendants.

## ARGUMENT AND AUTHORITIES

Rule 42(b) of the Federal Rules of Civil Procedure provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues [or] claims[.]" Fed. R. Civ. P. 42(b). A motion to bifurcate "is a matter within the sole discretion of the trial court." *First Tex. Sav. Ass'n v. Reliance Ins. Co.*, 950 F.2d 1171, 1174 (5th Cir. 1992). Any one of the considerations listed in the rule is sufficient. *MCI Commc'ns Corp. v. Am. Tel. & Tel. Co.*, 708 F.2d 1081, 1166 (7th Cir. 1983). The decision is a "case-specific procedural matter." *Nester v. Textron, Inc.*, 888 F.3d 151, 163 (5th Cir. 2018).

"Cases that contain *Monell* claims 'are good candidates for bifurcation.'" *Johnson v. Baltimore Police Department*, 500 F. Supp. 3d 454, 460 (D. Md. Nov. 16, 2020). As such, district courts across the country routinely bifurcate § 1983 claims against individual officers and *Monell* claims against municipalities. *See, e.g.*, *Ramirez*, 2021 WL 3778306 at *1–2; *Jones v. City of Danville*, No. 4:20-CV-20, 2021 WL 1582774, at *1 (W.D. Va. Apr. 22, 2021); *Williams v. City*

2

*of Long Beach*, No. 219-CV-05929-ODWAFMX, 2020 WL 4429356, at *1 (C.D. Cal. July 31, 2020); *Price v. Kraus*, No. 2:15-CV-331-PRC, 2016 WL 369682, at *4 (N.D. Ind. Feb. 1, 2016); *Carr v. City of N. Chicago*, 908 F. Supp. 2d 926, 935 (N.D. Ill. 2012); *McQueen*, 2010 WL 4595718 at *4. Because bifurcation would potentially expedite the trial proceedings and eliminate potential prejudice to all of the Defendants, this Court should do the same.

**I.     Bifurcation would promote judicial efficiency and potentially expedite the proceedings.**

First, bifurcating the trial has the potential to significantly shorten the trial proceedings. In phase one, the jury would decide the claims against the individual officers and also determine whether the uses of force violated Nicholas and/or Tuttle's constitutional rights—the first *Monell* liability element. *See Edwards v. City of Balch Springs.*, 70 F.4th 302, 307 (5th Cir. 2023). In the second phase, the jury would consider the remainder of the *Monell* liability elements. *See Avalos v. City of Corpus Christi*, No. C.A. C-05-159, 2006 WL 696495, at *2 (S.D. Tex. Mar. 16, 2006) (bifurcating a *Monell* liability case into two phases).

A jury determination that the individual officers' actions violated Nicholas and Tuttle's constitutional rights is a necessary condition for conferring municipal liability on the City. If the jury determines in phase one that the uses of force against Nicholas and Tuttle were not unconstitutional, phase two would be significantly shorter. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (explaining that nothing "authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm"). Instead of hearing *Monell* liability evidence on prior allegations related to excessive use of force **and** prior allegations related to obtaining search warrants, only the search warrant *Monell* claim would remain. This would eliminate several days' worth of testimony from the trial. Bifurcating the trial into two phases potentially avoids the

3

significant costs associated with a series of mini-trials on unrelated instances of purported excessive force by other police officers.

**II.    Bifurcation would reduce potential juror confusion and eliminate prejudice to the individual defendants and the City.**

Second, bifurcating the trial into these two phases would prevent the jury from improperly considering allegations related to *other* incidents when answering questions about officers' conduct in *this* instance.  Plaintiffs will attempt to prove their *Monell* claim by introducing evidence that stems from other, unrelated incidents—as municipal liability requires.  But presentation of *Monell* liability evidence alongside presentation of evidence related to Plaintiffs' individual claims has the potential to inflame the passions of the jury.

Proceeding with a singular trial would prejudice the individual officers by tainting them with allegations of excessive force that have nothing to do with their conduct in this case or the claims against them.  It would be fundamentally unfair for the officers to be tried on the actions of other officers. Similarly, a single trial could lead a jury to enter a finding of *Monell* liability based solely on other, unrelated incidents, prejudicing the City.  While evidence of other, sufficiently similar incidents is required to show a pattern or custom, it is wholly irrelevant to whether a constitutional violation occurred in this case in the first place.  *See Heller*, 475 U.S. at 799.

Evidence of a "crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1).  Obviously, evidence of one police officer's crime, wrong, or act may not be used to show that an entirely different officer acted similarly.  *Id.*  But *Monell* liability does require a jury to consider those other instances for claims against municipalities.  *See Edwards v. City of Balch Springs, Tex.*, 70 F.4th 302, 307 (5th Cir. 2023); *see also* Fed. R. Evid. 404(b)(2)

4

(explaining that character evidence is admissible for some permitted purposes, including to show knowledge). This creates an evidentiary fine line that is challenging to navigate if all of the evidence is heard in a single phase. The jury in this case would spend days—potentially even weeks—hearing evidence related to excessive force allegations against other Houston police officers. Then, when it comes time to deliberate, the jury will be told that they should consider that evidence for some claims, but not others. What's worse, with respect to the *Monell* claim, the jury would be instructed to consider that evidence for some elements of the claim, but not others. This course of action would confuse the jury and present a real risk of prejudice.

Accordingly, because it would avoid prejudice and potentially expedite the trial of this matter, the Court should bifurcate trial into two phases.

## CONCLUSION AND REQUEST FOR RELIEF

For the foregoing reasons, Defendant City of Houston respectfully requests that the Court bifurcate this trial into two phases: (1) claims against the individual officers and the issue of whether a constitutional violation occurred, and (2) the remaining elements of the *Monell* claims.

| | |
|---|---|
| Dated: October 23, 2024 | Respectfully submitted: |
| **BECK REDDEN LLP** | **THE ODOM LAW FIRM** |
| */s/ Alistair B. Dawson* <br> Alistair B. Dawson <br> State Bar No. 05596100 <br> Federal Bar I.D. 12864 <br> adawson@beckredden.com <br> Garrett S. Brawley <br> State Bar No. 24095812 <br> Federal Bar I.D. 3311277 <br> gbrawley@beckredden.com <br> Lena E. Silva <br> State Bar No. 24104993 <br> Federal Bar I.D. 3608019 <br> lsilva@beckredden.com <br> 1221 McKinney St., Suite 4500 <br> Houston, Texas 77010-2010 <br> Telephone: (713) 951-3700 | */s/ Al Odom* <br> Al Odom <br> State Bar No. 15201100 <br> Federal Bar I.D. 12913 <br> 601 Sawyer Street, Suite 225 <br> Houston, Texas 77007 <br> Telephone: (713) 357-5153 <br> E-mail: aodom@aodomlawfirm.com |

**ATTORNEYS FOR DEFENDANT CITY OF HOUSTON**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent to all counsel of record on this the 23rd day of October 2024, pursuant to the Federal Rules of Civil Procedure.

*/s/ Alistair B. Dawson*
Alistair B. Dawson

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with Plaintiffs' counsel and the other Defendants' counsel with respect to the relief sought in this motion. Plaintiffs are opposed to this motion and the other Defendants are unopposed.

*/s/ Alistair B. Dawson*
Alistair B. Dawson