IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLIFFORD F. TUTTLE, JR., REPRESENTATIVE OF THE ESTATE OF DENNIS W. TUTTLE, DECEASED, ROBERT TUTTLE, AND RYAN TUTTLE, | § § § § § | |
| Plaintiffs | § § | |
| v. | § § | Civil Action No. 4:21-cv-00270 |
| CITY OF HOUSTON, *et al.*, | § § § | |
| Defendants. | § | |

AND

| | | |
|---|---|---|
| JOHN NICHOLAS, as temporary administrator of the Estate of Rhogena Nicholas and JO ANN NICHOLAS, individually and as an heir of the Estate of Rhogena Nicholas, | § § § § § | |
| Plaintiffs | § § | |
| v. | § § | Civil Action No. 4:21-cv-00272 |
| CITY OF HOUSTON, *et al.*, | § § § | |
| Defendants. | § | |

**DEFENDANT CITY OF HOUSTON'S POTENTIALLY OPPOSED MOTION TO SEAL MIL NO. 23 BENCH BRIEF AND EXHIBIT 1**

Pursuant to Federal Rule of Civil Procedure 5.2(d), Court Procedure 5(d), and the Confidentiality Order (Dkt. 106 at ¶ C-6), Defendant City of Houston[1] files this Potentially Opposed Motion to Seal the City's Bench Brief in Support of Its Motion in Limine Number 23 Regarding

---

[1] Throughout this motion, "City" refers to Defendant City of Houston. "Confidential" and "Confidential Information" have the same meaning as set forth in the Confidentiality Order (Dkt. 106 at ¶ C-6).

Inspections (the "Bench Brief"), as well as Exhibit One that is attached to the Bench Brief. The City seeks permission to file these materials under seal because the Harris County District Attorney's Officer designated the information as "Confidential Information."

## BACKGROUND

As the Court is aware, this case involves the alleged conduct of former Houston Police Department officers, whom are under criminal indictment and subject to an ongoing criminal investigation. Only one of the criminal cases has gone to trial and the appeals process is far from complete. In support of its Bench Brief, the City has filed an exhibit, namely Exhibit No. 1, that consists of a portion of a Confidential Harris County District Attorney's Office Investigative Report (the "Report"), which pertains to ongoing criminal investigations and cases. Importantly, the Report also details transactions with a confidential informant ("CI"), though the CI's number is redacted, as well as personal identifying information of a police officer, including his payroll number and the type of car that he and his wife drive, as well as their county of residence. The Bench Brief itself also refers extensively to the Report,

"Confidential Information" is defined to include "(a) investigative files in an ongoing criminal investigation; (b) information that would reveal the identity of confidential informants; or (c) sensitive personal information[.]" Dkt. 106 at ¶ 6. The Bench Brief, as well as exhibit one thereto, are either designated Confidential or summarize, reference, or quote Confidential Information.

## AUTHORITY AND ARGUMENT

Although the public has a common law right to inspect and copy judicial records, that right is not absolute. *Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 225 (5th Cir. 2020). The public's right of access is left to the discretion of the trial court, which should be "exercised in light of the relevant facts and circumstances of the particular case." *Belo Broad. Corp. v. Clark*, 654 F.2d 423,

430 (5th Cir. 1981) (citation omitted). In exercising its discretion to seal judicial records, "the court must balance the public's common law right of access against the interests favoring nondisclosure." *Ackal*, 954 F.3d at 225 (citation omitted).

When a document contains investigative materials related to an ongoing criminal investigation, the balance shifts in favor of non-disclosure. *See, e.g., Ambler v. Nissen*, 2023 U.S. Dist. LEXIS 115628, 2023 WL 4375008, No. 1:20-cv-1068-LY, at *6-7 (W.D. Tex. 2023) (citing *Degen v. United States*, 517 U.S. 820, 827 (1996) (a "court can exercise discretion to manage the civil litigation to avoid interference with a criminal case")). Moreover, the presumption in favor of disclosure must be balanced against the "chilling effect" that disclosure of confidential information related to confidential informant interviews and investigations will have. *Greenlaw v. Klimek*, 2020 U.S. Dist. LEXIS 233727, 2020 WL 7318085, No. 4:20-CV-311-SDJ, at *11 (E.D. Tex. 2020). Finally, "it should surprise nobody that district courts across the nation routinely permit the sealing of personal identifying information, such as home addresses." *Martinez v. Texas Dep't of Crim. Justice*, 2022 U.S. Dist. LEXIS 128513, 2022 WL 2834294, NO. 3:21-cv-00258, at *3 (S.D. Tex. 2022).

Here, where the Bench Brief and accompanying Exhibit contain or refer to investigative materials that pertain to ongoing criminal investigations, confidential informant practices, as well as personal identifying information, the balance weighs in favor of nondisclosure. The City respectfully submits that this Court should exercise its discretion and seal the Bench Brief and accompanying Exhibits.

## CONCLUSION

The City respectfully requests that the Court grant this Motion to Seal, as the balance weighs in favor of nondisclosure of the Confidential Information that is contained in both the Bench Brief and the Exhibit, and permit the City to maintain these documents under seal.

Dated: October 23, 2024

Respectfully submitted:

**BECK REDDEN LLP**

*/s/ Alistair B. Dawson*
Alistair B. Dawson
State Bar No. 05596100
Federal Bar I.D. 12864
adawson@beckredden.com
Garrett S. Brawley
State Bar No. 24095812
Federal Bar I.D. 3311277
gbrawley@beckredden.com
Lena E. Silva
State Bar No. 24104993
Federal Bar I.D. 3608019
lsilva@beckredden.com
1221 McKinney St., Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720

*/s/ Al Odom*
Al Odom
State Bar No. 15201100
Federal Bar I.D. 12913
The Odom Law Firm
601 Sawyer Street, Suite 225
Houston, Texas 77007
Telephone: (713) 357-5153
E-mail: aodom@aodomlawfirm.com

**ATTORNEYS FOR DEFENDANT CITY OF HOUSTON**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent to all counsel of record on this the 23rd day of October 2024, pursuant to the Federal Rules of Civil Procedure.

*/s/ Alistair B. Dawson*
Alistair B. Dawson

## CERTIFICATE OF CONFERENCE

I hereby certify that I attempted to confer with Plaintiffs' counsel through email on October 22, 2024, but my correspondence went unanswered as of the time of this filing.

*/s/ Garrett Brawley*
Garrett Brawley