UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CLIFFORD TUTTLE, et. al.<br><br>Consolidated with<br><br>JOHN NICHOLAS, et.al.<br><br>Plaintiffs,<br>v.<br><br>CITY OF HOUSTON; ART ACEVEDO, et. al.<br>Defendants. | Case No. 4:21-cv-00270<br><br>(JURY DEMANDED) |

### THE TUTTLE AND NICHOLAS PLAINTIFFS' RESPONSE TO DEFENDANT FELIPE GALLEGOS'S MOTION TO STRIKE PLAINTIFFS' OBJECTION AND RESPONSE

The Nicholas and Tuttle Plaintiffs file this response to Defendant Felipe Gallegos's Motion to Strike Plaintiffs' Objection and Response to Gallegos's untimely summary judgment declaration evidence.[1] While Gallegos feigns complaints about claimed procedural violations on Plaintiffs' part before actually spending a significant portion of his motion to strike making further substantive argument in support of his late-presented evidence, Plaintiffs objection and response to Gallegos's untimely declaration was warranted and procedurally proper.

**I.    Plaintiffs' Basis for Submitting the Objection and Response to Gallegos's Untimely Declaration Evidence**

Ironically, despite the evidence submitted by Gallegos itself being procedurally improper because it was newly submitted with his summary judgment reply (which Gallegos does not address in his Motion to Strike),[2] Gallegos asks this Court to instead wholly ignore Plaintiffs'

---

[1] Plaintiffs' Objection and Response was filed at ECF No. 359. Gallegos's Motion to Strike was filed at ECF No. 362.
[2] *See* Local Rules of the United States District Court for the Southern District of Texas, LR 7.7 ("If a motion or response requires consideration of facts not appearing of record, proof by affidavit or other documentary evidence must be filed with the motion or response.").

1

objection and response to the improperly submitted evidence by incorrectly trying to point the finger at Plaintiffs for violating procedural rules.

Plaintiffs, however, acted in accordance with the overwhelming weight of guidance from district courts in the Fifth Circuit, along with guidance from many other federal circuit courts, that have recognized that submitting new evidence with a summary judgment reply is not generally fair, and a nonmovant (like the Tuttle and Nicholas Plaintiffs) should have the opportunity to respond to the submission of a movant's newly submitted reply evidence. *See, e.g.*, *Callier v. Jascot Enters., LLC*, 2024 U.S. Dist. LEXIS 62819, at *15 (W.D. Tex. Apr. 5, 2024) (collecting cases and noting the two approaches taken by courts in the Fifth Circuit when faced with new evidence submitted with summary judgment replies—disregarding the new evidence or allowing the nonmovant a chance to respond."); *Alston v. Forsyth*, 379 F. App'x 126, 129 (3d Cir. 2010) ("There is cause for concern where a movant presents new arguments or evidence for the first time in a summary judgment reply brief, particularly if the District Court intends to rely upon that new information in granting summary judgment to the movant."); *Atl. Specialty Ins. Co. A.S. v. Digit Dirt Worx, Inc.*, 793 F. App'x 896, 901 (11th Cir. 2019) ("[B]ecause summary judgment is a final disposition on the merits, courts should not grant summary judgment based on arguments or evidence to which the nonmoving party has not had a reasonable and meaningful opportunity to respond with contrary argument or evidence."); *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998) ("[W]hen a moving party advances in a reply new reasons and evidence in support of its motion for summary judgment, the nonmoving party should be granted an opportunity to respond."); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (a District Court should not consider new evidence raised in the reply to a motion for summary judgment without giving the nonmoving party an opportunity to respond).

In filing Plaintiffs' response and objection to the late-filed declaration evidence, Plaintiffs were objecting to the violation of legal procedure created by Gallegos improperly submitting new declaration evidence with his summary judgment reply, and supplementing their previously filed summary judgment response to address the new testimony adduced.

II. **Plaintiffs Do Not Believe the Objection and Response Violated This Court's Rules. To the Extent the Court Disagrees, Plaintiffs Respectfully Request Retroactive Leave to Submit the Objection and Response as a Surreply.**

While a small number of courts have rules addressing what to do in situations like the one caused by Gallegos's submission of untimely summary judgment evidence on reply, Plaintiffs were faced with Gallegos's declaration presented to the Court as part of the summary judgment record, and no clear authority dictating how Plaintiffs should proceed with promptly raising the issue to the Court's attention with the volume of summary judgment briefing the Court was already facing and a soon-approaching trial date set in early November. Accordingly, Plaintiffs proceeded under what they believed to be a reasonable course of action; Plaintiffs filed an objection and response to the untimely filed summary judgment evidence to flag the issue for the Court so the Court could decide how best it would consider, disregard, or take some other action in light of the untimely evidence submission. *Cf. Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1172 (9th Cir. 2018) ("Ultimately, and dispositive of [the nonmovants]'s objection to the district court's consideration of the [movant's] Declaration, [the nonmovant] did the one thing that a party claiming to be aggrieved by an improper reply submission may not do—he did nothing. If a party does not object to or challenge the improper submission of new evidence before the district court, the party who fails to object has waived any challenge on the admissibility of the evidence.").

In submitting the objection and response, Plaintiffs did not intend to violate any of this Court's rules and do not believe they did so. Despite Gallegos's reference to this Court's Rule 5(c), Plaintiffs do not understand that rule to be applicable to Plaintiffs' objection and response because that rule requires conferral for motions seeking relief. Plaintiffs, however, filed their objection and response as a retort to improper summary judgment evidence filed within the context of ongoing summary judgment briefing and not as a standalone motion seeking any particular relief.

Likewise, Plaintiffs do not believe their objection and response constituted a sur-reply to the ongoing summary judgment briefing because it was an objection and response to a particular piece of untimely, improper evidence, meaning that the Court's Rule 5(f) would not apply. To the extent the Court disagrees and Plaintiffs have misinterpreted Rule 5(f), Plaintiffs now ask this Court to grant leave to file a sur-reply retroactively, and to consider Plaintiffs objection and response to Gallegos's declaration as a sur-reply. *See Makhlouf v. Tailored Brands, Inc.*, 2017 U.S. Dist. LEXIS 41872, at *24 (S.D. Tex. Mar. 23, 2017) (J. Harmon) (granting the motion-nonmovant's request to retroactively grant leave to file a sur-reply and to consider its previously filed response to new evidence as the sur-reply).

## **CONCLUSION**

For the reasons specified, the Nicholas and Tuttle Plaintiffs respectfully request the Court deny Gallegos's Motion to Strike and disregard Gallegos's declaration testimony as untimely in response to Plaintiffs objection. Alternatively, if necessary, Plaintiffs respectively request the Court grant retroactive leave to consider Plaintiffs objection and response to Gallegos's untimely declaration as a sur-reply to the briefing on Defendant's motion for summary judgment.

Dated: November 4, 2024

| | |
|---|---|
| */s/ Michael P. Doyle* | */s/ Boyd Smith* |
| | |
| Michael Patrick Doyle | Michael T. Gallagher |
| Patrick M. Dennis | L. Boyd Smith, Jr. |
| Jeffrey I. Avery | Pamela R. McLemore |
| Patrick Doyle | 2905 Sackett Street |
| DOYLE DENNIS AVERY LLP | Houston, TX 77098 |
| The Clocktower Building | Telephone: (713) 238-7705 |
| 3401 Allen Parkway, Suite 100 | Facsimile: (713) 238-7852 |
| Houston, Texas 77019 | mike@gld-law.com |
| Email: service@doylelawfirm.com | bsmith@gld-law.com |
| | pamm@gld-law.com |
| CHARLES C. BOURQUE, JR. | |
| *Admitted Pro Hac Vice* | Attorneys for the Tuttle family |
| ST. MARTIN & BOURQUE, LLC | |
| 315 Barrow St. | |
| Houma, LA 70360 | |
| 985-876-3891 (phone) | |
| 985-851-2219 (fax) | |
| cbourque@stmblaw.com | |
| Attorneys for the Nicholas family | |

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney, do hereby certify that a true and correct copy of the foregoing document was forwarded to the following counsel of record on this November 4, 2024 via CM/ECF, hand delivery, electronic mail, overnight courier, U.S. Mail, certified mail, return receipt request, or facsimile, pursuant to the Federal Rules of Civil Procedure.

*/s/ Jeffrey I. Avery*
Jeffrey Avery