IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CLIFFORD F. TUTTLE, JR.,** *et al*, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. 4:21-cv-00270 |
| **CITY OF HOUSTON,** *et al*, | § § § | |
| *Defendants*. | § § | |

**CONSOLIDATED WITH**

| | | |
|---|---|---|
| **JOHN NICHOLAS,** et al, | § § | |
| *Plaintiffs*, | § § § | |
| v. | § § | Civil Action No. 4:21-cv-00272 |
| **CITY OF HOUSTON; et al**, | § § § | |
| *Defendants*. | § § | |

### DEFENDANTS ASHRAF, GONZALES, LOVINGS, MEDINA, PARDO, REYNA, SALAZAR, SEPOLIO, AND WOOD'S, PARTIALLY OPPOSED MOTION FOR LEAVE TO FILE ANSWERS UNDER SEAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants Nadeem Ashraf, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, Thomas Wood, and Robert Gonzales (collectively "Defendant-Officers"), file this Motion for Leave to File under Seal their answers to the Plaintiffs' complaints, respectfully showing the following in support:

1. Courts have recognized that the public has a common law right to inspect and copy judicial records. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir. 1981). Public access serves important interests, such as "to promote trustworthiness of the judicial process, to curb judicial abuses, and

1

to provide the public with a more complete understanding of the judicial system, including a better perception of fairness." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). A motion to seal implicates the right to public access, and therefore, the First Amendment. *See Lawson v. Louisiana Eye Center of N.O.*, 1997 U.S. Dist. LEXIS 9818, 1997 WL 375752, *1 (E.D. La. 1997). 990 F.2d 845, 849 (5th Cir. 1993), citing Littlejohn v. BIC Corp., 851 F.2d 673, 682 (3d Cir. 1988).

2.  The public's common law right of access is not absolute. *Nixon*, 435 U.S. at 598; *see Belo*, 654 F.2d at 430. "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598. Thus, the common law merely establishes a presumption of public access to judicial records. *Ins. Distribs. Int'l (Bermuda) Ltd. v. Edgewater Consulting Grp. Ltd.*, No. A-08-CA-767 AWA, 2010 U.S. Dist. LEXIS 77957, at *3 (W.D. Tex. Aug. 2, 2010) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988). To determine whether to disclose or seal a judicial record, the Court must balance the public's common law right of access against interests favoring non-disclosure. *See Van Waeyenberghe*, 990 F.2d at 848. Accordingly, "the district court's discretion to seal the record of judicial proceedings is to be exercised charily." *See Van Waeyenberghe*, 990 F.2d at 848, citing *Federal Savings & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987).

3.  When a document contains investigative materials related to an ongoing criminal investigation, the balance shifts in favor of non-disclosure. *See, e.g., Ambler v. Nissen*, 2023 U.S. Dist. LEXIS 115628, 2023 WL 4375008, No. 1:20-cv-1068-LY, at *6- 7 (W.D. Tex. 2023) (citing *Degen v. United States*, 517 U.S. 820, 827 (1996) (a "court can exercise discretion to manage the civil litigation to avoid interference with a criminal case")). Moreover, the presumption in favor of disclosure must be balanced against the "chilling effect" that disclosure of confidential

2

information related to confidential informant interviews and investigations will have. *Greenlaw v. Klimek*, 2020 U.S. Dist. LEXIS 233727, 2020 WL 7318085, No. 4:20-CV-311-SDJ, at *11 (E.D. Tex. 2020). Finally, "it should surprise nobody that district courts across the nation routinely permit the sealing of personal identifying information, such as home addresses." *Martinez v. Texas Dep't of Crim. Justice*, 2022 U.S. Dist. LEXIS 128513, 2022 WL 2834294, NO. 3:21- cv00258, at *3 (S.D. Tex. 2022). The existing and potential future criminal charges against various defendants, the unavoidable violation of the Supreme Court's proscriptions in *Garrity v. New Jersey* by all the evidence in this case, which is inseparable from the *Garrity* statements and protected investigation files, and the public's interest in maintaining fairness of judicial proceedings outweigh the public's interest in access.

4.     The Defendant-Officers' answers contain sensitive information pursuant to Federal Rule of Civil Procedure 5.2(d), Court Procedure 5(d), and the Confidentiality Order governing this case (Doc. #106), information protected under *Garrity v. New Jersey*, and invocations of the Fifth Amendment that are not relevant to any claims against the Defendant-Officers in this case, the disclosure of which will deprive the Defendant-Officers of a fair trial in these proceedings as well as pending and potential criminal proceedings.

5.     The Court has recognized the tension created by recent and potential future criminal indictments by the District Attorney against certain defendants.  Defendant-Officers have filed a motion in limine, objections and motion to exclude trial exhibits, and motion to close the courtroom and seal the pretrial and trial record in these proceedings, raising some of the concerns. Docs. #368, #366, #392, #394, #400.  Sealing the Defendant-Officers answers pending the Court's rulings is necessary to preserve the status quo and the constitutional rights of the criminally accused.

6. Plaintiffs' counsel has reportedly advised the media and potential jurors both in these civil and any criminal proceedings, that, **"in civil cases, juries are allowed to make an 'adverse inference' from people pleading the Fifth Amendment, and interpret it as the answer being 'bad' for the person testifying. It would potentially weaken arguments the city makes in it defense, Doyle said."**[1] Plaintiffs counsel's statements were made without a ruling by this Court regarding any available adverse inference, while motions by various defendants to exclude these precise types of statements are pending before the Court, and despite the fact that the Defendant-Officers did not invoke the Fifth Amendment regarding any claim against them in this case. Disclosure of the Fifth Amendment invocations would allow the pending, unrelated criminal charges to be used as weapons to prejudice the Defendant-Officers before any trial and allow irrelevant inferences to be drawn as to liability.

7. Disclosure of Fifth Amendment invocations, including those contained in the Defendant-Officers' answers would be unfairly prejudicial under Federal Rule of Evidence 403 because of the necessary implication of criminal activity, and deprive the Defendant-Officers of their rights to Due Process and a fair trial in these and any future criminal proceedings. There would be no probative value in that the invocations are not made in response to any claims against the Defendant-Officers by the Plaintiffs. *See Harrell v. DCS Equipment Leasing Corp.*, 951 F.2d 1453, 1464-65 (5th Cir. 1992); *Orchestrate HR, Inc. v. Trombetta*, No. 3:13-CV-2110-KS, 2017 U.S. Dist. LEXIS 7984, at *18-19 (N.D. Tex. Jan. 20, 2017).

## CONCLUSION AND PRAYER

For these reasons, Defendants Nadeem Ashraf, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, Thomas Wood, and Robert Gonzales,

---

[1] "*Deadly Harding Street raid civil trial pushed back to 2025 due to new indictments against police*," by John Wayne Ferguson, Staff writer, Houston Chronicle (Oct 29, 2024).

4

respectfully pray that the Honorable Court grant this motion and permit them to file their Answers to Plaintiffs' complaints under seal.

          Respectfully submitted,

          **ARTURO G. MICHEL**
          **City Attorney**

Date: November 5, 2024.    By:   */s/ Melissa Azadeh*
          CHRISTY L. MARTIN
          Chief, Torts/Civil Rights
          SBN: 24041336
          FBN: 754168
          Phone: (832) 393-6438 (direct)
          christy.martin@houstontx.gov

          MELISSA AZADEH
          Senior Assistant City Attorney
          SBN: 24064851
          FBN: 1090186
          Phone: (832) 393-6270 (direct)
          melissa.azadeh@houstontx.gov

          MICHELLE TAYLOR
          Senior Assistant City Attorney
          SBN: 224060889
          FBN: 3773284
          Phone: (832) 393-6248 (direct)
          michelle.taylor2@houstontx.gov

          ALEXANDER GARCIA
          Assistant City Attorney
          SBN: 24104429
          FBN: 3852904
          Phone: (832) 393-6293 (direct)
          alexander.garcia@houstontx.gov

          CITY OF HOUSTON LEGAL DEPARTMENT
          900 Bagby, 4th Floor
          Houston, Texas 77002

          **Attorneys for Defendants Nadeem Ashraf, Robert Gonzales, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, and Thomas Wood**

## CERTIFICATE OF SERVICE

  I hereby certify that on this 5th day of November 2024, a true and correct copy of the foregoing document was delivered to all opposing counsel(s) by electronic filing of same in accordance with the District's ECF service rules, to:

Michael Patrick Doyle
mdoyle@doylelawfirm.com
Jeffrey I. Avery
jeffavery@doylelawfirm.com
Patrick M. Dennis
Doyle LLP
3401 Allen Parkway, Suite 100
Houston, Texas 77019
service@doylelawfirm.com

Michael T. Gallagher
The Gallagher Law Firm
2905 Sackett St
Houston, TX 77098
mike@gld-law.com

Charles Bourque, Jr.
St. Martin & Bourque
315 Barrow St
Houma, LA 70360
cbourque@stmblaw.com

Dwayne Richard Day
Attorney at Law
3401 Allen Pkwy, Suite 100
Houston, TX 77019
dday@ddaylaw.com

David Allen Nachtigall
Attorney at Law, PLLC
1545 Heights, Ste. 100
Houston, TX 77008
david@dntriallaw.com

Margaret Bryant
Ware, Jackson, Lee, O'Neill, Smith
& Barrow, L.L.P.

2929 Allen Parkway, 39th floor
Houston, TX 77019

Alistair B. Dawson
adawson@beckredden.com
Lena Elizabeth Silva
lsilva@beckredden.com
Garrett Scott Brawley
gbrawley@beckredden.com
Beck Redden LLP
1221 McKinney, Ste 4500
Houston, TX 77010

Harold Al Odom, III
Odom Law Firm
601 Sawyer, Suite 225
Houston, TX 77007
aodom@aodomlawfirm.com

Russell Hardin, Jr
rhardin@rustyhardin.com
John Garnet MacVane
jmacvane@rustyhardin.com
Marshall Douglas Murphy
dmurphy@rustyhardin.com
Rachel Mae Lewis
rlewis@rustyhardin.com
Rusty Hardin and Associates
1401 McKinney, Ste 2250
Houston, TX 77010

Letitia D. Quinones
Quinones & Associates, PLLC
2202 Ruth Street
Houston, TX 77004
lquinones@rustyhardin.com

           */s/ Melissa Azadeh*
           Melissa Azadeh

**CERTIFICATE OF CONFERENCE**

The undersigned counsel certifies that conference was initiated by email to counsel for all parties at 1:40 p.m. on November 5, 2024, seeking their agreement regarding the foregoing motion to seal.  Mr. Michael Doyle stated that the Nicholas Plaintiffs oppose this motion.  Mr. Boyd Smith stated that the Tuttle Plaintiffs oppose this motion.  Counsel for co-defendants have not responded as of the time of this filing; their opposition, if any, will be provided in a revised certificate of conference.

*/s/ Melissa Azadeh*
Melissa Azadeh