UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CLIFFORD TUTTLE, et. al. <br><br> Consolidated with <br><br> JOHN NICHOLAS, et.al. <br><br> Plaintiffs, <br> v. <br><br> CITY OF HOUSTON; ART ACEVEDO, et. al. Defendants. | Case No. 4:21-cv-00270 <br><br> (JURY DEMANDED) |

**THE TUTTLE AND NICHOLAS PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO UNSEAL SUMMARY JUDGMENT MATERIALS [ECF NO. 361]**

Whether the materials from the parties' summary judgment briefing should remain sealed has been presented as a balance of rights. On one hand, the individual officer defendants claim their rights in parallel criminal proceedings will be violated if the summary judgment materials in this case are not kept hidden from the public. On the other hand, secreting away the summary judgment materials under seal infringes on the civil rights of Houston's citizens to have access to key court records in this case of significant public concern. In reality, the balance of rights as presented is not so dire as it seems because only one option presents any likelihood that rights will be violated—sealing everything prevents only a speculative risk, but at the certain cost of violating the public's court-access rights. Plaintiffs have submitted their request to unseal the summary judgment records with the hope that no additional rights are violated by this proceeding that is ironically necessary to vindicate the flagrant violation of Dennis and Regina Tuttle's civil rights by the same officers that now ask for the Court's support. As a result, Plaintiffs urge the Court to unseal the summary judgment record [ECF No. 361].

Chief among the arguments the Individual Officer Defendants raise in support of sealing

1

the summary judgment record is protecting their criminal proceedings. In supporting this argument, however, the Individual Officer Defendants offer no substantive reasoning as to why the entirety of the summary judgment record needs to be sealed to protect their rights in those proceedings. Despite perfunctory arguments that try to tie everything submitted with summary judgment to *Garrity* statements and the Fifth Amendment, it is simply not the case the publication of evidence and arguments developed in these civil proceedings for summary judgment is unfair, constitutionally prohibited, or otherwise off-limits from criminal prosecutors or the general public. Among the submitted summary judgment evidence (100+ exhibits) and briefing are various internal HPD investigation reports, non-*Garrity*, voluntary officer interviews and statements, deposition transcripts, scene photos and videos, and expert analyses of the crime scene and HPD's actions that should be fully available to the broader public and prosecutors alike without any infringement upon the officers' Fifth Amendment rights. *See* Officer Defendants' Motion to Close Courtroom [ECF No. 394] at 5 (noting the various types of evidence involved in this case that do not violate *Garrity*). While the officers and City may not like those materials publicly available, that does not mean their publication is constitutionally prohibited or problematic for criminal proceedings.

The Court and parties have been mindful of the risks presented by parallel civil and criminal proceedings and have taken steps to address those risks. The officers had the opportunity to assert their Fifth Amendment rights in their depositions, which they did often, so it is not clear what risk there is to Fifth Amendment rights there is in those transcripts. Even for the small subset of evidence that is the *Garrity* statements, at the absolute worst, permitting an entirely public summary judgment record creates only an opportunity for individuals in the state or federal prosecutors' office to go out of their way in violation of known limitations to seek officers' *Garrity*

statements.[1] Accordingly, the Court should see through Defendants efforts to tie everything in the summary judgment record to *Garrity* and the Fifth Amendment as a basis for sealing when those concerns are inapplicable to the materials at issue.[2]

On the other end of the scale, sealing the summary judgment record will certainly infringe upon the public's fundamental right of court access.  These are not merely discovery materials Plaintiffs seek to publicize to scandalize anyone involved in this case like what was at issue in *ex rel. Bond v. City of Detroit*, 268 F.R.D. 279, 295 (E.D. Mich. 2010), relied upon by the City of Houston in its response. To the contrary these are the key pieces of evidence and argument that have been submitted by the parties as court records for consideration in potential final adjudication on summary judgment. *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (discussing the difference between materials exchanged between parties and discovery, and a "judicial record" filed on the public record that becomes presumptively open to public review). Shielding these summary judgment materials from public view at any point, either just temporarily through trial or in perpetuity, would be a certain infringement upon rights and runs directly counter to the principles repeatedly emphasized by higher courts concerning the importance of public access to court proceedings.  *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 421 (5th Cir.

---

[1] Despite their request to enforce sealing, Defendants have not bothered to identify the specific summary judgment exhibits that constitute *Garrity* statements that give rise to their concerns warranting sealing. *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420 (5th Cir. 2021) (noting that sealing requires a document-by-document analysis).

[2] The City of Houston raised in its response an ancillary argument that public access to the summary judgment record may somehow interfere with ongoing criminal investigations.  To Plaintiffs' knowledge, no such concerns have been flagged by the actual prosecutors conducting the investigations. To the contrary, there may be certain pieces of evidence and arguments in the civil proceedings that should be accessible to prosecutors, and that may be valuable for prosecutors to be aware of in their efforts to prosecute these officers on behalf of the greater public.

2021) ("The Judicial Branch belongs to the American people. And our processes should facilitate public scrutiny rather than frustrate it. Excessive secrecy—particularly displacing the high bar for sealing orders with the low bar for protective orders—undercuts the public's right of access and thus undermines the public's faith in our justice system. Legal arguments, and the documents underlying them, belong in the public domain. American courts are not private tribunals summoned to resolve disputes confidentially at taxpayer expense."); *Gannett Co. v. DePasquale*, 443 U.S. 368, 386 n.15 (1979) ("In some civil cases the public interest in access, and the salutary effect of publicity, may be as strong as, or stronger than, in most criminal cases."); *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983) ("In civil cases, as much as in criminal matters, the resolution of private disputes frequently involves issues and remedies affecting third parties or the general public, and secrecy serves only to insulate the participants, mask impropriety, obscure incompetence, and conceal corruption.") (cleaned up). Accordingly, the motion to unseal [ECF No. 361] should be granted.

Dated: November 18, 2024

*/s/ Michael P. Doyle*

Michael Patrick Doyle
Patrick M. Dennis
Jeffrey I. Avery
Patrick Doyle
DOYLE DENNIS AVERY LLP
The Clocktower Building
3401 Allen Parkway, Suite 100
Houston, Texas 77019
Email: service@doylelawfirm.com

CHARLES C. BOURQUE, JR.
*Admitted Pro Hac Vice*
ST. MARTIN & BOURQUE, LLC

*/s/ Boyd Smith*

Michael T. Gallagher
L. Boyd Smith, Jr.
Pamela R. McLemore
2905 Sackett Street
Houston, TX 77098
Telephone: (713) 238-7705
Facsimile:  (713) 238-7852
mike@gld-law.com
bsmith@gld-law.com
pamm@gld-law.com

*Attorneys for the Tuttle family*

4

315 Barrow St.
Houma, LA 70360
985-876-3891 (phone)
985-851-2219 (fax)
cbourque@stmblaw.com

*Attorneys for the Nicholas family*

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that a true and correct copy of the foregoing document was forwarded to the following counsel of record on this November 18, 2024 via CM/ECF, hand delivery, electronic mail, overnight courier, U.S. Mail, certified mail, return receipt request, or facsimile, pursuant to the Federal Rules of Civil Procedure.

*/s/ Jeffrey I. Avery*
Jeffrey Avery