UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CLIFFORD TUTTLE, et. al.<br><br>Consolidated with<br><br>JOHN NICHOLAS, et.al.<br><br>Plaintiffs,<br>v.<br><br>CITY OF HOUSTON; ART ACEVEDO, et. al.<br>Defendants. | Case No. 4:21-cv-00270<br><br>(JURY DEMANDED) |

**THE TUTTLE AND NICHOLAS PLAINTIFFS' RESPONSE IN OPPOSITION TO OFFICER DEFENDANTS' MOTION FOR LEAVE TO FILE ANSWERS UNDER SEAL**

The Nicholas and Tuttle Plaintiffs file this response to Defendants Ashraf, Lovings, Medina, Pardo, Reyna, Salazar, Sepolio, Wood, and Gonzales's (the "Individual Officer Defendants") Motion for Leave to File under Seal their answers to the Plaintiffs' complaints [ECF No. 407].

In making this request, the Individual Officer Defendants give lip service to the high standards required for sealing court records before vaguely asserting that their answers—which contain mere admissions and denials of Plaintiffs' allegations, assertions of defenses, and the assertion of Fifth Amendment rights—are somehow prejudicial to the defendants if made public or that they contain sensitive information that will impact parallel criminal investigation. There is no elaboration of what specifically in the answers is of great concern or how the information in the answers would impact criminal investigations or otherwise run afoul of *Garrity* or the Fifth Amendment. Nor is there any explanation or supporting authority for the Individual Officer Defendants' argument that their assertion of the Fifth Amendment rights in their answers is somehow prejudicial to them later in this case or elsewhere when they are responding to the exact

1

allegations that form the basis of Plaintiffs' claims that will be litigated at trial with presumably the same assertions of Fifth Amendment privilege made by defendants.

The defendant's filing is a pro-forma request by these defendants consistent with their repeated requests elsewhere in this lawsuit to keep everything about this case hidden from the public, even though no law, authority, or other regulation requires or even encourages sealing in these circumstances.[1] To the contrary, this dispute is the exact type of lawsuit that courts recognize should remain open to public scrutiny, so Plaintiffs urge the Court to deny the Individual Officer Defendant's Motion for Leave to file their answers under seal.

## ARGUMENTS AND AUTHORITY

A. **The Answers should be publicly filed because this case is a matter of significant public interest and the Individual Officer Defendant's arguments do not reach the standard for sealing.**

Courts should be ungenerous with their discretion to seal judicial records like answers to pleadings, which discretion plays out in two legal standards.[2] The first standard, requiring only "good cause," applies to protective orders sealing documents produced in discovery.[3] The second standard, a stricter balancing test, applies "[o]nce a document is filed on the public record"—when a document "becomes a 'judicial record.'"[4] Under both standards, the working presumption is that judicial records should not be sealed.[5] As the Fifth Circuit recently explained with special attention and force in *Binh Hao Le*:

> Providing public access to judicial records is the duty and responsibility of the Judicial Branch. Why is this important? Because accessibility enhances legitimacy, the

---

[1] *See* ECF Nos. 394, 404.
[2] *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 412 (5th Cir. 2021); *see also S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) ("[T]he district court's discretion to seal the record of judicial proceedings is to be exercised charily.").
[3] *Id.*
[4] *Id.* (quoting *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019)).
[5] *Id.*

assurance that things are on the level. Article III courts are independent, and it is particularly *because* they are independent that the access presumption is so vital—it gives the federal judiciary a measure of accountability, in turn giving the public confidence in the administration of justice. Put simply, protecting the public's right of access is important to maintaining the integrity and legitimacy of an independent Judicial Branch. And hopefully, more access to judicial records means more trust in judicial officers and more respect for judicial orders.

. . . .

Judges must protect public accessibility for three mutually reinforcing reasons: (1) the public has a right to monitor the exercise of judicial authority; (2) judges are "the primary representative[s] of the public interest in the judicial process; and (3) the judiciary's institutional legitimacy depends on public trust. Public trust cannot coexist with a system wherein important judicial decisions are made behind closed doors and, worse, private litigants do the closing.[6]

If a court does decide to seal records, it must make detailed, clear, and specific findings when sealing a record to which there is a presumptive right of access.[7] "While the district court need not conduct an exhaustive assessment, it must generally articulate its reasons to support sealing the [documents] with a level of detail that will allow for this Court's review."[8]

The need for public disclosure of pleadings is particularly high in a case like this, which is not only high profile within Houston due to citizens' concern about their police department's practices but also because Plaintiffs uncovered evidence about HPD's patterns and practices that may be relevant to others whose civil rights have been or will be violated by HPD.[9] Making the answers

---

[6] *Id.* at 417-18 (citations and quotations omitted for clarity); *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001) ("[i]t is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records."); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1070 (3d Cir. 1984) (speaking at length as to the history and significance of the common law public access to civil trials)
[7] *See United States v. Sealed Search Warrants*, 868 F.3d 385, 397 (5th Cir. 2017)
[8] *Id.*
[9] *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) ("[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access."); *Under Seal v. Under Seal*, 27 F.3d 564 [published in full-text format at 1994 U.S. App. LEXIS 16117], 1994 WL 283977, at *2 (4th Cir. 1994) (unpublished) ("Courts have also recognized that when cases involve matters of particularly public interest, such as misspent government funds, the rationale for public access is even greater.") (collecting cases;

public in this matter will provide Houston's citizens with a sense of trust that its police department may not unilaterally conceal evidence concerning its misdeeds and that the judicial process is working as it should. It is particularly important that these answers remain public for ensuring confidence in the judicial process because they are frankly so innocuous, and any later unsealing of these answers would demonstrate to the public extreme measures taken in these proceedings to keep any and all scrutiny away from these proceedings.

> B. **The accompanying exhibit materials that Defendants seek to keep under seal meet neither the legal standard nor the Confidentiality Order's standard for sealing, and should be made publicly available.**

As discussed, there is a high standard a party must meet to justify sealing materials filed in the Court record that goes beyond even the basic "good cause" standard at issue when parties are producing discovery as "Confidential."[10] Plaintiffs additionally argue that the answers do not contain any sensitive information pursuant to Federal Rule of Civil Procedure 5.2(d), Court Procedure 5(d), and the Confidentiality Order governing this case that merits sealing. Notwithstanding that the motion argues this point without any reference to what sort of information in the answers is actually at issue in this regard or why targeted redactions would not be appropriate, the Court entered a Confidentiality Order that provides only for designating as Confidential three categories of materials:

---

*see also Estrada v. City & County of San Francisco*, 2016 U.S. Dist. LEXIS 173740 at *7 (N.D. Cal. 2016) ("case law suggests the privacy interests police officers have in their records do not outweigh a plaintiff's interests in civil rights cases. . . Where, as here, the case involves pattern and practice litigation against the same police department, 'this balancing approach should be 'moderately pre-weighted in favor of disclosure.'").

[10] *See June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022) ("That a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the judicial record.").

> **B. Confidential Information**
>
> 1. Materials that contain "Confidential Information" may be designated as "Confidential" by the producing party. "Confidential Information" means information, documents, or things that the producing party reasonably and in good faith believes to contain or constitute: (a) investigative files in an ongoing criminal investigation; (b) information that would reveal the identity of confidential informants; or (c) sensitive personal information, such as an individual's date of birth, social security number, home address, or medical records.

The answers are certainly not investigative files in a criminal investigation and any redaction of personal information for the officers or informants can be accomplished by redaction without total sealing. Accordingly, the Individual Officer Defendants should be required to file their answers publically (and to the extent there are CI names, personal addresses, SSNs, or other sensitive details, those materials can be addressed with limited redactions).

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court deny the Individual Officer Defendants' Motion for Leave to file their answers under seal.

Dated: November 26, 2024

| | |
|---|---|
| _/s/ Michael P. Doyle_ | _/s/ Boyd Smith_ |
| Michael Patrick Doyle | Michael T. Gallagher |
| Patrick M. Dennis | L. Boyd Smith, Jr. |
| Jeffrey I. Avery | Pamela R. McLemore |
| Patrick Doyle | 2905 Sackett Street |
| DOYLE DENNIS AVERY LLP | Houston, TX 77098 |
| The Clocktower Building | Telephone: (713) 238-7705 |
| 3401 Allen Parkway, Suite 100 | Facsimile: (713) 238-7852 |
| Houston, Texas 77019 | mike@gld-law.com |
| Email: service@doylelawfirm.com | bsmith@gld-law.com |
| | pamm@gld-law.com |
| CHARLES C. BOURQUE, JR. | |
| _Admitted Pro Hac Vice_ | Attorneys for the Tuttle |
| ST. MARTIN & BOURQUE, LLC | family |

315 Barrow St.
Houma, LA 70360
985-876-3891 (phone)
985-851-2219 (fax)
cbourque@stmblaw.com
Attorneys for the Nicholas family

## **CERTIFICATE OF SERVICE**

    I, the undersigned attorney, do hereby certify that a true and correct copy of the foregoing document was forwarded to the following counsel of record on this November 26, 2024 via CM/ECF, hand delivery, electronic mail, overnight courier, U.S. Mail, certified mail, return receipt request, or facsimile, pursuant to the Federal Rules of Civil Procedure.

*/s/ Jeffrey I. Avery*
Jeffrey Avery