IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CLIFFORD F. TUTTLE, JR.**, *et al*, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. 4:21-cv-00270 |
| **CITY OF HOUSTON**, *et al*, | § § § | |
| *Defendants*. | § § | |

CONSOLIDATED WITH

| | | |
|---|---|---|
| **JOHN NICHOLAS**, et al, | § § | |
| *Plaintiffs*, | § § | |
| v. | § § § | Civil Action No. 4:21-cv-00272 |
| **CITY OF HOUSTON; et al**, | § § § | |
| *Defendants*. | § | |

**DEFENDANTS ASHRAF, LOVINGS, MEDINA, PARDO, REYNA, SALAZAR, SEPOLIO, AND WOOD'S, RESPONSE TO PLAINTIFFS' MOTION FOR DISMISSAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants Nadeem Ashraf, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, and Thomas Wood, (collectively "Defendant-Officers") file this response to the Plaintiffs' Motion to Dismiss the Defendant-Officers without prejudice (Doc. #432):

**I.   Legal Standards**

Pursuant to Federal Rule of Civil Procedure 41, Dismissal of Action, "a plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed

1

by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A).  "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).  Plaintiffs cannot dismiss their claims pursuant to Rule 41(a)(1), because Defendant-Officers have filed answers and dispositive motions and have not stipulated to this dismissal.  Docs. #310, 410, 411, 412, 413, 414, 415, 416, 417, 418, 419, 420, 421, 422, 423, 424, 425.

"The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 202 (N.D. Tex. 1988) (Fitzwater, J.) (quoting *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)).  The Fifth Circuit considers several factors when determining whether a grant of voluntary dismissal is appropriate: (1) the defendant's effort and the expense involved in preparing for trial, (2) whether there is excessive delay and lack of diligence by the plaintiff in prosecuting the action, (3) whether the plaintiff has sufficiently explained the need to take a dismissal, and (4) whether the defendant has filed a motion for summary judgment.  *Id.* at 318 n.3 (citing *Witzman v. Gross*, 148 F.3d 988, 992 (8th Cir. 1998)).

"Plain legal prejudice may occur when the plaintiff moves to dismiss a suit at a late stage of the proceedings or seeks to avoid an imminent adverse ruling in the case, or where a subsequent refiling of the suit would deprive the defendant of a limitations defense." *Harris v. Devon Energy Prod. Co., L.P.*, 500 Fed. Appx. 267, 268 (5th Cir. 2012) (per curiam) (citing *In re FEMA Trailer*, 628 F.3d at 162).  "If the district court determines that an unconditional dismissal will cause the defendant plain legal prejudice, it may either deny the motion to dismiss or impose conditions that will cure the prejudice." *Harris*, 500 Fed. Appx. at 268 (citation omitted).  "Allowing the court to attach conditions to the order of dismissal prevents defendants from being unfairly affected by

such dismissal." *Radiant Tech. Corp.*, 122 F.R.D. at 202 (citing *LeCompte*, 528 F.2d at 604). "[T]he court is permitted through Rule 41(a)(2) to impose any conditions it finds proper, which may include a requirement that plaintiff bear defendant's attorney fees and costs." *Greyhound Lines, Inc. v. Younan Props., Inc.*, 2008 U.S. Dist. LEXIS 44802, 2008 WL 2340219, at *3 (N.D. Tex. June 9, 2008) (O'Connor, J.) (citing *Mortg. Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 300 (5th Cir. 1990)). "However, the conditions imposed, if any, should only include what is necessary to eliminate the harm done to the defendant." *Id.* (citing *LeCompte*, 528 F.2d at 605).

"Requiring dismissal with prejudice is one available option; the court exercises considerable discretion even in selecting this condition, but it "must be careful to craft conditions that are not overbroad." *In re FEMA Trailer Formaldahyde Products Liab. Litig.*, 628 F.3d 157, 163 (5th Cir. 2010); *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317-18 (5th Cir. 2002). Alternatively, "whe[n] the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort, the district court may, in its discretion, refuse to grant a voluntary dismissal." *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Services, Inc.*, 903 F.2d 352, 360-61 (5th Cir. 1990) (collecting cases).

**II.     Plaintiffs' improper bases for dismissal and plain legal prejudice to the Defendant-Officers.**

Permitting Plaintiffs to dismiss this action without prejudice will cause the Defendant-Officers to suffer plain legal prejudice. Plaintiffs have waited until a late stage of the proceedings, after the defendants have exerted significant time and effort, and have filed dispositive motions that are fully briefed and pending before the Court. *See John M. Crawley, LLC v. Trans-Net, Inc.*, 394 Fed. Appx. 76, 79 (5th Cir. 2010) (per curiam) (voluntary dismissal in favor of state court litigation did not give rise to plain legal prejudice when "only seven months had elapsed between removal and the motion to dismiss, no dispositive motions had been filed, and depositions had not

3

begun.").

This is not the first time Plaintiffs have attempted to dismiss the Defendant-Officers to avoid a potential adverse ruling. They moved to remand so that this Court could issue an order dismissing the Defendant-Officers during the interlocutory appeal to the Fifth Circuit, claiming a desire to avoid further delays associated with qualified immunity.[1] Yet, they made no effort to dismiss for over a year after the case was remanded, even after voluntarily stipulating to the dismissal of their excessive force claims. Docs. #236, #301.

Nor have Plaintiffs sufficiently explained the need for dismissal at this stage. They claim only that they wish to avoid delays associated with interlocutory appeals from any potential denial of qualified immunity and eliminate the Fifth Amendment and other concerns related to new indictments and pending criminal charges against certain defendants. Plaintiffs condition their motion on trial proceeding in May 2025. Despite having dismissed their only remaining claims against these Defendant-Officers, Plaintiffs continue to disparage them by referring to a newly imagined conspiracy claim as if proven, and seek a dismissal without prejudice so they may revive baseless claims that have been dismissed by either this Court, the Fifth Circuit, or by Plaintiffs voluntarily, at a future date, and continue to harass the Defendant-Officers who the Plaintiffs' own experts confirmed did absolutely nothing wrong.

### III. Any dismissal should be with prejudice and Plaintiffs may not prevent the Defendant-Officers from preserving their constitutional rights at any trial.

Plaintiffs' motion and publicly reported statements demonstrate their improper motives. Plaintiffs apparently wish to exclude the Defendant-Officers from trial to prevent them from

---

[1] See **Exhibit A**, 9/13/2022 OPPOSED MOTION filed by Appellees Ms. Jo Ann Nicholas, Mr. John Nicholas, Mr. Clifford F. Tuttle, Jr., Mr. Robert Tuttle and Mr. Ryan Tuttle to continue oral argument, to lift the stay of district court proceedings, 4:21-CV-270, 4:21-CV-272, to abate the briefing schedule and withdraw oral argument, to stay further proceedings in this court. Reason: to allow the Plaintiffs to voluntarily dismiss individual Defendants. *Sepolio, et al. v. Tuttle, et al.*, Case No. 22-20279 in the United States Court of Appeals for the Fifth Circuit.

4

invoking their constitutional rights under the Fifth and Fourteenth Amendments. With the dismissal, Plaintiffs believe they will be able to summon the Defendant-Officers to testify at a trial that will occur swiftly—before resolution of any of the criminal charges against them—so the Defendant-Officers cannot provide testimony relevant to their supervision by the Houston Police Department or other claims against the City. Plaintiffs apparently hope to support their claims against the City with the absence of testimony and invocation of the Fifth Amendment. At the same time, Plaintiffs seek to prevent the Defendant-Officers from protecting their rights to fair criminal trials by eliminating them as parties – but only temporarily, because they do not even agree to dismissal with prejudice. See, e.g., Docs. #394, #368, #407 (raising concerns regarding release of information protected under *Garrity v. New Jersey*, and invocations of the Fifth Amendment that are not relevant to any claims against the Defendant-Officers in this case, the disclosure of which will deprive the Defendant-Officers of a fair trial in these proceedings as well as pending and potential criminal proceedings).

The timing and reasons for dismissal given in Plaintiffs' motion strongly suggest their intent is to secure a trial at which evidence cannot be fully presented and to permanently damage the Defendant-Officers with respect to the vindictive and baseless criminal charges against them. *See, e.g., Megatel Homes LLC v. Moayedi*, Civil Action No. 3:20-CV-0688-L, 2024 U.S. Dist. LEXIS 124158, at *18-19 (N.D. Tex. Mar. 21, 2024) ("Although the court is not psychic, it reasonably believes—based on the history of these parties, the timing of the dismissal, and the court's decades worth of experience managing civil actions—that Plaintiffs' decision to dismiss is not as innocent as their Motion and Reply imply."). Plaintiffs' counsel has reportedly advised the media and potential jurors both in these civil and any criminal proceedings, that, "*in civil cases, juries are allowed to make an 'adverse inference' from people pleading the Fifth Amendment, and*

5

*interpret it as the answer being 'bad' for the person testifying. It would potentially weaken arguments the city makes in its defense, Doyle said.*"[2] Disclosure of the Fifth Amendment invocations would allow the pending, unrelated criminal charges to be used as weapons to prejudice the Defendant-Officers before any trial and allow irrelevant inferences to be drawn as to liability. Such a trial would deprive the Defendant-Officers of their rights to Due Process and a fair trial in these and any future criminal or civil proceedings. *See Harrell v. DCS Equipment Leasing Corp.*, 951 F.2d 1453, 1464-65 (5th Cir. 1992); *Orchestrate HR, Inc. v. Trombetta*, No. 3:13-CV-2110-KS, 2017).

## CONCLUSION AND PRAYER

The Defendant-Officers are entitled to dismissals with prejudice. If the Court grants the Plaintiffs' motion to dismiss, the dismissal should be with prejudice and also account for the continuing implications of any civil trial to pending or future criminal charges or trials involving the Defendant-Officers, and expressly reject any suggestion that Defendant-Officers' rights or concerns caused by the criminal proceedings are mooted by the Plaintiffs' motion or the dismissal, or that the dismissal is conditioned on a trial occurring on Plaintiffs' requested date.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

Date: December 5, 2024.          By:   */s/ Melissa Azadeh*
CHRISTY L. MARTIN
Chief, Torts/Civil Rights
SBN: 24041336
FBN: 754168
Phone: (832) 393-6438 (direct)
christy.martin@houstontx.gov

---

[2] *Deadly Harding Street raid civil trial pushed back to 2025 due to new indictments against police*, By John Wayne Ferguson (Oct 29, 2024); available at https://www.houstonchronicle.com/news/houston-texas/crime/article/harding-street-civil-trial-moved-next-year-19867875.php (last visited 12/4/2024).

MELISSA AZADEH
Senior Assistant City Attorney
SBN: 24064851
FBN: 1090186
Phone: (832) 393-6270 (direct)
melissa.azadeh@houstontx.gov

MICHELLE TAYLOR
Senior Assistant City Attorney
SBN: 224060889
FBN: 3773284
Phone: (832) 393-6248 (direct)
michelle.taylor2@houstontx.gov

ALEXANDER GARCIA
Assistant City Attorney
SBN: 24104429
FBN: 3852904
Phone: (832) 393-6293 (direct)
alexander.garcia@houstontx.gov

CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, 4th Floor
Houston, Texas 77002

**Attorneys for Defendants Nadeem Ashraf, Robert Gonzales, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, and Thomas Wood**

## CERTIFICATE OF SERVICE

      I hereby certify that on this 5th day of December 2024, a true and correct copy of the foregoing document was delivered to all opposing counsel(s) by electronic filing of same in accordance with the District's ECF service rules, to:

Michael Patrick Doyle
mdoyle@doylelawfirm.com
Jeffrey I. Avery
jeffavery@doylelawfirm.com
Patrick M. Dennis
Doyle LLP
3401 Allen Parkway, Suite 100
Houston, Texas 77019
service@doylelawfirm.com

Michael T. Gallagher
The Gallagher Law Firm
2905 Sackett St
Houston, TX 77098
mike@gld-law.com

Charles Bourque, Jr.
St. Martin & Bourque
315 Barrow St
Houma, LA 70360
cbourque@stmblaw.com

Dwayne Richard Day
Attorney at Law
3401 Allen Pkwy, Suite 100
Houston, TX 77019
dday@ddaylaw.com

David Allen Nachtigall
Attorney at Law, PLLC
1545 Heights, Ste. 100
Houston, TX 77008
david@dntriallaw.com

Margaret Bryant
Ware, Jackson, Lee, O'Neill, Smith
& Barrow, L.L.P.

2929 Allen Parkway, 39th floor
Houston, TX 77019

Alistair B. Dawson
adawson@beckredden.com
Lena Elizabeth Silva
lsilva@beckredden.com
Garrett Scott Brawley
gbrawley@beckredden.com
Beck Redden LLP
1221 McKinney, Ste 4500
Houston, TX 77010

Harold Al Odom, III
Odom Law Firm
601 Sawyer, Suite 225
Houston, TX 77007
aodom@aodomlawfirm.com

Russell Hardin, Jr
rhardin@rustyhardin.com
John Garnet MacVane
jmacvane@rustyhardin.com
Marshall Douglas Murphy
dmurphy@rustyhardin.com
Rachel Mae Lewis
rlewis@rustyhardin.com
Rusty Hardin and Associates
1401 McKinney, Ste 2250
Houston, TX 77010
Letitia D. Quinones
Quinones & Associates, PLLC
2202 Ruth Street
Houston, TX 77004
lquinones@rustyhardin.com

                                       */s/ Melissa Azadeh*
                                        Melissa Azadeh