United States District Court
Southern District of Texas
**ENTERED**
December 19, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CLIFFORD F. TUTTLE, JR., *et al.*, § § Plaintiffs, § § VS. § CIVIL ACTION NO. 4:21-CV-00270 § CITY OF HOUSTON, *et al.*, § § Defendants. § | |

## **ORDER**

Before the Court are (1) Plaintiffs' Motion to Dismiss Pursuant to Rule 41(a)(2) Individual Defendants Eric Sepolio, Manuel Salazar, Thomas Wood, Oscar Pardo, Frank Medina, Clemente Reyna, Cedell Lovings, and Nadeem Ashraf (collectively, the "Defendant Officers") (the "Motion to Dismiss") (Doc. #432) and the Defendant Officers' Response (Doc. #434); and (2) Plaintiffs' Motion for Partial Summary Judgment Against the Defendant Officers and Robert Gonzales ("Gonzales") (the "Motion for Partial Summary Judgment") (Doc. #316), the Defendant Officers and Gonzales' Response (Doc. #324), and Plaintiffs' Reply (Doc. #339).

### I.   Background

This case arises from the botched execution of a no-knock search warrant by the Houston Police Department's ("HPD") Narcotics Division, Squad 15, at 7815 Harding Street on January 28, 2019, during which Dennis Tuttle ("Tuttle") and Rhogena Nicholas ("Nicholas") (collectively, "Decedents") were killed. The families and estates of Tuttle and Nicholas (collectively, "Plaintiffs") now bring this case pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging constitutional violations against the City of Houston and the HPD officers and supervisors who

were involved in the raid. Doc. Nos. 48, 49.

Plaintiffs filed their respective Amended Complaints on April 9, 2021. Doc. Nos. 48, 49. In response, the Defendant Officers asserted qualified immunity and moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). On December 16, 2022, the Court issued an Order resolving the various motions to dismiss, which the Defendant Officers appealed. Doc. #229. The Fifth Circuit determined that Plaintiffs had plausibly alleged Section 1983 excessive force claims against the Defendant Officers based on direct liability theories. *Id.* at 8–9. However, the Fifth Circuit held Plaintiffs failed to sufficiently allege excessive force and search-and-seizure claims premised on failure-to-intervene theories. *Id.* The Fifth Circuit also left intact Plaintiffs' wrongful death and survival claims. *Id.* at 9. Neither this Court nor the Fifth Circuit explicitly addressed any supposed conspiracy claims asserted by the Plaintiffs.

On August 5, 2024, Plaintiffs, the Defendant Officers, and Gonzales jointly stipulated to the dismissal of Plaintiffs' excessive force claims. Doc. #301. On August 9, 2024, the Defendant Officers and Gonzales filed a Motion for Judgment on the Pleadings (the "Motion for Judgment") (Doc. #310), arguing that the stipulated dismissal of the excessive force claims also disposed of Plaintiffs' state law wrongful death and survivor claims because Plaintiffs no longer have any pending Section 1983 claims. Doc. #310 at 9. The Defendant Officers and Gonzales also argue that, to the extent Plaintiffs assert that they have pending conspiracy claims, either (1) Plaintiffs never pleaded conspiracy, or (2) any supposed conspiracy claims are insufficiently pled. *Id.* Thus, the Defendant Officers and Gonzales seek dismissal from this case with prejudice.[1] *Id.* In response

---

[1] The Motion for Judgment seeks dismissal of all claims against the Defendant Officers and Gonzales except the supervisory liability claims asserted against Gonzales only. *See* Doc. 310. Those supervisory liability claims are addressed in Gonzales' separate Motion for Summary Judgment (Doc. #312).

to the Motion for Judgment, Plaintiffs argued that they still have pending Section 1983 conspiracy claims against the Defendant Officers and Gonzales. Doc. #340.

On August 9, 2024, Plaintiffs filed their own Motion for Partial Summary Judgment which, in essence, sought default judgment against the Defendant Officers and Gonzales for failure to file answers to the Amended Complaints. Doc. #316. However, at a status conference on October 29, 2024, Plaintiffs agreed that, if these parties filed answers, the Motion for Partial Summary Judgment would be moot. At the status conference, the Court ordered any non-answering Defendants in this case to file answers by November 5, 2024. In accordance with the Court's Order, the Defendant Officers and Gonzales all filed answers to Plaintiffs' respective Amended Complaints. *See* Doc. Nos. 408–425.

On November 21, 2024, Plaintiffs moved for voluntary dismissal of their conspiracy and state law claims against the Defendant Officers *without* prejudice pursuant to Rule 41(a)(2). Doc. #432. Plaintiffs' only basis for voluntary dismissal at this late stage of the case is to "streamline the trial process" because the Defendant Officers are expected to assert their Fifth Amendment privileges and "may attempt to further delay trial by filing . . . dilatory interlocutory appeals." *Id.* at 1. The Defendant Officers oppose the Motion to Dismiss because dismissal without prejudice at this stage of the case would be unfairly prejudicial. Doc. #434.

## II.   Legal Standard

Under Federal Rule of Civil Procedure 41(a)(1), an action may be dismissed by the plaintiff without an order of the court by either (1) filing a notice of dismissal before the opposing party serves its answer or a motion for summary judgment, or (2) filing a stipulation of dismissal signed by all parties. FED. R. CIV. P. 41(a)(1). If neither of these conditions are satisfied, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

3

FED. R. CIV. P. 41(a)(2). The Fifth Circuit has "explained that, as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). However, "[i]f the district court concludes that granting the motion unconditionally will cause plain legal prejudice, it has two options, it can deny the motion outright or it can craft conditions that will cure the prejudice." *Id.*

"The purpose of authorizing the court to place conditions on a voluntary dismissal is to prevent unfair prejudice to the other side in the case." *In re FEMA Trailer Formaldahyde Prods. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010). An opposing party may suffer unfair prejudice "when a [plaintiff] proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling, or may on refiling deprive the defendant of a limitations defense." *Id.* If a court determines that a defendant will suffer unfair prejudice, one condition it may impose is granting a voluntary dismissal with prejudice. *Elbaor*, 279 F.3d at 320 (We agree . . . that Rule 41(a)(2) clearly provides authority to the district court to grant the dismissal on the condition that it be with prejudice."). However, "before requiring a Rule 41(a)(2) dismissal to be with prejudice, a court must allow a plaintiff the opportunity to retract his motion to dismiss." *In re FEMA*, 628 F.3d at 163 n.4.

### III. Analysis

As an initial matter, given that the Defendant Officers and Gonzales have now filed answers in this case, Plaintiffs' Motion for Partial Summary Judgment should be denied as moot. Doc. #316. As to Plaintiffs' Motion to Dismiss, the question is whether dismissal would cause plain legal prejudice to the Defendant Officers.

This case has been pending for nearly four years, with the Defendant Officers engaging in

4

substantive motion practice, appeals, and discovery. In addition, the Defendant Officers' Motion for Judgment, which seeks dismissal of Plaintiffs' claims against them with prejudice, remains fully briefed and pending before the Court. *See* Doc. #310. In addition, trial in this case is scheduled to take place in May 2025.

Given that "significant time and expense has gone into defending this action," the Court finds "granting [Plaintiffs'] motion to dismiss without any conditions would cause plain legal prejudice to [the Defendant Officers]." *See Cluck v. MetroCare Servs.-Austin, LP*, No. 1:16-CV-1216-RP, 2017 WL 8811604, at *1 (W.D. Tex. Oct. 19, 2017) (declining the plaintiff's request to voluntarily dismiss certain defendants without prejudice where the plaintiff waited to seek dismissal until "nearly a year after [the] case was removed" and there were dispositive motions pending). In addition, Plaintiffs have failed to set forth "adequate justification for the dismissal." *See Kranz v. Midland Credit Mgmt., Inc.*, No. SA-18-CV-169-XR, 2020 WL 2326140, at *3 (W.D. Tex. May 8, 2020). Again, it appears Plaintiffs wish to dismiss the Defendant Officers out of concern that they will exercise their constitutional rights to assert their Fifth Amendment privileges. *See* Doc. #432 at 1.

Having determined that the Defendant Officers will suffer legal prejudice if the Court grants the Motion to Dismiss, the next question is whether "any curative conditions may be imposed on the dismissal." *See Kranz*, 2020 WL 2326140, at *3. Here, the Court finds that any prejudice to the Defendant Officers would be cured by granting the Motion to Dismiss on the condition that the dismissal be with prejudice. *See id.* at *4 ("The Court finds it appropriate to grant the motion to dismiss—as the Court must freely do—but the Court also finds that doing so with prejudice is necessary to adequately cure the prejudice to and protect the interests of Defendants."); *Cluck*, 2017 WL 8811604, at *2 (granting dismissal "if Plaintiff either (1) agrees

5

to dismissal with prejudice or (2) agrees to pay [the defendants] their reasonable and necessary attorney's fees"). However, before dismissing the Defendant Officers with prejudice, the Court will give Plaintiffs the opportunity to withdraw their Motion to Dismiss, as required in the Fifth Circuit. *See In re FEMA*, 628 F.3d at 163 n.4.

## IV. Conclusion

In conclusion, the Court finds that the Motion to Dismiss should be granted and the Defendant Officers should be dismissed with prejudice. However, if Plaintiffs wish to withdraw their Motion to Dismiss, they must must file a motion to withdraw by **January 3, 2025**. Should Plaintiffs opt to withdraw their Motion to Dismiss, the Court will move forward with the consideration of the pending Motion for Judgment (Doc. #310). If Plaintiffs do not withdraw their Motion to Dismiss, the Court will order the dismissal of the Defendant Officers with prejudice.

In addition, Plaintiffs' Motion for Partial Summary Judgment (Doc. #316) is DENIED as MOOT.

It is so ORDERED.

**DEC 1 9 2024**
Date

The Honorable Alfred H. Bennett
United States District Judge

6