**EXHIBIT**

```
 1                    UNITED STATES DISTRICT COURT
                       SOUTHERN DISTRICT OF TEXAS
 2                          HOUSTON DIVISION

 3    ****************************************************************

 4    CLIFFORD F. TUTTLE, ET AL.      4:21-CV-00270

 5
      VS.                             HOUSTON, TEXAS
 6

 7    CITY OF HOUSTON, ET AL.         OCTOBER 29, 2024

 8

 9    ****************************************************************

10              TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS
            HEARD BEFORE THE HONORABLE ALBERT H. BENNETT
11                     UNITED STATES DISTRICT JUDGE

12    ****************************************************************

13

14    APPEARANCES:

15

16
      FOR THE TUTTLE PLAINTIFFS:     Mr. Boyd Smith
17                                   WARE JACKSON LEE O'NEILL
                                         SMITH & BARROW, LLP
18                                   2929 Allen Parkway, Suite 3900
                                     Houston, Texas 77019
19

20

21    FOR THE NICHOLAS PLAINTIFFS:   Mr. Michael P. Doyle
      JOHN NICHOLAS:                 Mr. Jeff Avery
22                                   DOYLE, LLP
                                     3401 Allen Parkway, Suite 100
23                                   Houston, Texas 77019

24
              Proceedings recorded by mechanical stenography,
25    transcript produced via computer.
```

```
                                                                    3
 1   FOR THE DEFENDANTS                Mr. Alexander E. Garcia
     THOMAS WOOD and                   CITY OF HOUSTON
 2   CLEMENTE REYNA:                   900 Bagby St., 4th Floor
                                       Houston, Texas 77002
 3

 4
     FOR THE DEFENDANTS                Ms. Melissa Azadeh
 5   ERIC SEPOLIO, OSCAR PARDO         CITY OF HOUSTON LEGAL DEPT.
     and CEDELL LOVINGS:               P.O. Box 368
 6                                     Houston, Texas 77002-0368

 7

 8
     Official Court Reporter:          Lanie M. Smith, CSR, RMR, CRR
 9                                     Official Court Reporter
                                       United States District Court
10                                     Southern District of Texas
                                       515 Rusk
11                                     Room 8004
                                       Houston, Texas 77002
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
10:06AM
```

1  we could have hearings to determine exactly what portions of
2  the testimony needs to be sealed, but it will be very difficult
3  to determine that.  And I don't think that it's possible for
4  the defendants that are indicted to receive a fair criminal
5  proceeding if this information is released and accessible to
6  the public.
7         And by way of example, I did want -- the only
8  cases I found were either federal criminal cases that have been
9  sealed or to protect trade secrets, and those proceedings that
10 I found were sealed entirely.
11        THE COURT:  Thank you, counselor.
12        MS. AZADEH:  Thank you, Your Honor.
13        THE COURT:  Anyone else from any of the defendants need
14 to be heard?
15        MR. HARDIN:  Good morning, Your Honor.  Rusty Hardin on
16 behalf of Mr. Gallegos.
17        We did not join in the motion to seal, and we
18 don't join it.  From the very beginning we have wanted his
19 story and these guys that did have nothing to do with the
20 affidavit and were totally unaware of it, all we've wanted is a
21 public either a nonsuit in this case or his story to be out.
22        We have done it in the hopes the Court would
23 recognize qualified immunity applies to our man.  That's why we
24 asked for a continuance until that decision was rendered by the
25 Court.

|  |  |
|---|---|
| 1 | And, of course, if you rule against us, then |
| 2 | we're going to ask the Fifth Circuit for a stay. And then if |
| 3 | we're ruled beforehand, we're going to appeal, as you know, and |
| 4 | if we're not, then we're gone and we don't have an issue then. |
| 10:08AM  5 | I'll point out to the Court, you may not be |
| 6 | aware, we're the only one that waived our Fifth Amendment right |
| 7 | as long as the restriction of the deposition was not to go into |
| 8 | the issue that you're talking about now. That's our same |
| 9 | position for the trial. |
| 10:08AM 10 | We waive the Fifth Amendment that has anything to |
| 11 | do with the Harding Street case and we believe very strongly |
| 12 | not only was our guy -- is not liable, but that he's protected |
| 13 | by what he did. He's the guy that saved everybody's lives. |
| 14 | He's also the person that did the shooting. So he's the one |
| 10:08AM 15 | whose shots resulted in the deaths of the two deceased, but |
| 16 | he's also the one that did it while cloaked by qualified |
| 17 | immunity and saving four lives. |
| 18 | Having said all that, the only way they affect |
| 19 | us, they affect us tremendously, these new indictments, if the |
| 10:08AM 20 | Court decides at trial that they're going to be allowed to |
| 21 | question about that if he takes the stand. That's the way it |
| 22 | affects us. |
| 23 | Otherwise, consistent -- if the Fifth Circuit |
| 24 | somehow tells us -- again it's all up to how you rule. But if |
| 10:09AM 25 | you rule against us on qualified immunity, we go to the |

            With respect to this issue as defined by the
Court, the Court's responsibility is to protect the
Fifth Amendment rights of the defendants.  The Court has been
very protective of that appropriately.
            They've each, including Mr. Gallegos, asserted
that in their testimony in this case.  They're certainly
allowed to continue to do that at trial.  But the fact that
they may have potential criminal liability on a case
approaching the six-year anniversary of the deaths of these two
folks is not a basis for a forever delay of the trial from our
perspective.
            THE COURT:  Two points.
            One, as you correctly point out, which I
appreciate, I have been very protective, aware, sympathetic --
however you want to characterize it -- to the Fifth Amendment
rights of the defendants in this civil action who may face
criminal prosecution.
            There is a tension created by that if we go
forward with the civil trial as scheduled for a full, in my
view, for a full and complete airing of the facts necessary for
the jury to consider your allegations.
            Some of the defendants who may be facing
indictment, criminal prosecution, are going to be faced with
this very issue as to testifying on matters which may impact
their criminal liability.

|         |    |                                                                        |
|---------|----|------------------------------------------------------------------------|
|         | 1  | With respect to this issue as defined by the                           |
|         | 2  | Court, the Court's responsibility is to protect the                    |
|         | 3  | Fifth Amendment rights of the defendants.  The Court has been          |
|         | 4  | very protective of that appropriately.                                 |
| 10:10AM | 5  | They've each, including Mr. Gallegos, asserted                         |
|         | 6  | that in their testimony in this case.  They're certainly               |
|         | 7  | allowed to continue to do that at trial.  But the fact that            |
|         | 8  | they may have potential criminal liability on a case                   |
|         | 9  | approaching the six-year anniversary of the deaths of these two        |
| 10:10AM | 10 | folks is not a basis for a forever delay of the trial from our         |
|         | 11 | perspective.                                                           |
|         | 12 | THE COURT:  Two points.                                                |
|         | 13 | One, as you correctly point out, which I                               |
|         | 14 | appreciate, I have been very protective, aware, sympathetic --         |
| 10:11AM | 15 | however you want to characterize it -- to the Fifth Amendment          |
|         | 16 | rights of the defendants in this civil action who may face             |
|         | 17 | criminal prosecution.                                                  |
|         | 18 | There is a tension created by that if we go                            |
|         | 19 | forward with the civil trial as scheduled for a full, in my            |
| 10:11AM | 20 | view, for a full and complete airing of the facts necessary for       |
|         | 21 | the jury to consider your allegations.                                 |
|         | 22 | Some of the defendants who may be facing                               |
|         | 23 | indictment, criminal prosecution, are going to be faced with           |
|         | 24 | this very issue as to testifying on matters which may impact           |
| 10:12AM | 25 | their criminal liability.                                              |