United States District Court
Southern District of Texas
**ENTERED**
June 30, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLIFFORD F. TUTTLE, JR., *et al.*, | § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:21-CV-00270 |
| CITY OF HOUSTON, *et al.*, | § § | |
| Defendants. | § § | |

## ORDER

Before the Court are (1) Plaintiffs' Motion to Unseal (Doc. #361), Defendants Nadeem Ashraf, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, Thomas Wood, and Robert Gonzales' ("Gonzales") (collectively, the "Defendant Officers") Response (Doc. #404), Defendant City of Houston's (the "City") Response (Doc. #427), Plaintiffs' Reply (Doc. #431), Gonzales' April 25, 2025 Letter to the Court (Doc. #444), the City's April 25, 2025 Letter to the Court (Doc. #445), and Plaintiffs' Supplement to the Motion to Unseal (Doc. #446); (2) Plaintiffs' Motion to Seal Joint Pre-Trial Order (Doc. #372); and (3) the Defendant Officers' Motion for Leave to File Answers Under Seal (Doc. #407) and Plaintiffs' Response (Doc. #433). The Court held a hearing on the Motion to Unseal on April 14, 2025, wherein the parties presented oral arguments. Having considered the parties' arguments, the submissions, and the applicable legal authority, the Court grants the Motion to Unseal in part, grants Plaintiffs Motion to Seal Joint Pre-Trial Order, and denies the Defendant Officers Motion for Leave to File Answers Under Seal.

## I. Background

This case arises from the botched execution of a no-knock search warrant by the Houston Police Department's ("HPD") Narcotics Division, Squad 15, at 7815 Harding Street on January 28, 2019, during which Dennis Tuttle ("Tuttle") and Rhogena Nicholas ("Nicholas") were killed. The families and estates of Tuttle and Nicholas (collectively, "Plaintiffs") brought this case pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging constitutional violations against the City of Houston and the HPD officers and supervisors who were involved in the raid. Doc. Nos. 48, 49.

On June 3, 2021, the Court entered a Confidentiality Order. Doc. #106. Pursuant to that Confidentiality Order, the parties filed much of the subsequent summary-judgment briefing and evidence under seal. On October 14, 2024, Plaintiffs filed their Motion to Unseal, seeking the wholesale unsealing of all summary-judgment briefing and the accompanying exhibits. Doc. #361. On October 21, 2024, Plaintiffs filed their Motion to Seal Joint Pre-Trial Order, which sought leave to seal a pre-trial order being filed in anticipation of a November 2024 trial setting. Doc. #372. On October 29, 2024, the Court held a status conference wherein it continued the November 2024 trial setting. The Court also ordered any Defendants in this case who had not yet filed answers to do so by November 5, 2024. The Defendant Officers then filed their Motion for Leave to File Answers Under Seal, which Plaintiffs oppose. Doc. #407. On November 5, 2024, the Defendant Officers all filed answers to Plaintiffs' respective Amended Complaints under seal. *See* Doc. Nos. 408–425.

On March 31, 2025, the Court entered an Order under seal resolving the parties' various motions for summary judgment. Doc. #438. In light of the Court's March 31 Order, the following claims remain pending: (1) Plaintiffs' Section 1983 excessive force claims against Defendant

2

Felipe Gallegos ("Gallegos"), as well as their derivative wrongful death and survival claims; (2) Plaintiffs' Section 1983 failure to intervene claims against Defendant Steven Bryant ("Bryant") premised on lack of probable cause for the search warrant, as well as their derivative survival claim; and (3) Plaintiffs' Section 1983 excessive force and lack of probable cause claims against Defendant Gerald Goines ("Goines"), as well as their state law wrongful death and survival claims. Doc. #438-1 at 15–16.

The Court held a hearing on April 15, 2025, to invite oral argument on Plaintiffs' Motion to Unseal and the parties' positions on the unsealing of the March 31 Order. At the April 15 hearing, the Court informed the parties it was inclined to unseal portions of the summary-judgment record, but would give the Defendants an opportunity to identify specific exhibits, portions of briefing, and portions of the March 31 Order that they think should remain under seal. On April 25, 2025, the City and Gonzales filed their respective Letters designating what portions of the record they wish for the Court to maintain under seal. Doc. Nos. 444, 445. Also on April 25, 2025, Plaintiffs filed a Supplement to the Motion to Unseal, arguing that Gallegos has waived any arguments in favor of sealing the summary-judgment record. Doc. #446.

In this Order, the Court will first address the Motion to Unseal. Then, the Court will resolve Plaintiffs' Motion to Seal Joint Pre-Trial Order and the Defendant Officers' Motion for Leave to File Answers Under Seal.

## II. Legal Standard

"The public's right of access to judicial proceedings is fundamental." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021). As such, the Fifth Circuit has counseled that "courts should be ungenerous with their discretion to seal judicial records." *Id.* "A court may seal a judicial record only on a case-by-case, document-by-document, line-by-line basis and must

3

balance the public's common law right of access against the interests favoring nondisclosure. The weight of the public's right to access information is even greater when the case involves matters of public interest." *8fig, Inc. v. Stepup Funny, L.L.C.*, No. 23-50890, 2025 WL 1144570, at *4 (5th Cir. Apr. 18, 2025) (internal quotations and citation omitted). "The party seeking to seal court documents bears the burden to establish that the presumption of public records should be overcome." *Salcido as Next Friend of K.L. v. Harris Cnty., Tex.*, No. CV H-15-2155, 2018 WL 4690276, at *55 (S.D. Tex. Sept. 28, 2018).

### III. Analysis

In this case, the Court permitted much of the summary-judgment record to be filed under seal to protect certain sensitive information as well as to protect the rights of numerous Defendants who have been the subject of criminal investigations and indictments. However, this case has now been pending for several years, and it undoubtedly involves important matters of public interest. As such, for the reasons discussed below, the Court finds it is appropriate to unseal large portions of the record.

#### a. Agreed Unsealing of Portions of the Summary-Judgment Record

In accordance with the Court's directive at the April 14 hearing, Gonzales and the City have identified certain portions of the summary-judgment record they believe should remain under seal. But first, the Court will address those portions of the record that Gonzales and the City have indicated they are unopposed to unsealing. In accordance with the parties' agreement, the Court finds that the following portions of the record should be unsealed[1]:

- **Doc. #304:** Exhibits to Motion to Exclude Expert Opinions and Testimony of Andrew Scott and Michael Maloney (the "Motion to Exclude")
- **Doc. #305:** The City's Motion for Partial Summary Judgment on Plaintiffs' Claims

---

[1] The Court notes that the parties all used different methods of labeling their exhibits. For clarity, the Court has identified exhibits in this Order consistent with the parties' own labeling.

4

   Based on Service of the Warrant
- **Doc. #305 Exs. 5, 6, 14, 15, 33, 34, 38, 43, 44:** Exhibits to the City's Motion for Partial Summary Judgment on Plaintiffs' Claims Based on Service of the Warrant
- **Doc. #308:** The City's Motion for Partial Summary Judgment on Plaintiffs' Claims Based on Alleged Excessive Force
- **Doc. #308 Exs. 2, 3, 5, 6, 7, 18, 32, 33, 40, 47:** Exhibits to the City's Motion for Partial Summary Judgment on Plaintiffs' Claims Based on Alleged Excessive Force
- **Doc. #312:** Gonzales' Motion for Summary Judgment
- **Doc. #312 Exs. A–I, Appendix:** Exhibits to Gonzales' Motion for Summary Judgment
- **Doc. #318:** Gallegos' Motion for Summary Judgment
- **Doc. #328 Ex. AC:** Exhibit to Plaintiff's Response to Gallegos' Motion for Summary Judgment
- **Doc. #330:** Plaintiffs' Response to the City's Motion for Partial Summary Judgment on Plaintiffs' Claims Based on Alleged Excessive Force
- **Doc. #331:** Plaintiffs' Response to the City's Motion for Partial Summary Judgment on Plaintiffs' Claims Based on Service of the Warrant
- **Doc. #333:** Plaintiffs' Response to Bryant's Motions for Summary Judgment
- **Doc. #334:** Plaintiff's Response to Gallegos' Motion for Summary Judgment
- **Doc. #335:** Plaintiff's Response to the Motion to Exclude
- **Doc. #336 Exs. D14, D15, D18, D26, P16, P19, P26, P31, P42, P51, P54, P56, P57, P99, P105, P119, P125, P127, P128, P145, P156, P165, P167, P171, P188, PA–PZ, PAA–PAR, PAU, PAV[2]:** Exhibits to Plaintiffs' summary-judgment briefing
- **Doc. #341 Ex. AC:** Exhibit to Plaintiff's Response to Gallegos' Motion for Summary Judgment[3]
- **Doc. #347:** Gonzales' Reply in support of his Motion for Summary Judgment
- **Doc. #348:** The City's Reply in support of its Motion for Partial Summary Judgment on Plaintiffs' Claims Based on Service of the Warrant
- **Doc. #350:** The City's Reply in support of its Motion for Partial Summary Judgment on Plaintiffs' Claims Based on Alleged Excessive Force
- **Doc. #350 Exs. 53, 54, 55:** Exhibits to the City's Reply in support of its Motion for Partial Summary Judgment on Plaintiffs' Claims Based on Alleged Excessive Force
- **Doc. #353:** Gallegos' Reply in support of his Motion for Summary Judgment
- **Doc. #359:** Plaintiffs' Sur-Reply to Gallegos' Motion for Summary Judgment

Though the parties agree that the foregoing briefs and exhibits that should be unsealed, the

---

[2] In Docket No. 336, Plaintiffs filed their exhibits using various methods of labeling. For exhibits labeled as "Plaintiffs'" or "Defendants,'" the Court has used "P" or "D" and the exhibit number to designate such exhibits. For example, an exhibit labeled by Plaintiffs as "Defendants' 14" is referred to in this Order as "D14."

[3] It appears that this filing is a repeat of Docket No. 328. Regardless, the Court orders it unsealed.

City has requested permission to first redact the following information: (1) identifying information (i.e., names) of confidential informants *except* for the informant who testified in Goines' criminal trial; (2) identifying information unrelated to the merits of the case (i.e., private addresses, social security numbers, driver's license numbers, employee numbers, TCOLE numbers, and similar information); and (3) explicit references to any information within the briefing that the City has requested remain under seal or redacted. Doc. #445 at 2. The City has stated it will collaborate with the other parties to redact the foregoing and publicly refile the relevant briefing and exhibits. *Id.* at 2–3.

The Court will permit the City to confer with the other parties to this case and prepare redacted versions of the parts of the record listed above. These redactions should be limited only to: (1) identifying information (i.e., names) of confidential informants *except* for the informant who testified in Goines' criminal trial; (2) identifying information unrelated to the merits of the case (i.e., private addresses, social security numbers, driver's license numbers, employee numbers, TCOLE numbers, and similar information); and (3) explicit references to (1) and (2) in the summary-judgment briefing. As discussed in further detail below, the City's request to redact any other information except what is outlined in this Order is denied. The redacted versions of the materials listed above must be publicly re-filed within 30 days of the entry of this Order.

### b. Disputed Unsealing of Portions of the Summary-Judgment Record

Gonzales and the City have also asked that the Court keep certain portions of the summary-judgment briefing and exhibits under seal, all of which fall under the following categories of information: (1) Internal Affairs Division ("IAD") files related to Harding Street; (2) IAD files unrelated to Harding Street; (3) depositions taken in this case; (4) the HPD Narcotics Division Training Manual and an HPD Narcotics Division Organization Chart; and (5) portions of the

summary-judgment briefing and the Court's March 31 Order that directly quote IAD statements made by current and former Defendants in this case.

### 1. IAD Files

Much of what Gonzales and the City seek to maintain under seal are documents and briefing related to the IAD investigations. Doc. #444; Doc. #445. However, "[t]he contents of IAD files are regularly made public through court proceedings." *Carnaby v. City of Houston*, No. CIV.A.4:08-CV-1366, 2008 WL 4546606, at *3 (S.D. Tex. Oct. 10, 2008) (unsealing IAD files because they were "highly relevant to the case at hand") (collecting cases); *see also Salcido*, 2018 WL 4690276, at *54 (granting the plaintiffs' motion to unseal the record, including Harris County Sheriff's Office IAD files, because Harris County had "not made any particularized showing that any specific prejudice or harm will result if the exhibits to its motion for summary judgment are unsealed, and has not presented any substantive reasons or argument to overcome the presumption against sealing public records").

Here, the IAD files related to Harding Street are "highly relevant to the case at hand." *See Carnaby*, 2008 WL 4546606, at *3. And this case is of particular public interest, which only increases the rationale for public access to judicial records. *See June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 520 (5th Cir. 2022). The Court understands, however, that several of the Defendant Officers that were involved in the Harding Street raid have been the subject of criminal investigations and indictments. For instance, in connection with his lying to obtain the Harding Street search warrant, Goines has been convicted of felony murder in state court. Goines is also involved in ongoing federal criminal proceedings. Moreover, in connection with his post-raid misconduct, Bryant has pleaded guilty to destruction, alteration, or falsification of records in federal investigations and bankruptcy, in violation of 18 U.S.C. § 1519. He now awaits sentencing.

7

Otherwise, the criminal proceedings against other officers involved in the Harding Street raid have been dismissed. However, at the April 19 hearing, the parties suggested that it was at least *possible* that Gonzales and Gallegos could be reindicted.

Though Goines, Bryant, Gallegos, and Gonzales have been identified as officers with potential continued Fifth Amendment concerns, only Gonzales responded to the Court's directive to identify portions of the record that Defendants wish to maintain under seal. Moreover, as Plaintiffs identified in their Supplement, Gallegos has previously stated on the record that he did not "join in the motion to seal" in this case, and all he wants is for his "story to be out." Doc. #446, Ex. 1 at 1. The Court also notes that Goines, Bryant, and Gallegos failed to file any response to the Motion to Unseal, which the Court takes "as a representation of no opposition." *See* S.D. Tex. Local R. 7.4.

Weighing certain officers' interests in maintaining their Fifth Amendment protections with the public's interest in unsealing judicial records, the Court finds it appropriate to maintain some of the IAD files under seal. Specifically, the Court will maintain compelled statements by Gonzales to the IAD under seal. In addition, the Court will maintain the sealing of IAD files *unrelated* to Harding Street, as they are not as "highly relevant to the case at hand." *Carnaby*, 2008 WL 4546606, at *3. In all other respects, the Court finds that neither the City nor Gonzales have offered "compelling reasons supported by specific facts that outweigh the general history of access and the public policies favoring disclosure, e.g., that public resolution of court cases affords accountability, fosters public confidence, and alerts the public to the consequences of the conduct addressed in court opinions." *See Salcido*, 2018 WL 4690276, at *56.

As such, the Court finds that the following should be unsealed, as they relate to IAD investigations and compelled statements therein related to Harding Street:

8

- **Doc. #305 Ex. 29**
- **Doc. #308 Ex. 14**
- **Doc. #336 Exs. P7, P29, P32 (with redaction of Gonzales' Statement in the Investigation Summary on pages 8–16), P92, P107, P131, P158, AT**

In addition to making the appropriate redactions to Docket No. 336 Ex. P32, the Court will also allow the parties to make redactions to the foregoing exhibits consistent with the method described in Part III.a of this Order. *Supra* p. 6.

### 2. Depositions

Next, Gonzales has requested that the depositions of various officers who were involved in the Harding Street raid, as well certain IAD officers' depositions, remain under seal. Doc. #444. Many of these depositions are of officers who, as discussed above, have been the subject of criminal investigations and indictments that arose from the same events that form the basis of this case. However, in all of the depositions Gonzales seeks to maintain under seal, the parties had the opportunity to invoke their Fifth Amendment privileges—a right that was exercised liberally. Moreover, there is a clear, substantial public interest in unsealing these depositions. On balance, the Court finds that Gonzales has not met his burden to demonstrate that the "presumption of public records should be overcome." *See Salcido*, 2018 WL 4690276, at *55. Thus, the Court finds that the following should be unsealed: **Doc. #336 Exs. E, H, M, N, O, P, Q, R, Z, AG, AD, G.** Again, however, the Court will first allow the parties to make redactions to the foregoing exhibits consistent with the method described in Part III.a of this Order. *Supra* p. 6.

### 3. HPD Narcotics Division Materials

The City has also requested that the HPD Narcotics Division Training Manual and Organization Chart remain under seal. Doc. #445 at 2. These materials contain the identity of potential undercover officers related to Harding Street, as well as the confidential training strategies of HPD. The Court finds that maintaining the confidentiality of undercover officers and

confidential training materials are among the "good reasons to file documents (or portions of them) under seal." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (noting that "protecting trade secrets or the identities of confidential informants" are sufficient reasons to file documents under seal). As such, the Court denies the Motion to Unseal as it relates to the aforementioned HPD Narcotics Division materials.

### 4. Summary-Judgment Briefing and the Court's March 31 Order

Finally, Gonzales and the City have requested that certain documents be unsealed subject to specific redactions. First, Gonzales has asked that Plaintiffs' Response (Doc. #332) to his Motion for Summary Judgment be unsealed with redactions to the portions of pages 6 through 9 that directly quote IAD reports. The Court will grant this request in part. Specifically, if any part of Plaintiffs' Response directly quotes portions of the IAD reports that the Court has ordered to be maintained under seal or redacted, those portions are to also be redacted in the publicly filed version of Plaintiffs' Response. *Supra* pp. 6–9. Otherwise, Gonzales' request is denied.

Second, "[a]s to IAD investigations of incidents unrelated to Harding Street," the City has asked to redact from unsealed filings the "names of the officers involved in the incidents unrelated to Harding Street to protect the underlying confidentiality." Doc. #445 at 2. Consistent with the Court's above rulings, the Court will permit redaction of this information from the unsealed portions of the record.

Third, "[a]s to the IAD investigations of Harding Street and the IAD related statements," the City asks to redact from unsealed filings any "direct quotes or explicit references that reveal the contents of the confidential investigation." *Id.* Given that the Court has found IAD files related to Harding Street should be unsealed, the Court will not permit redaction of references to those reports or statements, except as it relates to Gonzales' Statement in the Investigation Summary

(Doc. #336 Ex. P32), which the Court has already ordered to be redacted. *Supra* pp. 6–9.

Fourth, the City and Gonzales have requested that the Court's March 31 Order be redacted consistent with their requests to maintain certain filings under seal. Given that virtually the entire summary judgment record before the Court was filed under seal, the Court also filed its March 31 Order resolving the various summary-judgment motions under seal. This decision was made to first give the parties an opportunity to weigh in on the propriety of the sealed record before the Court. Having now given the parties that opportunity, the Court finds no compelling reason to maintain any portion of its March 31 Order under seal. The public has a fundamental right to access and understand these proceedings. As such, the Court will order its March 31 Order to be unsealed in its entirety.

### c. Other Pending Motions

Next, the Court turns to Plaintiffs' Motion to Seal Joint Pre-Trial Order (Doc. #372) and the Defendant Officers' Motion for Leave to File Answers Under Seal (Doc. #407). With respect to Plaintiffs' Motion to Seal Joint Pre-Trial Order, the Court notes that this was filed in anticipation of a November 2024 trial setting that was ultimately continued. Now, the trial setting is stayed pending resolution of an appeal filed by Gallegos. Doc. #452. The Court also notes that, contemporaneously with the filing of the Motion to Seal Joint Pre-Trial Order, Plaintiffs filed a sealed Joint Pre-Trial Order on October 21, 2024. Doc. #371. Given the current posture of this case, the Court will grant the Motion to Seal Joint Pre-Trial Order to the extent it sought leave to file the October 21, 2024 Pre-Trial Order under seal. The Court anticipates an amended pre-trial order will be filed once a new trial date is scheduled. Should the parties have any dispute regarding the sealing of that pre-trial order, that dispute can be brought to the Court in due course.

Next, the Defendant Officers have filed a Motion for Leave to File Answers Under Seal.

Doc. #407. The Defendant Officers argue that their answers to Plaintiffs' respective Amended Complaints should be filed under seal because they "contain sensitive information pursuant to Federal Rule of Civil Procedure 5.2(d), Court Procedure 5(d), and the Confidentiality Order governing this case (Doc. #106), information protected under *Garrity v. New Jersey*, and invocations of the Fifth Amendment that are not relevant to any claims against the Defendant-Officers in this case, the disclosure of which will deprive the Defendant-Officers of a fair trial in these proceedings as well as pending and potential criminal proceedings." Doc. #407 at 3.

As an initial matter, the Court notes that the Defendant Officers only offer vague arguments regarding why their answers—which generally contain admissions or denials of Plaintiffs' allegations, assertions of defenses, and assertions of the Fifth Amendment—should be filed under seal. Indeed, none of the Defendant Officers are involved in ongoing criminal proceedings, and all of them have now been dismissed from this lawsuit, thereby mooting many of the arguments presented in the Motion for Leave to File Answers Under Seal. Moreover, all other Defendants in this action—Goines, Bryant, Gallegos, and the City—publicly filed their answers in this lawsuit. Doc. Nos. 88, 89, 100, 101, 102, 103, 263, 273. The Court finds that the Defendant Officers have not offered any compelling reason to maintain their answers under seal when balancing the public's right to access judicial records, especially in a case of such public interest. Thus, the Motion for Leave to File Answers Under Seal is denied.

## IV. Conclusion

In conclusion, Plaintiffs' Motion to Unseal (Doc. #361) is GRANTED IN PART, as stated herein. Within 30 days of the entry of this Order, the parties are ORDERED to confer, prepare, and publicly re-file the following with redactions consistent with this Order:

- **Doc. #304**
- **Doc. #305**

12

- Doc. #305 Exs. 5, 6, 14, 15, 29, 33, 34, 38, 43, 44
- Doc. #308
- Doc. #308 Exs. 2, 3, 5, 6, 7, 14, 18, 32, 33, 40, 47
- Doc. #312
- Doc. #312 Exs. A–I, Appendix
- Doc. #318
- Doc. #328 Ex. AC
- Doc. #330
- Doc. #331
- Doc. #333
- Doc. #334
- Doc. #335
- Doc. #336 Exs. D14, D15, D18, D26, P16, P19, P26, P31, P42, P51, P54, P56, P57, P99, P105, P119, P125, P127, P128, P145, P156, P165, P167, P171, P188, PA–PZ, PAA–PAR, PAU, PAV, P7, P29, P32, P92, P107, P131, P158, AT, E, H, M, N, O, P, Q, R, Z, AG, AD, G
- Doc. #341 Ex. AC
- Doc. #347
- Doc. #348
- Doc. #350
- Doc. #350 Exs. 53, 54, 55
- Doc. #353
- Doc. #359

It further ORDERED that the Court's March 31, 2025 Order (Doc. #438) be unsealed in its entirety. In addition, Plaintiffs' Motion to Seal Joint Pre-Trial Order (Doc. #372) is GRANTED. The Defendant Officers' Motion for Leave to File Answers Under Seal (Doc. #407) is DENIED. As such, it is ORDERED that the Defendant Officers' answers (Doc. Nos. 408–425) be unsealed.

It is so ORDERED.

JUN 3 0 2025
Date

The Honorable Alfred H. Bennett
United States District Judge